UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
RECEIPT # S5282
AMOUNT $ 150
SUMMONS ISSUED Y -2
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. m ell
DATE 4-15-04
```

G. KENT PLUNKETT, )
        Plaintiff, )
         )
vs. ) CIVIL ACTION NO. _____
         )
VALHALLA INVESTMENT SERVICES, )
INC. AND ERIC T. HOUSE )
        Defendant. )
         )

04-10765 NG

COMPLAINT

MAGISTRATE JUDGE Alexander

Introduction

    1.    This is an action for damages based on Defendants' breaches of fiduciary duty and violations of Section 10b of the Exchange Act and Massachusetts General Laws Chapter 110A, arising out of defendants' actions as an investment advisor and in managing plaintiff's monies and investments.

Parties

    2.    G. Kent Plunkett is a citizen of the Commonwealth of Massachusetts residing on Commonwealth Avenue, Boston, Massachusetts.

    3.    Valhalla Investment Services, Inc. ("Valhalla") is an Ohio corporation with a principal place of business at 6406 Ridge Road, Cincinnati, Ohio.

    4.    Eric T. House ("House") is a citizen of the State of Ohio residing at 6406 Ridge Road, Cincinnati, Ohio. On information and belief, House is the sole officer, director and shareholder of Valhalla. House is also a registered securities representative.

Jurisdiction

5.      This Court has jurisdiction over the federal securities claim pursuant to 15 U.S.C. § 78aa and 28 U.S.C. §§ 1331 and 1337, and over the other claims based on pendent jurisdiction and also pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship and the amount in controversy exceeds the value of $75,000, exclusive of interest and costs.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(b) and (c). A substantial part of the acts and statements complained of occurred in this District.

Factual Allegations

7.      Defendants are engaged in business as investment advisors and registered securities representatives. In particular, House, through Valhalla, operates a hedge fund and actively makes investments and trades in securities on behalf of his clients.

8.      Defendants represented to Plaintiff that they had obtained favorable results in their investments and trading in securities on behalf of their clients.

9.      In turn, Plaintiff agreed to invest a significant amount of his funds to be managed by Defendants.

10.     House agreed that he would manage Plaintiff's funds using the same investment approach and strategy he would employ in his hedge fund and would mirror those investments and that investment strategy.

11.     Defendants failed to do so. Rather, Defendants lost over ninety percent (90%) of Plaintiff's investment. On information and belief, the investors in his hedge fund and his other investors did not fare so poorly, despite House's representation that he would employ the same investment strategy and mirror those investments and trades with Plaintiff's portfolio.

12. House engaged in an illegal practice of cherry-picking by allocating gains and losses inconsistently among his investments. In particular, on information and belief, Defendants saddled Plunkett with trading losses to shore up his investment returns and results in their hedge fund.

13. Defendants' conduct constitutes a gross breach of the fiduciary duty they owed at all times to Plaintiff.

14. Defendants' conduct also constitutes a fraud upon Plaintiff through the active manipulation of the results of Defendants' investment and trading results in a manner which was, on information and belief, purposefully structured and intended to harm plaintiff by allocating a disproportionate share of the investment and trading losses to plaintiff.

15. Defendants' intentional and/or reckless misconduct has severely harmed Plaintiff through the loss of over ninety percent (90%) of Plaintiff's investment.

## COUNT ONE
### (Breach of Fiduciary Duty)

16. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs one through fifteen.

17. Defendants owed plaintiff a fiduciary duty.

18. Defendants breached their fiduciary duty by their conduct as set forth above.

19. Plaintiff has been damaged by Defendants' breaches of their fiduciary duty.

## COUNT TWO
### (Section 10(B) of the Exchange Act)

20. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs one through nineteen.

21. Defendants have pursued a course of conduct in which they knowingly and/or recklessly engaged in acts that operated as a fraud upon plaintiff.

22. In particular, Defendants made representations to Plaintiff concerning their investment strategy and approach and then purposefully acted in a manner which was contrary to those representations and allocated losses disproportionately to Plaintiff.

23. Defendants' statements and conduct were knowingly and/or recklessly false and misleading and directly harmed Plaintiff.

24. By reason of the foregoing, Defendants have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

## COUNT THREE
### (Chapter 110A of the Massachusetts Securities Laws)

25. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs one through twenty-four.

26. Defendants have pursued a course of conduct in which they knowingly and/or recklessly engaged in acts that operated as a fraud upon plaintiff.

27. In particular, Defendants made representations to Plaintiff concerning their investment strategy and approach and then purposefully acted in a manner which was contrary to those representations and allocated losses disproportionately to Plaintiff.

28. Defendants' statements and conduct were knowingly and/or recklessly false and misleading and directly harmed Plaintiff.

29. By reason of the foregoing, Defendants have violated Massachusetts General Laws Chapter 110A.

WHEREFORE, Plaintiff prays that this Court:

1. Award Plaintiff damages for Defendants' conduct;

2. Award Plaintiff his costs, expenses and attorneys' fees in this action;

3. Award such other and further relief which this Court deems just and proper.

> G. KENT PLUNKETT
> By his Attorney,
>
> _____
> H. Joseph Hameline, BBO #218710
> MINTZ, LEVIN, COHN, FERRIS,
>     GLOVSKY AND POPEO, P.C.
> One Financial Center
> Boston, MA  02111
> Tel. (617) 542-6000

Dated: April 15, 2004

LIT 1453532v2