UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| G. KENT PLUNKETT,       )<br>                              )<br>       Plaintiff,            )<br>                              )<br>vs.                           )<br>                              )<br>VALHALLA INVESTMENT SERVICES,)<br>INC. AND ERIC T. HOUSE       )<br>                              )<br>       Defendant.           ) | CIVIL ACTION NO.: 04 CV 10765 NG |

### ANSWER OF DEFENDANTS AND JURY DEMAND

Now come Defendants, Valhalla Investment Services Inc. and Eric T. House, by and through counsel, and for their answer to Plaintiff's Complaint, state as follows:

### INTRODUCTION:

1. Defendants deny for want of knowledge the allegations contained in Paragraph 1 of Plaintiff's Complaint.

### PARTIES:

2. Defendants deny for want of knowledge the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit that Defendant Eric T. House is a citizen of the State of Ohio, and is the sole officer, director and shareholder of Valhalla, and is a registered securities representative. Defendants deny that Defendant Eric T. House resides at 6046 Ridge Road, Cincinnati, Ohio.

### JURISDICTION:

5. Defendants deny for want of knowledge the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been served via Ordinary United States Mail Service this 1st day of July 2004 upon:

H. Joseph Hameline, Esq.
Mintz Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
**Attorney for Plaintiff**

_____
Brian Voke, Esquire

6. Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS:

7. Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendants deny for want of knowledge the allegations contained in Paragraph 8 of Plaintiff's Complaint..

9. Defendants deny for want of knowledge the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendants admit that Defendant Eric T. House agreed that he would manage Plaintiff's funds but deny for want of knowledge the remainder of allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendants deny for want of knowledge the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendants deny for want of knowledge the allegations contained in Paragraph 15 of Plaintiff's Complaint.

## COUNT ONE
### (Breach of Fiduciary Duty)

16. Defendants hereby incorporate by reference their responses to Paragraphs 1 through 15 as if fully rewritten herein.

17. Defendants admit the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendants deny for want of knowledge the allegations contained in Paragraph 19 of Plaintiff's Complaint.

6. Plaintiff's Complaint fails for insufficiency of service of process.

7. Plaintiff failed to mitigate his damages.

8. Plaintiff's claims are governed by the binding arbitration clause contained within the Customer Agreement.

9. Defendants specifically reserve the right to add additional affirmative defenses after reasonable opportunity for discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants Valhalla Investment Services Inc. and Eric T. House, pray that the Complaint be dismissed, with prejudice, at Plaintiff's cost and that the answering Defendants be permitted to go henceforth without further costs and/or delay.

**JURY DEMAND.** The defendants demand a jury trial on all issues therein.

Respectfully Submitted,

Brian Voke, Esquire
Campbell, Campbell, Edwards & Conroy, P.C.
One Constitution Plaza, 3rd Floor
Boston, MA 02119
617/241-3042
617/241-5115 – Facsimile
E-Mail: bvoke@campbell-trial-lawyers.com


Vincent P. Antaki, Esquire
Reminger & Reminger Co., L.P.A.
7 West 7th Street, Suite 1990
Cincinnati, Ohio 45202
513/721-1311
513/721-2553 – Facsimile
E-Mail: vantaki@reminger.com

**Attorneys for Defendants,
Valhalla Investment Services Inc. and
Eric T. House**

## COUNT TWO
### (Section 10(B) of the Exchange Act)

20. Defendants hereby incorporate by reference their responses to Paragraphs 1 through 19 as if fully rewritten herein.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny for want of knowledge the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendants deny for want of knowledge the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

## COUNT THREE
### (Chapter 110A of the Massachusetts Securities Laws)

25. Defendants hereby incorporate by reference their responses to Paragraphs 1 through 24 as if fully rewritten herein.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny for want of knowledge the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny for want of knowledge the allegations contained in Paragraph 29 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Defendants deny each and every statement, allegation and averment contained in Plaintiffs' Complaint which is not specifically herein admitted to be true.

2. Plaintiffs have failed to state a claim upon which relief can be granted.

3. This Court lacks personal jurisdiction over this Defendant.

4. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

5. Plaintiff's Complaint fails for insufficiency of process.