UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| G. KENT PLUNKETT, )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>VALHALLA INVESTMENT SERVICES, )<br>INC. AND ERIC T. HOUSE )<br>    Defendant. )<br> ) | CIVIL ACTION NO. 04-10765-NG |

**STIPULATION AND PROTECTIVE ORDER REGARDING
THE DISCLOSURE OF CONFIDENTIAL INFORMATION**

WHEREAS, information, documents and things have been and may be sought, produced or exhibited by and among the parties to the above-captioned proceeding, which materials are claimed to relate to or contain trade secrets, proprietary information, confidential research, development, marketing, financial, or commercial information, and the parties have agreed that such information, documents, and things shall be handled in accordance with the terms of this Order;

IT IS HEREBY ORDERED THAT:

1. "Confidential Information," for purposes of this Order, is any document, information, or testimony so designated by the producing party or non-party. Confidential information shall not include any information that (a) is or becomes available to the public, other than through the wrongful direct or indirect actions of a party or (b) is or becomes available to a party on a non-confidential basis from a source

that the party believes, after reasonable inquiry, is not prohibited from disclosing such information under a contractual, legal, or fiduciary obligation.

2. Any party or non-party producing documents, information, or testimony in this action may designate such documents, information, or testimony as "Confidential Information." The parties, non-parties, and their respective attorneys shall make a good faith effort to designate as Confidential Information only documents, information, and testimony that contain trade secrets, proprietary information, confidential research, development, marketing, financial, or commercial information, or other information for which a protective order would be legally justified.

3. A document or other written material may be designated as Confidential Information by stamping the cover and each page of such document "CONFIDENTIAL."

4. Any information, other than that described in paragraph 3 above, produced at any time during this litigation, either voluntarily or under order, which is asserted by the producing party or non-party to contain or constitute Confidential Information, shall be so designated by the producing party or non-party as follows:

    a. If such Confidential Information is contained in deposition, hearing, or other testimony, the transcript and the information contained therein may be designated as containing or constituting Confidential Information in accordance with this Order by so notifying the other party or non-party on the record during the time of the testimony, or by notifying the other party or non-party in writing within 10 business days after the conclusion of the deponent's testimony or receipt of

such transcript, whichever is later. Such time period may be extended upon mutual consent of the parties.

5. The restrictions upon and obligations accruing to persons who become subject to this Order shall not apply to any information produced in accordance with paragraphs 3 or 4 as to which the Court rules, after notice and a hearing, that such information is not Confidential Information.

6. In the absence of written permission from the producing party or non-party or further order of the Court, any Confidential Information produced in accordance with the provisions of paragraphs 3 and 4 above shall not be disclosed by the non-producing party to any person other than: (i) in-house and outside counsel for parties to this litigation, including necessary paralegal, secretarial, or clerical (including copy center) personnel assisting such counsel; (ii) subject to the provisions of paragraph 7 below, experts and consultants, and their staffs, who are specially employed for the purposes of this litigation by the non-producing party and who are not employees of said party or its affiliates; (iii) subject to the provisions of paragraph 7 below, employees of the non-producing party whose cooperation or assistance is reasonably necessary to enable the attorneys for the non-producing party to prepare for the hearing in this case; (iv) deposition and hearing witnesses in this case; (v) qualified persons recording testimony involving such documents or information (e.g., court reporters) and necessary stenographic and clerical assistants thereof; (vi) the Court, including law clerks and necessary secretarial and clerical personnel assisting the Court; and (vii) any other person upon the written agreement of the party or non-party who produced or disclosed the Confidential Information, or under further order of the Court.

7. Confidential Information shall not be disclosed by a non-producing party to any person designated in paragraph 6 (ii) and 6 (iii) unless s/he shall have first read this Order and shall have agreed, by executing an Undertaking in the form of Appendix 1 to this Order: (i) to be bound by the terms of this Order and the terms of the Undertaking; (ii) not to reveal such Confidential Information to anyone other than another person authorized by paragraph 6; and (iii) to use such Confidential Information solely for purposes of this litigation.

8. All Confidential Information shall be used by a non-producing party solely for purposes of this litigation. Use for purposes of this litigation shall include use in testimony or as exhibits at hearings or depositions, or in connection with motions or witness preparation, subject to the restrictions of this Order.

9. If a party to this Order who receives any Confidential Information produced in accordance with paragraphs 3 and 4 disagree with respect to its designation as Confidential Information, in full or in part, it shall notify the producing party or non-party in writing, and they will thereupon confer as to the status of the subject information. If the recipient and producing party or non-party are unable to concur upon the status of the subject information, the party or non-party who disagrees with the designation may raise the issue with the Court. The information shall remain confidential unless and until the Court rules to the contrary. Acceptance by a party or non-party of any information as Confidential Information shall not constitute a concession that such information is entitled to such status.

