UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| G. KENT PLUNKETT, | ) | |
| | ) | CIVIL ACTION NO.: 04 CV 10765 NG |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DEFENDANTS VALHALLA |
| | ) | INVESTMENT SERVICES, INC. |
| VALHALLA INVESTMENT | ) | AND ERIC T. HOUSE'S |
| SERVICES, INC., et al. | ) | MOTION TO DISMISS |
| | ) | |
| Defendants. | ) | (AFFIDAVIT OF ERIC T. HOUSE |
| | ) | ENDORESED HEREON) |

Pursuant to Fed. R. Civ. P. 12(b)(2), (4), and (5), in conjunction with 56(c), Defendants Valhalla Investment Services, Inc. and Eric T. House, by and through counsel, respectfully request this Honorable Court to dismiss the claims against Defendants on the grounds that (1) the Court lacks personal jurisdiction over these Defendants and (2) venue is improper. Plaintiff's Complaint sets forth no basis for jurisdiction over the nonresident Defendants, nor do the Defendants have sufficient contacts with the State of Massachusetts. Furthermore, 28 U.S.C. § 1391 provides that Ohio, and not Massachusetts, is the proper forum for this litigation. As such, the Plaintiff's claims against Valhalla should be dismissed. A Memorandum in Support is attached hereto and incorporated by reference herein. Defendants also submit the Affidavit of Eric T. House for the Court's consideration.

Respectfully Submitted,

*/s/ Brian Voke*

Brian Voke, Esq. (BBO #544327)
CAMPBELL, CAMPBELL, EDWARDS & CONROY, P.C.

One Constitution Plaza, 3rd Floor
Boston, MA 02119
617/241-3042
617/241-5115 – Facsimile

Vincent P. Antaki, Esq. (Pro Hac Vice)
REMINGER & REMINGER CO., L.P.A.
West 7th Street, Suite 1990
Cincinnati, Ohio 45202
513/721-1311
513/721-2553 – Facsimile

**Attorneys for Defendants**

## MEMORANDUM IN SUPPORT

I.   **FACTS**

This case arises from an alleged agreement between Plaintiff G. Kent Plunkett and Defendants Valhalla Investment Services, Inc.[1] (hereinafter "Valhalla") and Eric T. House (hereinafter "House"), in which House agreed to manage Plaintiff's funds. Affidavit of Eric T. House at ¶ 3 (*hereinafter* "House Aff."; attached as "Exhibit A"). Plaintiff alleges a breach of fiduciary duty and violations of Section 10(B) of the Exchange Act and Chapter 110(A) of the Massachusetts Securities Laws. Litigation of these claims is now pending in the United States District Court for the District of Massachusetts.

Valhalla is not engaged in the investment business, nor is Valhalla actively engaged in any business. (House Aff. at ¶ 4.) Valhalla is a privately held corporation organized and existing under the laws of Ohio and has its principle place of business in Ohio. Id. at ¶ 5. Valhalla maintains no offices outside of Ohio; does not transact any business in Massachusetts; does not contract to supply services or things in Massachusetts; and, does not regularly do or solicit business or engage in any other persistent course of conduct or derive substantial revenue from goods used or services rendered in Massachusetts. Id. at ¶¶ 5-6.

House is a registered securities representative and the sole officer, director and shareholder of Valhalla Investment Services, Inc. Id. at ¶ 1. House is a resident of the State of Ohio, and has never traveled to Massachusetts to conduct business with Plaintiff. Id. at ¶¶ 1, 3. All contact between House and Plaintiff has been by telephone or mail. Furthermore, Plaintiff initiated all telephone contact between House and Plaintiff. Id. at ¶ 3.

---

[1] Plaintiff has improperly named Valhalla Investment Services, Inc. Although such a company does exist and is owned by Eric House, Valhalla Investment Services, Inc. has never provided any services to Plaintiff. (Affidavit of Eric House at ¶ 4).

## II.  LAW & ARGUMENT

Dismissal of this action is warranted on the grounds that this Court lacks personal jurisdiction over Valhalla and House, and venue is improper. The Massachusetts long-arm statute does not confer jurisdiction over either Defendant; moreover, neither Valhalla nor House has the requisite minimum contacts to support the exercise of such jurisdiction by the Courts of Massachusetts. Thus, litigating the Plaintiff's claims against Valhalla and/or House in the state of Massachusetts would offend "traditional notions of fair play and substantial justice." Finally, the statute governing venue for this case provides no basis for litigating Plaintiff's claim in a Massachusetts Court. For the foregoing reasons, which are explained more thoroughly below, this Court should dismiss the Plaintiff's claims against Valhalla.

