UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

G. KENT PLUNKETT,                    )
     Plaintiff,                     )
                             )
     vs.                             )     CIVIL ACTION NO.: 04 CV 10765 NG
                             )
VALHALLA INVESTMENT                  )
SERVICES, INC., et al.               )
     Defendants.                    )
_____)

## <u>AFFIDAVIT OF G. KENT PLUNKETT</u>

I, G. Kent Plunkett, on oath depose and state that:

1.      I am the plaintiff in this action.  I have lived in Massachusetts most of my life and have resided here exclusively since 1996.  I currently reside in Wellesley, Massachusetts.

2.      I am the founder and CEO of Salary.com, a Delaware Corporation with its principal place of business located in Needham, Massachusetts.

3.      I was introduced to Defendant Eric House through his clients, relatives of mine, some of whom reside in Massachusetts.  I have known Mr. House for approximately six years.

4.      I contacted Mr. House in early 2000 to discuss opening an account with him and having him handle my investments.  He informed me that he traded stocks for his fund and other clients and would perform the same investment services for me. Mr. House is a Registered Investment Advisor and informed me that he has clients throughout the United States.

5.      I also know that Mr. House has other clients based in Massachusetts, including my mother, Linda Plunkett, of Wayland, Massachusetts.

6.      Following several telephone discussions with Mr. House, in March 2000, I opened a brokerage account naming Mr. House as my Investment Advisor.  See Tab A, Bear Stearns Securities Corp., Report of New Account.  As part of that process, I designated Mr. House as my Agent, with full power and authority on my behalf to buy, sell and trade in securities.  See id.  Mr. House sent me the Report of New Account to fill out, and I sent it back to him after I filled it out.  Mr. House also manages and is the investment advisor for Defendant Valhalla Investment Advisory, Inc. ("Valhalla") which he refers to as his fund.  See id.

7.      During the time Mr. House acted as my agent, I spoke with him or his employees on numerous occasions on the telephone about my account.  Attached at Tab B are letters that Mr. House produced during the course of this litigation that are addressed to me.  Mr. House also sent account summaries to me in Massachusetts and those summaries also included billing information for Mr. House's services.  In addition, my assistant, Melissa Cornacchini, who managed my personal financial information, would receive phone calls a couple of times a year from Mr. House's assistant at Valhalla.  I know that Ms. Cornacchini would also communicate with Valhalla by fax and email.

8.      As stated above, I am also aware that Mr. House and Valhalla have other clients in Massachusetts and I understand that Mr. House or his representatives communicate with them periodically in Massachusetts.

9.      As Founder and CEO of Salary.com, I also know that Mr. House's fund, Valhalla, owns 101,533 shares of preferred series D Salary.com stock and continues to hold that stock.  Mr. House is listed as the contact for Valhalla in Salary.com's records. Valhalla invested in my company during the fall of 2000.

10.     I invested $1,000,000 with Mr. House in March 2000.  I sent the money to Mr. House from my Bank Boston account in Massachusetts.  Attached at Tab C is documentation of my investment.  Mr. House and Valhalla proceeded to lose $930,000 of my investment.

11.     In my conversations with Mr. House, I learned that Mr. House and Valhalla traded stocks during the day, but not tied to particular accounts, and then allocated gains and losses after the fact between my account and other investors in an inequitable fashion, which I have since learned is the illegal practice known as "cherry-picking."  I believe that the Defendants saddled my account with trading losses to shore up their investment returns and results for other clients.  Specifically, I believe they committed fraud against me through the active manipulation of their investment and trading results in a manner which was purposefully structured and intended to harm me by allocating a disproportionate share of their investment and trading losses to my account, while representing to me that he was equitably allocating among his clients.

12.     In April 2004, I filed a law suit to recover my damages, claiming Breach of Fiduciary Duty, a violation of Section 10(b) of the Exchange Act, and a violation of Massachusetts General Laws Chapter 110A.

Signed under the penalties of perjury this 13th day of September, 2005.


/s/ G. Kent Plunkett_____
G. Kent Plunkett