# TAB A

PLUNKETT AFFIDAVIT

```
                                                      613-93776
BEAR, STEARNS SECURITIES CORP.
                                                               REPORT OF NEW ACCOUNT
CUSTOMER'S NAME IN FULL
G. KENT PLUNKETT                              SOCIAL SECURITY NO./TAX ID.
BUSINESS ADDRESS                              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
382 COMMONWEALTH AVE #13      BUSINESS PHONE (781) 237-2441 (238)
HOME ADDRESS
BOSTON MA        02215        HOME PHONE (617) 266-1606
TYPE OF ENTITY (MUST CHECK ONE)
  A. INDIVIDUAL
  B. JOINT ☑                G. SOLE OWNERSHIP
  C. PARTNERSHIP             H. BANK OR TRUST CO.        M. INVESTMENT CLUB
  D. CORPORATION             I. INSURANCE CO.            N. TRUST
  E. TESTAMENTARY TRUST      J. STATE AGENCY             O. MUTUAL FUND
  F. OTHER (SPECIFY)         K. BROKER-DEALER            P. HEDGE FUND
     ADVISORY                L. ESTATE                   Q. IRA (see over)
                                                         R. KEOGH (see over)
APPROX. ANNUAL INCOME      APPROX. NET WORTH
$200,000.00                $1,500,000.00       INVESTMENT OBJECTIVE
EMPLOYED BY AND OR NATURE OF BUSINESS           SPECULATION
SALARY.COM, INC.              POSITION OR OCCUPATION
                              INTERNET SOFTWARE MGR.
IS CUSTOMER EMPLOYED BY A MEMBER FIRM? YES☐ NO☑
APPROXIMATE AGE OF CUSTOMER 37 INTRODUCED TO AE BY:   DOB 9/7/62
AE KNOWN HOW LONG?      IS AE RELATED? YES☐ NO☑
MARITAL STATUS    MARRIED☐   SINGLE☑    STATE RELATIONSHIP
                                        SPOUSE'S OCCUPATION
BANK AND OTHER REFERENCES    DOES CUSTOMER HAVE OTHER ACCOUNTS WITH US? YES☐ NO☐
                             SPECIFY ACCOUNT NO.
ACCOUNT WILL BE TRADING -  CASH ☑    MARGIN ☑    COMMODITY ☐
IF ACCOUNT IS HANDLED BY AN INVESTMENT ADVISOR, PLEASE PROVIDE NAME & ADDRESS OF ADVISOR
ERIC T. HOUSE  6406 RIDGE ROAD  CINCINNATI OHIO 45213
IF OTHER THAN AN INDIVIDUAL OR JOINT ACCOUNT, INDICATE PERSON AUTHORIZED TO ENTER ORDERS AND ISSUE INSTRUCTIONS:
INITIAL TRANSACTION                    TITLE:
SECURITY          NO. SHARES           DEPOSIT
REASON FOR WAIVE OF DEPOSIT            NO. DEPOSIT
IF AE HAS TRADING AUTHORITY, CHECK HERE ☑
                                       AE NAME
STATE NAME AND RELATIONSHIP OF ANY THIRD PARTY (OTHER THAN AE) HOLDING TRADING AUTHORIZATION
                                       ERIC T. HOUSE
IF THEY ARE EMPLOYED BY A MEMBER FIRM, STATE NAME OF FIRM
TRADING AUTHORIZATION WILL BE  LIMITED ☑   GEN. PWR. OF ATTY. ☐
AE REGISTERED IN CUSTOMER'S STATE OF RESIDENCE?
YES☐ NO☐                        HAVE YOU SENT FORMS TO CUSTOMER?
AE SIGNATURE     TELEPHONE EXT.  DATE   YES☐ NO☐
[signature]                      3/17/00  SUPERVISOR'S SIGNATURE       DATE
MANAGING DIRECTOR'S/PRINCIPAL'S SIGNATURE  DATE
                                        CONFIDENTIAL
                                        VAL0002
```

PLEASE COMPLETE AND SIGN BELOW (Each question must be answered completely) 613-93776

Account Owner's Full Name: G. KENT PLUNKETT
First / Middle / Last

Street Address: 382 COMMONWEALTH AVE #13

City: BOSTON  State: MA  Zip: 02215

Phone Number(s):
(617) 266-1606
Home / Business / Cell / Pager

Investment Objective(s): ☐ Growth ☐ Income ☐ Trading Profits ☑ Speculation

Investment Experience (# of years investing in): 10 Stocks/Bonds  1 Options  0 Commodities

Social Security No.: 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  Annual Income: $200,000.00  Net Worth: $7,500,000.00

Date of Birth: 9/7/62  Marital Status: ☑ Single ☐ Married  I have 0 dependents.

Name of Employer: SALARY.COM, INC  Nature of Business: INTERNET SOFTWARE MGR.

Length of employment: 1 years.  Is your employer an NASD registered brokerage firm? ☐ Yes ☑ No

Bank: BAYBANK BOSTON  BOSTON  Type(s) of Account: ☐ Checking ☐ Savings
Name, City

JOINT ACCOUNT INFORMATION (if applicable):

Joint Account Owner's Name: ____
First / Middle Initial / Last

Investment Experience (# of years investing in): ___ Stocks/Bonds ___ Options ___ Commodities

Social Security No.: ____  Annual Income: $____  Net Worth: $____

Date of Birth: __/__/__  Marital Status: ☐ Single ☐ Married  I have ___ dependents.

Name of Employer: ____  Nature of Business: ____

Length of employment: ___ years.  Is your employer an NASD registered brokerage firm? ☐ Yes ☐ No

ACCOUNT: Account will be trading on a ☑ cash basis ☑ margin basis. I request the ability to trade options: ☑ Yes ☐ No

I request the following services and agree to the attached Fee Schedule: O.R.D.E.R.S.™ ☐ Yes ☑ No
Real Time Dow Jones News: ☐ Yes ☑ No

I (We) have read and understand this Agreement and hereby request that ONLINE provide fully disclosed securities brokerage services through its Clearing Firm. Please Note: If this is a Joint Account both parties must sign here.

Account Owner's Signature X [signature]  Date 3-15-00

Joint Account Owner's Signature X ____  Date ____

CONFIDENTIAL
VAL0003

# Customer Agreement

**BEAR STEARNS**
The Bear Stearns Companies Inc.
245 Park Avenue
New York, NY 10167
(212) 272-2000

PLEASE READ CAREFULLY, SIGN AND RETURN

This agreement ("Agreement") sets forth the terms and conditions on which subsidiaries of The Bear Stearns Companies Inc. will open and maintain account(s) in your name and otherwise transact business with you.