10. In the event that Confidential Information is either advertently or inadvertently disclosed to someone not authorized to receive such information under this

Order, or if a person so authorized breaches any of his or her obligations under this Order, counsel of record for the party involved shall immediately give notice of such unauthorized disclosure or breach to counsel of record for the party or non-party who initially produced the Confidential Information, and also shall disclose the circumstances of the unauthorized disclosure or breach.

11. If a party in possession of Confidential Information receives a subpoena from a non-party to this litigation seeking production or other disclosure of Confidential Information, it shall immediately give written notice by certified mail, return receipt requested, to counsel for the party or non-party who produced the Confidential Information, identifying the material sought and enclosing a copy of the subpoena. As to the Plaintiff and the Defendants, the notice shall be sent to the addresses set forth below:

> Plaintiff: H. Joseph Hameline, Esq.
> Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
> One Financial Center
> Boston, MA 02111
>
> Defendants: Brian Voke, BBO #544327
> Campbell, Campbell, Edwards & Conroy, P.C..
> One Constitution Plaza, 3rd Floor
> Boston, MA 02119
>
> Vincent P. Antaki, Esquire
> REMINGER & REMINGER CO., L.P.A.
> 7 West 7th Street, Suite 1990
> Cincinnati, OH 45202

Where possible, at least 14 days notice before production or other disclosure shall be given. In no event shall production or disclosure be made before notice is given.

12. Nothing in this Order shall prevent any party or non-party from disclosing its own Confidential Information to any person as it deems appropriate, and any such

1492559-2                                        5

disclosure shall not be deemed a waiver of any party or non-party's rights or obligations under this Order.

13. Nothing in this Order shall constitute: (i) an agreement by the parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by rule or order; (ii) a waiver by any person or party of any right to object to or seek a further protective order with respect to any discovery request in this or in any other action; or (iii) a waiver of any claim of protection or privilege with regard to any testimony, documents, or information. As a result, a party's inadvertent failure to designate particular discovery material as "CONFIDENTIAL" shall not operate to waive a party's right to later designate such material as confidential. In addition, a party's inadvertent production of any discovery material that a party claims in good faith should not have been produced because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine, will not be deemed to have waived the privilege.

14. The parties may by stipulation provide for exceptions to this Order and any party may seek an order of this Court modifying this Order upon good cause shown.

15. This Order shall survive termination of this action with respect to any Confidential Information, and the Court will retain jurisdiction to enforce it. Within 60 days of termination of this litigation, the originals and all copies of Confidential Information shall be returned to the party or non-party which produced such Confidential Information, or to their respective counsel, or such copies may be destroyed, upon which the recipient's counsel shall certify to the producing party's or non-party's counsel that such copies have been destroyed, except that counsel may retain their work product,

copies of filings and official transcripts and exhibits, provided said retained documents will continue to be treated as provided herein.

16. This Protective Order is subject to Local Rule 7.2. The parties agree to take custody of the materials filed subject to this Order, upon completion of the litigation.

Dated: May 23, 2005

G. KENT PLUNKETT

By his attorney,

_____
H. Joseph Hameline, BBO #218710
MINTZ, LEVIN, COHN, FERRIS,
   GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA  02111
Tel. (617) 542-6000
Fax (617) 542-2241

VALHALLA INVESTMENT
SERVICES INC. and ERIC T. HOUSE

By their attorneys,

_____
Brian Voke, BBO #544327
CAMPBELL, CAMPBELL,
   EDWARDS & CONROY, P.C..
One Constitution Plaza, 3rd Floor
Boston, MA  02119
Tel. (617) 241-3042
Fax (617) 241-5115

Of Counsel:

_____
Vincent P. Antaki, Esquire
REMINGER & REMINGER CO., L.P.A.
7 West 7th Street, Suite 1990
Cincinnati, OH  45202
Tel. (513) 721-1311
Fax (513) 721-2553

So Ordered: _S/M Gorton, USDJ_

Dated: 6/16/05

1492559-2                                                  7

## **APPENDIX 1**

I have read the Protective Order entered in the action entitled G. Kent Plunkett v. Valhalla Investment Services, Inc. and Eric T. House, USDC (MA) C.A. NO. 04-10765-NG. I understand the terms thereof and agree: (i) to be bound by those terms as if a signatory thereto; (ii) not to reveal Confidential Information to anyone other than another person authorized to receive Confidential Information by paragraph 6 of the Protective Order; and (iii) to use Confidential Information solely for purposes of this litigation. I further understand that violation of this Undertaking may be punishable as a contempt of the Court and may be punishable in a Court of Law.

_____
(Date)

_____
(Signature)

_____
Name (Print)

_____
_____
Business Address (Including Name of Employer, if any)

_____
_____
Home Address

LIT 1502813v1