### A.  Personal Jurisdiction

"Personal jurisdiction implicates the power of a court over a defendant." Foster-Miller v. Babcock & Wilcox Canada, 46 F.3d 138, 143 (1st Cir. 1995). The plaintiff must satisfy a two-step analysis to determine whether a forum court may assert personal jurisdiction over a nonresident defendant. Id. First, the Court must determine whether the Massachusetts "long-arm" statute grants jurisdiction over each defendant. Id. If so, the Court must next determine whether granting jurisdiction under the statute would comport with due process of law pursuant to the Fourteenth Amendment of the United States Constitution. Id. at 144.

#### 1.  Massachusetts Long-arm Statute

The relevant portions of the Massachusetts long-arm statute provide:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's:
>
> (a)   transacting any business in this commonwealth;

\*\*\*

    (c)    causing tortious injury by an act or omission in this commonwealth;

    (d)    causing tortious injury in this commonwealth by an act or omission outside of this commonwealth if he regularly does or solicits business, or engages in any substantial revenue from goods used or consumed or services rendered, in this commonwealth;

Mass. Gen. Laws ch. 223A § 3.

In order to establish jurisdiction under § 3(a), a defendant must have transacted business in Massachusetts and the plaintiff's claim must have arisen from the transaction of such business. Tatro v. Manor Care, 416 Mass. 763, 767 (1994). Although "transacting any business" has been construed broadly, "an isolated (and minor) transaction with a Massachusetts resident may be insufficient." Id. Generally, the purposeful and successful solicitation of business from residents of the Commonwealth, by a defendant or its agent, will satisfy this requirement. Id. Pursuant to § 3(c), the allegedly tortious act or omission must have occurred within the Commonwealth. Id. The question under § 3(d) is whether the defendant's activities constitute regular solicitation of business or engaging in any other persistent course of conduct. Northern Light Technology, Inc. v. Northern Lights Club, 97 F. Supp. 2d 96, 105 (D. Mass. 2000).

    2.    **Constitutional Right to Due Process**

In order to establish personal jurisdiction over a non-resident defendant in a way consistent with Constitutional due process, the defendant must either have "continuous and systematic activity, unrelated to the suit, in the forum state," Foster-Miller, *supra*, at 144, or "certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" International Shoe v.

Washington, 326 U.S. 310, 316. The former confers general jurisdiction; the latter, specific. *See* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985).

In evaluating minimum contacts, three distinct components must be considered: relatedness, purposeful availment, and reasonableness. Hasbro, Inc. v. Clue Computing, Inc., 994 F. Supp. 34, 44 (D. Mass. 1997). Regarding relatedness, "the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities." United Elec., Radion, and Mach. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir. 1992). Furthermore, "the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's law and making the defendant's involuntary presence before the state's court foreseeable." Id. In assessing reasonableness, Courts have directed focus on five gestalt factors: (1) the defendant's burden in appearing in the court; (2) the forum state's interest in hearing the suit; (3) the plaintiff's convenience and interest in effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all interested states in promoting substantive social policies. Hasbro, *supra*, at 45.

### B. Valhalla is not subject to jurisdiction in Massachusetts.

Jurisdiction over Valhalla is not appropriate in this case because Valhalla does not fall under the Massachusetts long-arm statute. Furthermore, Valhalla does not have the requisite minimum contacts related to the Plaintiff's claims and it would be unreasonable to assert jurisdiction over Valhalla in this case.

The burden of proving personal jurisdiction rests with the plaintiff. American Express Int'l, Inc. v. Mendez-Capellan, 889 F.2d 1175, 1178 (1st Cir. 1989). When a defendant

6

challenges personal jurisdiction, the plaintiff must "establish sufficient facts to support a *prima facie* case authorizing personal jurisdiction over the defendant under both the forum's long-arm statute and the due process clause of the Constitution." Id. In making out his *prima facie* case, however, the plaintiff cannot rest upon the mere allegations in his complaint. Chlebda v. H.E. Fortna & Brother, Inc., 609 F.2d 1022, 1024 (1st Cir. 1979). Instead, he "must go beyond the pleadings and make affirmative proof." Id.

Plaintiff, however, fails to establish jurisdiction based on the actions of Defendants Valhalla and Eric T. House. Plaintiff has set forth no facts or evidence suggesting Valhalla's actions fall under the Massachusetts long-arm statute, nor has Plaintiff supplied the Court with any evidence from which it may infer Valhalla has the requisite minimum contacts for Massachusetts to assert jurisdiction in this case. The Plaintiff refers generally to subject matter jurisdiction in the Complaint at ¶ 5, but fails to mention any conduct by Valhalla or Mr. House from which the Court could even infer grounds for personal jurisdiction. Not only has Plaintiff failed to plead facts from which the Court may infer a ground for personal jurisdiction, but he has also failed to provide any affirmative proof of such jurisdiction. To date, Plaintiff has set forth no affidavits, exhibits or evidence of any kind supporting the jurisdiction of this Court over Valhalla.