1. PARTIES. You hereby agree that the parties to this Agreement shall consist of you and each and every subsidiary of The Bear Stearns Companies Inc., whether now existing or hereafter created (each such subsidiary being referred to hereinafter as a "Bear Stearns entity" and all such subsidiaries being collectively referred to hereinafter as "Bear Stearns").

2. APPLICABLE LAWS, RULES AND REGULATIONS. All transactions shall be subject to the applicable laws, rules and regulations of all federal, state and self-regulatory authorities, including, but not limited to, the rules and regulations of the Board of Governors of the Federal Reserve System and the constitution, rules and customs of the exchange or market (and clearing house) where such transactions are executed.

3. SECURITY INTEREST AND LIEN; REGISTRATION OF SECURITIES. As security for the payment and performance of all of your obligations and liabilities from time to time outstanding to any Bear Stearns entity, whether under this Agreement or otherwise, each Bear Stearns entity shall have a continuing first lien and security interest in (i) all property in which you now have or hereafter acquire an interest which is now or hereafter held by or through any Bear Stearns entity, including, but not limited to, any and all accounts, instruments, documents, contract rights, commodities and commodity futures contracts, commercial paper and other securities, monies, deposit accounts and general intangibles, and (ii) any and all rights, claims or causes of action you may now or hereafter have against any Bear Stearns entity. You hereby acknowledge and agree that all such property of yours held by or through any Bear Stearns entity is held as collateral by such Bear Stearns entity as agent and bailee for itself and all other Bear Stearns entities. You represent that all of the above-described collateral shall at all times be free and clear of all liens, claims and encumbrances of any nature other than the security interest created hereby. In addition, in order to satisfy any of your outstanding liabilities or obligations to any Bear Stearns entity, Bear Stearns may, to the fullest extent permitted by law, at any time in its discretion and without prior notice to you, use, apply or transfer any and all securities or other property (including, without limitation, fully-paid securities and cash). You hereby agree that, except as otherwise specifically agreed in writing, Bear Stearns may register and hold the securities and other property in your accounts in its name or the name of its designee.

4. DEPOSITS ON TRANSACTIONS. Whenever Bear Stearns, in its sole discretion, considers it necessary in order to assure the due performance of your open contractual commitments, it may require you, and you hereby agree, to deposit cash or collateral immediately in your account(s) prior to any applicable settlement date.

5. BREACH, BANKRUPTCY OR DEFAULT. Any breach of or default under this Agreement or any other agreement you may have with any Bear Stearns entity, whether heretofore or hereafter entered into, or the filing of a petition or other commencement of a proceeding in bankruptcy or insolvency, or the appointment of a receiver, by or against you or any guarantor, co-signer or other party liable on or providing security for your obligations to any Bear Stearns entity, or the levy of an attachment against your or any such other party's account(s) with any Bear Stearns entity, or your death, mental incompetence or dissolution, or any other grounds for insecurity, as determined by Bear Stearns in its sole discretion (including, without limitation, any indication of your refusal or inability to satisfy promptly any margin call or other deposit requirement hereunder), shall constitute, at Bear Stearns' election, a default by you under any or all agreements you may then have with any Bear Stearns entity, whether heretofore or hereafter entered into. In the event of any such default, each Bear Stearns entity shall have all of the rights of a secured party upon default under the New York Uniform Commercial Code and other applicable laws, rules and regulations, including, without limitation, the right, without prior notice to you: to sell any and all property in which you have an interest held by or through any Bear Stearns entity, to buy any or all property which may have been sold short, to exercise any and all options and other rights, to accelerate, cancel, terminate, liquidate, close out and net the settlement payments and/or delivery obligations under any or all outstanding transactions and/or to purchase or sell any other securities or property to offset market risk, and to offset any indebtedness you may have (either individually or jointly with others), after which you shall be liable to Bear Stearns for any remaining deficiency, loss, costs or expenses incurred or sustained by Bear Stearns in connection therewith. Such purchases and/or sales may be effected publicly or privately without notice or advertisement in such manner as Bear Stearns may, in its sole discretion determine. At any such sale or purchase, any Bear Stearns entity may purchase or sell the property free of any right of redemption. In addition, each Bear Stearns entity shall have the right, at any time and from time to time, to set off and otherwise apply any and all amounts owing by such Bear Stearns entity to you or for your account or credit against any and all amounts now or hereafter owing by you to any Bear Stearns entity (including, without limitation, any indebtedness in your accounts), whether matured or unmatured, fixed, contingent or otherwise and irrespective of whether any Bear Stearns entity shall have made any demand therefor. Bear Stearns agrees to notify you of any such set-off and application; provided, however, that the failure to give such notice shall not affect the validity of any such set-off and application.

6. EXECUTION FEES AND SERVICE CHARGES. You understand that your account(s) will be charged brokerage commissions and/or mark-ups/mark-downs in connection with the execution of transactions ("Execution Fees") and may be charged certain other fees for custody and other services furnished to you ("Service Fees"). All such fees shall be determined by Bear Stearns unless your account(s) is (are) introduced to Bear Stearns by another broker, in which case all Execution Fees and certain Service Fees shall be determined by such other broker. You further understand that Execution Fees may be changed from time to time without prior notice to you and Service Fees may be changed from time to time upon thirty days' prior written notice to you, and, in each case, you agree to be bound thereby.

7. TRANSACTION REPORTS AND ACCOUNT STATEMENTS. Reports of the execution of orders shall be conclusive if not objected to in writing by you within the shorter of the applicable settlement cycle of the subject transactions or three business days after such documents have been transmitted to you by mail or otherwise. Statements of account shall be conclusive if not objected to in writing within ten days after transmission.

8. DEBIT BALANCES; TRUTH-IN-LENDING. You hereby acknowledge receipt of Bear Stearns' Truth-in-Lending disclosure statement. You understand that interest will be charged on any debit balances in your account(s) in accordance with the methods described in such statement or in any amendment or revision thereto which may be provided to you. Any debit balance which is not paid at the close of an interest period will be added to the opening balance for the next interest period.

9. CLEARANCE ACCOUNTS. If any of your accounts is carried by any Bear Stearns entity as clearing agent for your broker, unless such Bear Stearns entity receives from you prior written notice to the contrary, it shall accept from your broker, without any inquiry or investigation, (a) orders for the purchase or sale of securities and other property in your account(s), on margin or otherwise, and (b) any other instructions concerning your account(s) or the property therein. You understand and agree that Bear Stearns shall have no responsibility or liability to you for any acts or omissions of your broker, its officers, employees or agents. You agree that your broker and its employees are third-party beneficiaries of this Agreement, and that the terms and conditions hereof, including the arbitration provisions, shall be applicable to all matters between or among any of you, your broker and its employees and Bear Stearns and its employees.