Conversely, Valhalla has submitted evidence into the record establishing that the Massachusetts Court lacks personal jurisdiction. (*See, generally*, House Aff., Exhibit A). In his sworn affidavit, Mr. House identifies Valhalla as a privately held corporation organized and existing under the laws of Ohio with its principle place of business in Ohio. Id. at ¶ 5. Valhalla maintains no offices outside of Ohio; does not transact any business in Massachusetts; does not contract to supply services or things in Massachusetts; and does not regularly do or solicit

7

business or engage in any other persistent course of conduct or derive substantial revenue from goods used or services rendered in Massachusetts. Id. at 5-6. Furthermore, Plaintiff initiated all telephone contact between Mr. House and Plaintiff, and Mr. House never traveled to Massachusetts to conduct business with Plaintiff. Id. at ¶ 3.

Accordingly, Plaintiff has failed to establish *prima facie* grounds for personal jurisdiction in this case. Because Defendants have set forth affirmative evidence indicating that no grounds establishing jurisdiction exist, this Court should dismiss Plaintiff's claim for lack of personal jurisdiction over the Defendants.

    **C.**    **Venue is improper because 28 U.S.C. § 1391 provides that Ohio, and not Massachusetts, is the proper forum state.**

Plaintiff argues in his Complaint that venue is proper pursuant to 28 U.S.C. § 1391(a), (b), and (c), which allegation was denied by Defendants. *See* Plaintiff's Complaint at ¶ 6; *see also* Answer of Defendants' Answer at ¶ 6.

The proper venue for an action founded solely on diversity of citizenship is governed by 28 U.S.C. § 1391(a), which provides:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The proper venue for an action founded on grounds other than solely on diversity of citizenship is governed by 28 U.S.C. § 1391(b), which provides:

> (b) A civil action wherein jurisdiction is <u>not</u> founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. (emphasis added)

The proper venue for an action against a corporation is governed by 28 U.S.C. § 1391(c), which provides:

(c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time the action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

Under any section identified above, proper venue is the Southern District of Ohio. If considering § 1391(a), both Valhalla and House reside in Ohio, and are subject to personal jurisdiction. Moreover, the substantial part of events on which Plaintiff bases his claims took place in Ohio where House managed Plaintiff's funds and where the trading of securities took place. If considering § 1391(b), again, Defendants reside in Ohio, a substantial part of events giving rise to the claim took place in Ohio, and Defendants are found in Ohio. Finally, if considering § 1391(c), Valhalla is a corporation existing under the laws of the State of Ohio, is subject to personal jurisdiction in Ohio, and has the most significant contacts with the Southern District of Ohio.

Massachusetts does not qualify as a proper judicial district under § 1391 because Defendants do not reside in Massachusetts, and no substantial part of the events or omission that is the subject of Plaintiff's claims occurred in Massachusetts. Mr. House has testified in his sworn affidavit that he never traveled to Massachusetts to conduct business with Plaintiff and all telephone contact between Mr. House and Plaintiff was initiated by Plaintiff. House Aff. at ¶ 3. Valhalla maintains no offices in Massachusetts, and its principle place of business is in Ohio. Id.

9

at ¶5. Furthermore, Valhalla transacted no business in Massachusetts related to Plaintiff's claim. Id. at ¶ 6. Plaintiff's claims are based on alleged activity that took place in Ohio.

Because 28 U.S.C. § 1391 provides no grounds for litigating Plaintiff's suit in a Massachusetts forum, and, instead provides that this case should be properly litigated in the state of Ohio, and more specifically in the Southern District of Ohio, this Court must dismiss the Plaintiff's claims on the ground of improper venue.

## II. CONCLUSION

Dismissal of the present action is proper because (1) the Court lacks personal jurisdiction over Valhalla and House, and (2) venue is improper. Plaintiff's Complaint sets forth no basis for jurisdiction over the nonresident Defendants, nor do Defendants have sufficient contacts with the State of Massachusetts. Furthermore, 28 U.S.C. § 1391 provides that Ohio, and not Massachusetts, is the proper forum for this litigation. Based on the foregoing, Defendants Valhalla Investment Services and Eric T. House respectfully request this Honorable Court issue an Order granting Defendants' Motion to Dismiss.

Respectfully Submitted,

_/s/ Vincent P. Antaki_
Brian Voke, Esq. (BBO #544327)
CAMPBELL, CAMPBELL, EDWARDS & CONROY, P.C.
One Constitution Plaza, 3rd Floor
Boston, MA 02119
617/241-3042
617/241-5115 – Facsimile

Vincent P. Antaki, Esq. (Pro Hac Vice)
REMINGER & REMINGER CO., L.P.A.
West 7th Street, Suite 1990
Cincinnati, Ohio 45202
513/721-1311
513/721-2553 – Facsimile

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via Ordinary United States Mail Service this 22nd day of August 2005 upon:

H. Joseph Hameline, Esq.
Mintz Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
**Attorney for Plaintiff**

Brian Voke, Esq.
Vincent P. Antaki, Esq.