10. COLLECTION AND OTHER ACCOUNT-RELATED COSTS. You hereby agree to pay, on demand, all reasonable direct and indirect costs, liabilities and damages incurred by Bear Stearns (including, without limitation, costs of collection, attorneys' fees, court costs and other expenses) in connection with (i) enforcing its rights hereunder, (ii) any investigation, litigation or proceeding involving your account or any property therein (including, without limitation, claims to such property by third parties), (iii) your use of or access to any Bear Stearns' or third-party system or (iv) Bear Stearns' acting in reliance upon your instructions or, if your account is introduced to Bear Stearns by another broker, the instructions of such other broker. In each case and whether or not demand has been made therefor, you hereby authorize Bear Stearns to charge your account(s) for any and all such costs, including, without limitation, costs incurred in connection with the liquidation of any property held in your account(s).

11. IMPARTIAL LOTTERY ALLOCATION. You agree that, in the event Bear Stearns holds on your behalf securities in its name, in the name of its designee or in bearer form which are called in part, you will participate in the impartial lottery allocation system for such called securities in accordance with the rules of the New York Stock Exchange, Inc. or any other appropriate self-regulatory organization. When any such call is favorable, no allocation will be made to any account in which, to the knowledge of Bear Stearns, any officer, director or employee of Bear Stearns has any financial interest until all other customers have been satisfied on an impartial lottery basis.

12. WAIVER, ASSIGNMENT AND NOTICES. Neither Bear Stearns' failure to insist at any time upon strict compliance with this Agreement or with any of the terms hereof nor any continued course of such conduct on its part shall constitute or be considered a waiver by Bear Stearns of any of its rights or privileges hereunder. Any assignment of your rights and obligations hereunder or your interest in any property held by or through Bear Stearns without obtaining the prior written consent of an authorized representative of Bear Stearns shall be null and void. Each Bear Stearns entity reserves the right to assign any of its rights or obligations hereunder to any other Bear Stearns entity without prior notice to you. Notices and other communications (including, without limitation, margin calls) delivered, faxed, sent by express delivery service or mailed to the address provided by you shall, until Bear Stearns has received notice in writing of a different address be deemed to have been personally delivered to you. Margin calls may also be communicated orally, without subsequent written confirmation.

13. FREE CREDIT BALANCES. You hereby authorize Bear Stearns to use any free credit balance awaiting investment or reinvestment in your account(s) in accordance with all applicable rules and regulations and to pay interest thereon at such rate or rates and under such conditions as are established from time to time by Bear Stearns for such account(s) and for the amounts of cash so used.

14. RESTRICTIONS ON ACCOUNT. You understand that Bear Stearns, in its sole discretion, may restrict or prohibit trading of securities or other property in your account(s) and may terminate your account(s), and you shall nevertheless remain liable for all of your obligations to Bear Stearns under this Agreement or otherwise.

15. CREDIT INFORMATION AND INVESTIGATION. You authorize Bear Stearns and, if applicable, your introducing broker, in its or their discretion, at any time and from time to time, to make or obtain reports concerning your credit standing and business conduct. You may make a written request for a description of the nature and scope of the reports made or obtained by Bear Stearns and the same will be provided to you within a reasonable period of time.

16. SHORT AND LONG SALES. In placing any sell order for a short account, you will designate the order as such and hereby authorize Bear Stearns to mark the order as being "short." In placing any sell order for a long account, you will designate the order as being "long." The designation of a sell order as being for a long account shall constitute a representation that you own the security with respect to which the order has been placed, that such security may be sold without restriction in the open market and that, if Bear Stearns does not have the security in its possession at the time you place the order, you shall deliver the security by settlement date in good deliverable form or pay to Bear Stearns any losses and expenses it may incur or sustain as a result of your failure to make delivery on a timely basis.

17. MARGIN AND OTHER COLLATERAL REQUIREMENTS. You hereby agree to deposit and maintain such margin in your margin accounts, if any, as Bear Stearns may in its sole discretion require, and you agree to pay forthwith on demand any debit balance owing with respect to any of your margin accounts. In addition, you further agree to deposit promptly and maintain such other collateral with Bear Stearns as is required by any other agreement or open transaction you may have with any Bear Stearns entity. Upon your failure to make any such payment or deposit, or if at any time Bear Stearns, in its sole discretion, deems it necessary for

3000-1041 REV. 2/97(151656)

(see back)

CONFIDENTIAL
VAL0004

its protection, whether with or without prior demand, call or notice, Bear Stearns shall be entitled to exercise all rights and remedies provided in paragraphs 3,5 and 27 hereof. No demands, calls, tenders or notices that Bear Stearns may have made or given in the past in any one or more instances shall invalidate your waiver of the requirement to make or give the same in the future. You further acknowledge and agree that any positions in your margin account(s) shall be deemed "securities contracts" within the meaning of Sections 555 and 741(7) of the U.S. Bankruptcy Code and any successors thereto. Unless you advise Bear Stearns in writing to the contrary, you represent that you are not an affiliate (as defined in Rule 144(a)(1) under The Securities Act of 1933) of the issuer of any security held in any of your accounts.

18. **CONSENT TO LOAN OR PLEDGE OF SECURITIES IN MARGIN ACCOUNTS.** Within the limits of applicable law and regulations, you hereby authorize Bear Stearns to lend either to itself or to others any securities held by Bear Stearns in any of your margin accounts, to convey therewith all attendant rights of ownership (including voting rights) and to use all such property as collateral for its general loans. Any such property, together with all attendant rights of ownership, may be pledged, repledged, hypothecated or rehypothecated either separately or in common with other property for any amounts due to Bear Stearns thereon or for a greater sum, and Bear Stearns shall have no obligation to retain a like amount of similar property in its possession and control. You hereby acknowledge that, as a result of such activities, Bear Stearns may receive and retain certain benefits to which you will not be entitled. In certain circumstances, such loans may limit, in whole or in part, your ability to exercise voting and other attendant rights of ownership with respect to the loaned or pledged securities.

19. **LEGALLY BINDING.** You hereby agree that this Agreement and all of the terms hereof shall be binding upon you and your estate, heirs, executors, administrators, personal representatives, successors and assigns. You further agree that all purchases and sales shall be for your account(s) in accordance with your oral or written instructions. You hereby waive any and all defenses that any such oral instruction was not in writing as may be required by any applicable law, rule or regulation.

20. **AMENDMENT.** You agree that Bear Stearns may modify the terms of this Agreement at any time upon prior written notice to you. By continuing to accept services from Bear Stearns thereafter, you will have indicated your acceptance of any such modification. If you do not accept such modification, you must notify Bear Stearns in writing; your account may then be terminated by Bear Stearns, after which you will remain liable to Bear Stearns for all outstanding liabilities and obligations. Otherwise, this Agreement may not be modified absent a written instrument signed by an authorized representative of Bear Stearns.

21. **GOVERNING LAW.** THIS AGREEMENT SHALL BE DEEMED TO HAVE BEEN MADE IN THE STATE OF NEW YORK AND SHALL BE CONSTRUED, AND THE CONTRACTUAL AND ALL OTHER RIGHTS AND LIABILITIES OF THE PARTIES DETERMINED, IN ACCORDANCE WITH THE LAW OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO ANY CONFLICTS OF LAW PRINCIPLES THEREOF.

22. **ARBITRATION.** YOU AGREE THAT CONTROVERSIES ARISING BETWEEN YOU AND YOUR INTRODUCING BROKER AND / OR BEAR STEARNS, AND ANY OF YOUR OR THEIR CONTROL PERSONS, PREDECESSORS, SUBSIDIARIES, AFFILIATES, SUCCESSORS, ASSIGNS AND EMPLOYEES, SHALL BE DETERMINED BY ARBITRATION.

WITH RESPECT TO THE RESOLUTION OF ANY SUCH CONTROVERSY, YOU FURTHER ACKNOWLEDGE THAT:

• ARBITRATION IS FINAL AND BINDING ON THE PARTIES.

• EXCEPT AS OTHERWISE PROVIDED HEREIN, THE PARTIES ARE WAIVING THEIR RIGHT TO SEEK REMEDIES IN COURT, INCLUDING THE RIGHT TO JURY TRIAL.

• PRE-ARBITRATION DISCOVERY IS GENERALLY MORE LIMITED THAN AND DIFFERENT FROM COURT PROCEEDINGS.

• THE ARBITRATORS' AWARD IS NOT REQUIRED TO INCLUDE FACTUAL FINDINGS OR LEGAL REASONING AND ANY PARTY'S RIGHT TO APPEAL OR TO SEEK MODIFICATION OF RULINGS BY THE ARBITRATORS IS STRICTLY LIMITED.

• THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.

• NO PERSON SHALL BRING A PUTATIVE OR CERTIFIED CLASS ACTION TO ARBITRATION NOR SEEK TO ENFORCE ANY PRE-DISPUTE ARBITRATION AGREEMENT AGAINST ANY PERSON WHO HAS INITIATED IN COURT A PUTATIVE CLASS ACTION OR WHO IS A MEMBER OF A PUTATIVE CLASS WHO HAS NOT OPTED OUT OF THE CLASS WITH RESPECT TO ANY CLAIMS ENCOMPASSED BY THE PUTATIVE CLASS ACTION UNTIL: (I) THE CLASS CERTIFICATION IS DENIED; (II) THE CLASS IS DECERTIFIED; OR (III) THE CUSTOMER IS EXCLUDED FROM THE CLASS BY THE COURT. SUCH FORBEARANCE TO ENFORCE AN AGREEMENT TO ARBITRATE SHALL NOT CONSTITUTE A WAIVER OF ANY RIGHTS UNDER THIS AGREEMENT EXCEPT TO THE EXTENT STATED HEREIN.

• ANY ARBITRATION UNDER THIS AGREEMENT SHALL BE HELD AT THE FACILITIES AND BEFORE AN ARBITRATION PANEL APPOINTED BY THE NEW YORK STOCK EXCHANGE, INC., THE AMERICAN STOCK EXCHANGE, INC. OR THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. OR, IF THE TRANSACTION WHICH GIVES RISE TO SUCH CONTROVERSY IS EFFECTED IN ANOTHER UNITED STATES MARKET WHICH PROVIDES ARBITRATION FACILITIES, BEFORE SUCH OTHER FACILITIES. YOU MAY ELECT ONE OF THE FOREGOING FORUMS FOR ARBITRATION, BUT IF YOU FAIL TO MAKE SUCH ELECTION BY REGISTERED MAIL OR TELEGRAM ADDRESSED TO BEAR, STEARNS SECURITIES CORP., 245 PARK AVENUE, NEW YORK, NEW YORK 10167, ATTENTION: CHIEF LEGAL OFFICER (OR ANY OTHER ADDRESS OF WHICH YOU ARE ADVISED IN WRITING), BEFORE THE EXPIRATION OF TEN DAYS AFTER RECEIPT OF A WRITTEN REQUEST FROM BEAR STEARNS TO MAKE SUCH ELECTION, THEN BEAR STEARNS MAY MAKE SUCH ELECTION. FOR ANY ARBITRATION SOLELY BETWEEN YOU AND A BROKER FOR WHICH BEAR STEARNS ACTS AS CLEARING AGENT, SUCH ELECTION SHALL BE MADE BY REGISTERED MAIL TO SUCH BROKER AT ITS PRINCIPAL PLACE OF BUSINESS. THE AWARD OF THE ARBITRATORS, OR OF A MAJORITY OF THEM, SHALL BE FINAL, AND JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT, STATE OR FEDERAL, HAVING JURISDICTION.

23. **SEVERABILITY.** If and to the extent any term or provision herein is or should become invalid or unenforceable under any present or future law, rule or regulation of any sovereign government or regulatory body having jurisdiction over the subject matter of this Agreement, then (i) the remaining terms and provisions hereof shall be unimpaired and remain in full force and effect and (ii) the invalid or unenforceable provision or term shall be replaced by a term or provision that is valid and enforceable and that comes closest to expressing the intention of such invalid or unenforceable term or provision.

24. **EXTRAORDINARY EVENTS.** Bear Stearns shall not be liable for losses caused directly or indirectly by government restrictions, exchange or market rulings, suspension of trading, war, strikes or other conditions beyond its control.

25. **HEADINGS.** The headings of the provisions hereof are for ease of reference only and shall not affect the interpretation or application of this Agreement or in any way modify or qualify any of the rights provided for hereunder.

26. **TELEPHONE CONVERSATIONS.** For the protection of both you and Bear Stearns, and as a tool to correct misunderstandings, you hereby authorize Bear Stearns, at Bear Stearns' discretion and without prior notice to you, to monitor and/or record any or all telephone conversations or electronic communications between you and Bear Stearns or any of Bear Stearns' employees or agents. You acknowledge that Bear Stearns may determine not to make or keep any of such recordings and that such determination shall not in any way affect any party's rights.

27. **CUMULATIVE RIGHTS; ENTIRE AGREEMENT.** The rights of each Bear Stearns entity set forth in this Agreement and, in each other agreement you may have with any Bear Stearns entity, whether heretofore or hereafter entered into, are cumulative and in addition to any other rights and remedies that any Bear Stearns entity may have and shall supersede any limitation on or any requirement for the exercise of such rights and remedies that is inconsistent with the terms of this or any other such agreement (including, without limitation, any requirement that time elapse or notice or demand be given prior to the exercise of remedies). The provisions of this Agreement shall supersede any inconsistent provisions of any other agreement heretofore or hereafter entered into by you and any Bear Stearns entity to the extent that the subject matter thereof is dealt with in this Agreement and the provisions of such other agreement would deny any Bear Stearns entity any benefit or protection afforded to it under this Agreement. You hereby appoint Bear Stearns as your agent and attorney-in-fact to take any action (including, but not limited to, the filing of financing statements) necessary or desirable to perfect and protect the security interest granted in paragraph 3 hereof or to otherwise accomplish the purposes of this Agreement. Except as set forth above, this Agreement represents the entire agreement and understanding between you and Bear Stearns concerning the subject matter hereof.

28. **CAPACITY TO CONTRACT; AFFILIATIONS.** You represent that you are of legal age and that, unless you have notified Bear Stearns to the contrary, neither you nor any member of your immediate family is: (i) an employee or member of any exchange; (ii) an employee or member of the National Association of Securities Dealers, Inc., (iii) an individual or an employee of any corporation or firm engaged in the business of dealing, as broker or principal, in securities, options or futures or (iv) an employee of any bank, trust company or insurance company. If the undersigned is signing on behalf of others, the undersigned hereby represents that the person(s) or entity(ies) on whose behalf it is signing is/are authorized to enter into this Agreement and that the undersigned is duly authorized to sign this Agreement and make the representations herein in the name and on behalf of such other person(s) or entity(ies).

If this is a Joint Account, both parties must sign. Persons signing on behalf of others should indicate the titles or capacities in which they are signing.

BY SIGNING THIS AGREEMENT, YOU ACKNOWLEDGE THAT:

1. THE SECURITIES IN YOUR MARGIN ACCOUNT(S) AND ANY SECURITIES FOR WHICH YOU HAVE NOT FULLY PAID, TOGETHER WITH ALL ATTENDANT OWNERSHIP RIGHTS, MAY BE LOANED TO BEAR STEARNS OR TO OTHERS; AND

2. YOU HAVE RECEIVED A COPY OF THIS AGREEMENT.

THIS AGREEMENT CONTAINS A PRE-DISPUTE ARBITRATION CLAUSE AT PARAGRAPH 22.

THIS AGREEMENT IS DATED AS OF _____3/19_____, 19 _00_

_613-93776_
(Account Number)

_G. KENT PLUNKETT_
(Typed or Printed Name)

X _[signature]_
(Signature)

_____
(Typed or Printed Name)

X _____
(Signature)

ACCEPTED AND AGREED TO: _____
THE BEAR STEARNS COMPANIES INC. AND
ITS SUBSIDIARIES

CONFIDENTIAL
VAL0005

**IMPORTANT TAX INFORMATION — PLEASE READ CAREFULLY, SIGN AND RETURN.**

Under the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) you (as a payee) are required to provide us (as payer) with your correct Taxpayer Identification Number. If you are an individual, your Taxpayer Identification Number is your Social Security Number.

Even though our records may indicate a Taxpayer Identification Number for your account you must use the W-9 form to certify the number as it appears on our files or to furnish us with your correct Taxpayer Identification Number.

If you do not provide us with certification of your correct Taxpayer Identification Number IRS regulations require that we withhold 31% of all dividends, interest and the proceeds of all sales credited to your account.

Should you have any questions concerning this matter, please contact your Account Executive.

---

Instructions *(Section references are to the Internal Revenue Code.)*

**Highlight for Interest or Dividend Accounts Opened After 12/31/83 — Backup Withholding**

You may be notified that you are subject to backup withholding under section 3406(a)(1)(C) because you have underreported interest or dividends or you were required to but failed to file a return which would have included a reportable interest or dividend payment. If you have NOT been so notified, check the box in PART II. Note: Backup withholding may apply to existing accounts as well as accounts opened after December 31, 1983.
Caution: There are other situations where you may be subject to backup withholding. Please read the instructions below carefully.

**Purpose of Form**

Use this form to report the taxpayer identification number (TIN) of the record owner of the account to the payer (or broker).

Beginning January 1, 1984, payers must generally withhold 31% of taxable interest, dividend, and certain other payments if you fail to furnish payers with the correct taxpayer identification number (this is referred to as backup withholding). For most individual taxpayers, the taxpayer identification number is the social security number.

To prevent backup withholding on these payments, be sure to notify payers of the correct taxpayer identification number and, for accounts you open after December 31, 1983, properly certify that you are not subject to backup withholding under section 3406(a)(1)(C).

You may use this form to certify that the taxpayer identification number you are giving the payer is correct and, for accounts opened after December 31, 1983, that you are not subject to backup withholding.

If the payer provides a different form that Form W-9 to request the taxpayer identification number, please use it.

**Backup Withholding**

You are subject to backup withholding if:
(1) You fail to furnish your taxpayer identification number to the payer, OR
(2) The Internal Revenue Service notifies the payer that you furnished an incorrect taxpayer identification number, OR
(3) You are notified that you are subject to backup withholding (under section 3406(a)(1)(C), OR
(4) For an interest or dividend account opened after December 31, 1983, you fail to certify to the payer that you are not subject to backup withholding under (3) above, or fail to certify your taxpayer identification number.

For payments other than interest or dividends, you are subject to backup withholding only if (1) or (2) above applies.

(See the section on the back titled "Payees Exempt from Backup Withholding.")

**Payments of Interest, Dividends, and Patronage Dividends Accounts Opened before January 1, 1984.**

To certify that the taxpayer identification number is correct for accounts opened before January 1, 1984, fill out your name and address, enter your account number(s) (if applicable), complete Part 1, sign and date the form and return it to the payer.

---

DOCUMENTATION
▼ DETACH ALONG PERFORATION BEFORE RETURNING BOTTOM PORTION. ▼

---

DOCUMENTATION DEPARTMENT USE ONLY - DO NOT WRITE IN THIS AREA

Form W-9    **BEAR STEARNS**    Payer's Request For (and/or Verification Of) Taxpayer Identification Number    613-93776    DOC CODE 073

**URGENT!**
SIGN THIS FORM IMMEDIATELY OR 31% OF DIVIDENDS, INTEREST AND PROCEEDS OF SALES WILL BE WITHHELD.

**PART 1. — Taxpayer Identification Number**
Enter the taxpayer identification number in the appropriate box. For most individual taxpayers, this is the social security number.
NOTE: If the account is in more than one name, see the chart on the reverse side of this form for guidelines on which number to give the payer.

Tax ID No. on Bear Stearns Records
0 2 5 3 6 0 3 2 8

☐ The number should be:
☒ The number is correct.

Name as shown on account (if joint account, also give joint owner's name). Street Address, City, State and Zip Code.
If this form (or address label) is prepared by the Payer, the account number may also appear here.

G. KENT PLUNKETT
382 COMMONWEALTH AVE. #13
BOSTON, MA 02215

**PART 2. — Backup Withhold On Accounts Opened After 12/31/83**

Check the box if you are NOT subject to backup withholding under the provisions of section 3406(a)(1)(C) of the Internal Revenue Code.

(See Highlight below.)

☐ NOT subject to backup withholding.

Certification —

Under the penalties of perjury, I certify that the information provided on this form is true, correct, and complete.

Signature
X *Jeremy Kent Plunkett*
Date _____

List account numbers here (see instructions)
3000-1889 (3/92) 310873

**CONFIDENTIAL**
**VAL0006**

**BEAR STEARNS**

BEAR, STEARNS SECURITIES CORP.
NEW ACCOUNTS
ONE METROTECH CENTER NORTH-6 FLOOR
BROOKLYN, NEW YORK 11201-3859

## SEC Disclosure To Issuers

**Please read carefully.**

New SEC Rule Regarding Disclosure of Your Name, Address and Security Holdings to Issuers.

It is the policy of Bear Stearns to guarantee the confidentiality of the name, address and holdings of its customers whose securities are held by Bear Stearns. The Securities and Exchange Commission has adopted a rule, (# 17CFR 240), which will enable issuers of securities to learn the identity of, and communicate directly with their security holders whose securities are held in street name. Under this rule, upon an issuer's request, Bear Stearns will be required to provide the names, addresses and securities positions of those customers who are beneficial owners of the issuer's common stock and who have not objected to disclosure of such information. Issuers of securities may request this information starting January 1, 1986.

Under the SEC rule, you have the right to decide whether you want the information about you and your security holdings disclosed to all the companies in which you have positions in common stock or whether you wish to have this information kept confidential. The rule provides, however, that if you do not specifically object to such disclosure, you will be deemed to have consented to disclosure and Bear Stearns will be required to release such information to the companies requesting it.

This "option card" enables you to make your choice as to the release of this information. If you wish to maintain your anonymity with respect to such issuers and to prevent disclosure of the information to them, place an "X" in the box marked "NO".

Under the rule, your failure to respond will be interpreted as your having NO OBJECTION to disclosure of the information about you and your security holdings to the companies in which you own securities. In other words, if you do not return this card with the "NO" box appropriately marked, Bear Stearns must give your name, address and securities position to the companies which request such information. Accordingly, if you wish to prevent the release of this information, please mark the "NO" box and return this card to us.

DOCUMENTATION DEPARTMENT USE ONLY - DO NOT WRITE IN THIS AREA    DOC CODE 085

**SEC Disclosure To Issuers**    Date 3/19/00

NO [X] I do not want my name, address and securities positions disclosed to all the companies in which I own securities that are being held for me by Bear Stearns.

**CONFIDENTIAL**
**VAL0007**

613 | 93776
Account No. (Please Indicate Complete Number)

G. KENT PLUNKETT
Print Name

X _[signature]_
Signature

X _[signature]_
Signature (If Joint Account - Both Parties Must Sign)

2000-2291 (11/92) #97220

# BEAR STEARNS

form #13

BEAR, STEARNS SECURITIES CORP
One Metrotech Center North
Brooklyn, NY 11201-3859

**Trading Authorization Limited to Purchases and Sales of Securities, Futures, Foreign Currencies and Options**

Account Title: **G. KENT PLUNKETT**     Account Number(s): **613-93776**

The undersigned hereby authorizes **ERIC T. HOUSE**
(Print Name of Agent and Attorney-in-Fact)
as the undersigned's agent

and attorney-in-fact (the "Agent") with full power and authority on the undersigned's behalf to buy, sell (including short sales) and trade in stocks, bonds, options (including uncovered option writing), and any other securities and commodities, and contracts relating to the same (including foreign futures, foreign options contracts, over-the-counter foreign currency, spot, forward and foreign currency option contracts), on margin or otherwise, and to enter into securities repurchase and securities reverse repurchase transactions in accordance with your terms and conditions, for the undersigned's account(s) and risk, and in the undersigned's name or number on the books of Bear, Stearns Securities Corp. ("Bear Stearns Securities"), a subsidiary of Bear, Stearns & Co., Inc. ("Bear Stearns"). If more than one Agent is designated, the undersigned authorizes each Agent to act severally; that is, each Agent alone shall be able to exercise the powers conferred hereby.

In all such purchases, sales or transactions, Bear Stearns Securities and whenever applicable, Bear Stearns Securities (hereinafter sometimes referred collectively as the "Brokers") is authorized to follow the instructions of the Agent in every respect concerning the undersigned's account(s) with Bear Stearns Securities. The Agent is authorized to act for the undersigned and on the undersigned's behalf, in the same manner and with the same force and effect as the undersigned, with respect to such purchases, sales or transactions in the account(s).

The undersigned hereby agrees to indemnify and hold the Brokers, their successors, affiliates and assigns (the "Indemnified Parties") harmless from, and to pay the Indemnified Parties promptly on demand any and all losses, costs or expenses incurred in connection with the use of this trading authorization, including any debit balance in the undersigned's account(s). This authorization and indemnity is in addition to (and in no way limits or restricts) any rights which Bear Stearns Securities or any of the Indemnified Parties may have under

any other agreement(s) between the undersigned and Bear Stearns Securities and/or any of the Indemnified Parties.

This authorization and indemnity is a continuing one which shall not be affected by the subsequent disability or incompetence of the undersigned and shall remain in force and effect until revoked by the undersigned by a written notice received at the Bear Stearns Securities office at One Metrotech Center North, Brooklyn, New York 11201-3859 or until Bear Stearns Securities receives actual notice of the death, dissolution, or insolvency of the undersigned (or if two customers sign, the death, dissolution, or insolvency of either one), and shall enure to the benefit of the Brokers, their affiliates or any successor firm or firms, and the assigns of the Brokers or any of their respective successor firms.

Because Bear Stearns Securities is acting as clearing agent for a broker-dealer, and/or futures Introducing Broker and/or Futures Commission Merchant (hereinafter referred to as "IB" and "FCM", respectively) and any entity introducing or otherwise acting as a broker or dealer in regards to foreign currency spot, forward or options contracts ("FX Entity"), this authorization and indemnity shall enure to the benefit of the undersigned's broker-dealer, IB, FCM and/or FX Entity, their successors and assigns and all references herein to the Brokers shall be deemed references both to the Brokers and the undersigned's broker-dealer, IB, FCM and/or FX Entity. The foregoing notwithstanding, the undersigned acknowledges and agrees that if the Agent designated herein is an employee or agent of the undersigned's broker-dealer, IB, FCM and/or FX Entity, such Agent is neither an agent of nor under the control of the Brokers and the Brokers shall bear no liability for any transactions effected pursuant to the authority granted herein. The terms of this authorization shall be governed by the laws of the State of New York.

_(Customer Signature)_ [signature]

(Print Customer Name) **G. KENT PLUNKETT**

(Date) **3/19/00**

(Joint Party's Signature) _____

(Print Joint Party's Name) _____

(Date) _____

THIS QUESTION MUST BE ANSWERED: Is the Agent a person associated with any member, allied member of member organization of any securities or commodities exchange or a person associated with any broker-dealer or financial institution?

(Yes☒ No) **VALHALLA INVESTMENT ADVISORY, INC.**
(Name of Firm)

Agent's Acceptance: [signature] Eric T. House

---

**FOR FUTURES CLIENTS ONLY**

I hereby acknowledge that:

☐   I have received a copy of the disclosure document of the party named above prepared pursuant to CFTC Regulation 4.31.

☐   The agent named above has not furnished me with a disclosure document prepared pursuant to Regulation 4.31 because said party has advised that he/she/it is not registered with the CFTC as a Commodity Trading Advisor and is not required to be so registered.

☐   I am aware of the rules applicable to over-the-counter foreign currency, forward and option transactions. I am an "Eligible Swap Participant" as defined in CFTC Regulation 35.).

CONFIDENTIAL
VAL0008

☒ If the fee is to be deducted from the account, please complete the bottom portion.

To: Valhalla Investment Advisory, Inc.
6406 Ridge Road
Cincinnati OH 45213

Date 3/19/00

Re: A/C # 613-93776

We hereby authorize payment of the quarterly Valhalla Investment Advisory, Inc. Management Fee for the G. KENT PLUNKETT Portfolio to be paid from funds in the custodial account at Bear Stearns Securities Corporation.

☒ I/We wish to receive a copy of the invoice.

☐ I/We do not with to receive a copy of the invoice.

Special Instructions: _____

_____

PRINCIPALS (signatures)

_[signature]_

_____

3/23/00

CONFIDENTIAL
VAL0009

With respect to any transaction effected by you on my behalf, I hereby agree and represent as follows:

1. All options transactions shall be subject to the constitution, rules, regulations, customs and usages of the Options Clearing Corporation and any exchange or other marketplace where executed. I, alone or in concert with others, will not violate the position or exercise limits of the exchanges which may change from time to time.

2. As security for payment of all my obligations and liabilities to Bear, Stearns Securities Corp. ("Bear Stearns Securities"), I agree that Bear Stearns Securities shall have a lien upon and continuing security interest in all of my property held in any account at Bear Stearns Securities, including but not limited to securities, commodities, commodity futures contracts, commercial paper, monies and any after acquired property. In case of my insolvency, death, the attachment of my property or the occurrence of any event that may give Bear Stearns Securities grounds for insecurity as you determine in your sole discretion, or my breach of this Agreement, you may take such steps as you may consider necessary or appropriate to protect yourself against loss with respect to any open options contract positions refuse to accept orders for the establishment of any new options positions, sell any and all property in my account(s), buy any property that is short in such account(s) to cancel any outstanding transactions all to offset any indebtedness due and owing to you; I will continue to be liable to you for any remaining deficiency. Such purchases or sales may be effected publicly or privately with or without notice, in such manner as you in your sole discretion determine to be appropriate under the circumstances.

3. I have received from you the current Options Risk Disclosure Document and Special Statement for Uncovered Disclosure Document summarizing the risk factors involved in options trading, and I have determined that, in view of my financial situation and investment objectives, options trading is not unsuitable for me.

4. I have read and understood the section of the Options Risk Disclosure Document entitled "Exercise and Assignment". I am aware that if I fail to give instructions to the contrary by expiration date, any option I may hold which is in the money by three quarters of a point or more at expiration will be exercised automatically by the Options Clearing Corporation. I am also aware that I may not receive actual notice of an exercise or assignment until the week following expiration date.

5. Bear Stearns Securities shall have no responsibility to notify me when an option in my account is nearing expiration, and I will have no claim for damage or loss arising out of the fact that an option in my account was not exercised unless I have instructed Bear Stearns Securities to exercise such option at or before the time established by Bear Stearns Securities.

6. If I engage in uncovered option writing, I agree to maintain adequate cash reserves to meet reasonably foreseeable margin calls and will, upon your request, immediately deposit cash reserves in my account that you deem to be required under the circumstances.

7. ARBITRATION
- Arbitration is final and binding on the parties.
- The parties are waiving their right to seek remedies in court, including the right to jury trial.
- Pre-arbitration discovery is generally more limited than and different from court proceedings.
- The arbitrators' award is not required to include factual findings or legal reasoning and any party's right to appeal or to seek modification of rulings by the Arbitrators is strictly limited.
- The panel of arbitrators will typically include a minority of arbitrators who were or are affiliated with the securities industry.

No person shall bring a putative or certified class action to arbitration, nor seek to enforce any pre-dispute arbitration agreement against any person who has initiated in court a putative class action or who is a member of a putative class action, or who has not opted out of the class with respect to any claims encompassed by the putative class action until:
(i) The class certification is denied;
(ii) The class is decertified; or
(iii) The customer is excluded from the class by the court. Such forbearance to enforce an agreement to arbitrate shall not constitute a waiver of any rights under this agreement except to the extent stated herein.

You agree, and by maintaining an account for you Bear Stearns Securities agrees, that controversies arising between you and Bear Stearns, its control persons, predecessors, subsidiaries and affiliates and all respective successors, assigns and employees, whether arising prior to, on or subsequent to the date hereof, shall be determined by arbitration. Any arbitration under this agreement shall be held at the facilities and before an arbitration panel appointed by the New York Stock Exchange, Inc., The American Stock Exchange, Inc., or the National Association of Securities Dealers, Inc. (and only before such exchanges or association). You may elect one of the foregoing forums for arbitration, but it you fail to make such election by registered mail or telegram addressed to Bear, Stearns Securities Corp, 245 Park Avenue, New York, New York 10167, Attention: Chief Legal Officer (or any other address of which you are advised in writing), before the expiration of ten days after receipt of a written request from Bear Stearns to make such election, then Bear Stearns may make such election. For any arbitration solely between you and a broker at its principal place of business, The award of the arbitrators, or of the majority of them, shall be final, and judgment upon the award rendered may be entered in any court, state or federal, having jurisdiction.

8. THIS AGREEMENT AND ITS ENFORCEMENT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF NEW YORK, its provisions, including the arbitration provision, shall be continuous and shall inure to the benefit of Bear Stearns Securities, its controlling persons, successors and assigns, and it shall inure to the benefit of and be binding upon my estate, executors, administrators successors and assigns. Because Bear Stearns Securities is acting as clearing agent for a correspondent broker-dealer, the terms of this agreement, including the arbitration provision, shall likewise to the benefit of my broker-dealer, its successors and assigns, and all references to Bear Stearns Securities shall be deemed references to both Bear Stearns Securities and my broker-dealer.

9. I am aware that exercise assignment notices for option contracts are allocated among customer short positions pursuant to a procedure which randomly selects from among all customer short option positions, including positions established on the day of assignment, those contracts which are subject to assignment. All short option positions are liable for assignment at any time. A more detailed description of Bear Stearns Securities random allocation procedure is available upon request.

10. This agreement supplements any Customer Agreement which I may have signed, the terms of which shall, where inconsistent, supersede the terms set forth herein. Except as specifically amended by this agreement, all of the terms and conditions thereof shall remain effective.

11. I HEREBY CERTIFY THAT THE BACKGROUND INFORMATION AND FINANCIAL DATA PROVIDED HEREIN IS ACCURATE, AND I AM AWARE THAT THE INFORMATION AND DATA WILL BE RELIED UPON TO SERVICE MY ACCOUNT. I WILL ADVISE YOU IMMEDIATELY IN WRITING OF ANY CHANGES IN SUCH INFORMATION OR DATA OR IN MY OPTIONS INVESTMENT OBJECTIVES.
I ACKNOWLEDGE THAT THIS AGREEMENT CONTAINS A PRE-DISPUTE ARBITRATION CLAUSE ON THIS PAGE AT PARAGRAPH 7.

Date: 3/11/00    X _G. Kent Plunkett_    Signature of Customer
X _[signature]_
If account of more than one principal (i.e. joint account) all principals to the account must sign.

Name of Account: G. KENT PLUNKETT
(please print or type)

---

# OPTIONS INFORMATION FORM AND AGREEMENT

Account # 6139 3174

Dear Client:

Exchange rules require us to request the following information from all customers who intend to effect transactions in options. The information is intended to assist us in making recommendations that are appropriate to your investment objectives. We would appreciate your completing the form. Bear Stearns Securities may, on the basis of the information provided, decline to accept any account for option activity or may limit such account to specific activities.

NAME: G. KENT PLUNKETT
ADDRESS: 380 COMMONWEALTH AVE #73, BOSTON, MA 02215    PHONE # 617-266-1616

IF ACCOUNT IS IN NAME OF MORE THAN ONE INDIVIDUAL, PLEASE SUPPLY INFORMATION FOR ALL OWNERS.

OCCUPATION: INTERNET SOFTWARE MGR.    EMPLOYER: SALARY.COM INC
TYPE OF BUSINESS: INTERNET SOFTWARE MGR.    YEARS THERE: 1
AGE: 37    MARITAL STATUS: SINGLE    DEPENDENTS: 0
APPROXIMATE INCOME: $200,000.00    SPOUSE'S INCOME: N/A
APPROXIMATE NET WORTH: $1,500,000.00    APPROXIMATE LIQUID NET WORTH: $1,500,000.00
(Do Not Include Residence)    (Cash, Securities, Other)

CHECK BOX
OTHER INVESTMENTS:  ☐ REAL ESTATE    ☑ TAX SHELTERS    ☑ SAVINGS
INVESTMENT OBJECTIVES:  ☐ INCOME    ☑ GROWTH    ☐ TRADING PROFITS

PAST INVESTMENT EXPERIENCE:

| | YEARS EXPER. | ACTIVITY | | |
|---|---|---|---|---|
| | | NONE | LIMITED | MODERATE | EXTENSIVE |
| STOCK/BONDS | 10 | ☐ | ☐ | ☐ | ☑ |
| OPTIONS | 1 | ☐ | ☑ | ☐ | ☐ |
| COMMODITIES | | ☑ | ☐ | ☐ | ☐ |

INVESTORS SHOULD NOT PURCHASE PUT OR CALL OPTIONS UNLESS THEY ARE ABLE TO SUSTAIN A TOTAL LOSS OF THE PREMIUM AND TRANSACTION COSTS, OR WRITE UNCOVERED OPTIONS UNLESS THEY ARE ABLE TO SUSTAIN SUBSTANTIAL FINANCIAL LOSS.

PLEASE CHECK (SELECT) ONE OR MORE OF THE OPTION STRATEGIES YOU MAY WISH TO EMPLOY:

COVERED CALL WRITING  ☑
PUT/CALL SPREADS PUT/CALL BUYS (SPECULATIVE)  ☑
PUT WRITING (SPECULATIVE)  ☑
UNCOVERED CALL WRITING
(THIS IS A HIGHLY SPECULATIVE ACTIVITY)

ATTENTION CLIENT: PLEASE SIGN THIS FORM ON THE BOTTOM RIGHT HAND SIDE AFTER READING THE AGREEMENT. THANK YOU.

Date: 3/11/00    _[signature]_    R.R. Signature

Date: _____    Approved Equity Options    _____    BOM/ROP
Date: _____    Approved For Currency Options    _____    BOM/ROP
Date: _____    Approved Int. Rate Options    _____    BOM/ROP
Date: _____    Approved    _____    
Registered Options Principal

Date disclosure document sent    Date statement of risks for uncovered options writers sent

3000-349 (REV. 11/93) CON

CONFIDENTIAL
VAL0010