UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| G. KENT PLUNKETT, | ) |
|     Plaintiff, | ) CIVIL ACTION NO.: 04 CV 10765 NG |
| vs. | ) DEFENDANTS VALHALLA |
| | ) INVESTMENT SERVICES, INC. |
| VALHALLA INVESTMENT | ) AND ERIC T. HOUSE'S REPLY IN |
| SERVICES, INC., et al. | ) SUPPORT OF THEIR MOTION TO |
| | ) DISMISS |
|     Defendants. | ) |

The issues of jurisdiction and venue are at issue in the present case. Jurisdiction over Valhalla is not appropriate in this case because Valhalla does not fall under the Massachusetts long-arm statute. Furthermore, Valhalla does not have the requisite minimum contacts related to the Plaintiff's claims and it would be unreasonable to assert jurisdiction over Valhalla in this case. Finally, venue is improper because 28 U.S.C. § 1391 provides that Ohio, and not Massachusetts, is the proper forum state.

    I.    **Valhalla Is Not Subject To Jurisdiction In Massachusetts Under G.L. c. 233 § 3(a).**

In light of Defendants' Motion to Dismiss, and Plaintiff's Memorandum in Opposition to same (hereinafter "Plaintiff's Memorandum"), it is clear that the jurisdictional issue in this case turns on whether Valhalla transacted business in the Commonwealth of Massachusetts related to the Plaintiff's claims. Based on the evidence of record, Valhalla transacted no business in Massachusetts related to Plaintiff's claim and, as such, this Court does not have jurisdiction over Valhalla in the present matter. Thus, Plaintiff's Complaint must be dismissed.

As explained more fully in Defendants' Motion to Dismiss, in order to establish jurisdiction under Massachusetts' Long Arm Statute, G.L. c. 233A § 3(a), a defendant must have transacted business in Massachusetts *and* the plaintiff's claim must have arisen from the transaction of such business. Tatro v. Manor Care, 416 Mass. 763, 767 (1994) (emphasis added). In the present case, Valhalla transacted no business in the Commonwealth of Massachusetts related to Plaintiff's claim. Although "transacting any business" has been construed broadly, "an isolated (and minor) transaction with a Massachusetts resident may be insufficient." Id.

Plaintiff alleges that some particular conduct of Mr. House constitutes a "business transaction" sufficient to bring both Mr. House and Valhalla under the jurisdiction of this Court. However, the conduct on which Plaintiff relies does not constitute a transaction, but rather merely an interaction brought about by Plaintiff's own conduct. Moreover, that same conduct on which Plaintiff relies is too loosely attenuated from the Plaintiff's claim to constitute a business transaction related to the Defendants' alleged breach of fiduciary duty.

Plaintiff admitted, on page of 10 of his Memorandum, that he initiated the first contact between himself and Mr. House. He also indicated that contact was "maintained" between Mr. House and Plaintiff subsequent to Plaintiff's first contact with Mr. House. Plaintiff, however, fails to refute the Affidavit of Eric T. House (attached to Defendants Motion to Dismiss as Exhibit A), which clarifies that no business was transacted through the aforementioned telephone or email interaction. In fact, even after Plaintiff first contacted Mr. House, Plaintiff initiated all subsequent telephone contact between Mr. House and Plaintiff. Id. at ¶ 3. These facts clearly contradict Plaintiff's unsupported proposition that "Defendant…made deliberate contacts with Mr. Plunkett by soliciting and accepting Mr. Plunkett's investment business…." Plaintiff also argues that this Court should have jurisdiction over Mr. House and Valhalla because Mr. House

returned telephone calls and emails to Plaintiff, after Plaintiff first contacted Mr. House in Ohio. However, such conduct is merely an interaction insufficient to subject Valhalla to the jurisdiction of a foreign state. Mr. House's interaction cannot constitute a business transaction by the plain meaning of the language, as no "business" was "transacted," completed or implemented through the telephone calls or emails. The trading of securities in Plaintiff's account was done in Ohio at the offices of Valhalla.

Plaintiff also seeks to establish a "business transaction" by citing that "some of Mr. Plunkett's relatives…including his mother" are also Mr. House's clients. However, this fact is wholly irrelevant. The foregoing statement is insufficient to create a basis for this Court to assert jurisdiction over Valhalla because Plaintiff's claims are entirely unrelated to Plaintiff's relative's investments with, or relationship to, Mr. House.

A second event that has no bearing upon Plaintiff's claim against Valhalla is Mr. House's investment in Salary.com. Plaintiff alleges that this investment constitutes a business transaction, however, that point is moot, as Plaintiff has no complaints related to Valhalla's investment in Salary.com. Accordingly, this alleged business transaction is, again, unrelated to Plaintiff's claim of breach of fiduciary duty against these Defendants.

As Defendants identified in their Motion to Dismiss, Plaintiff's Complaint is entirely devoid of any facts to serve as a basis for this Court's jurisdiction over Mr. House and Valhalla. Additionally, Plaintiff's Memorandum lacks sufficient precedent indicating that mere interaction unrelated to Plaintiff's claims in the forum state is sufficient to bring a foreign defendant under the Massachusetts' long arm statute. The cases to which Plaintiff cites are factually distinguishable. For example, in Hahn v. Vermont Law School, 698 F.2d 51 (1st Cir. 1983), the claims undeniably arose from the business transactions between the foreign defendant and the

plaintiff-resident of the forum state. Plaintiff oversimplified the Court's holding by suggesting that, in that case, the interactions that constituted a business transaction were the sending of documents through the mail. In fact, it was the context and explanation of various contract terms *within* those documents that constituted a business transaction related to the plaintiff's breach of contract claim. In other words, the plaintiff's claims clearly arose from the meaning attached to various contract terms, which was provided to Plaintiff through the defendants' "business transactions" with the forum state.

Ealing Corp. v. Harrods Ltd. is similarly distinguishable because the out-of-state defendant's conduct that constituted a business transaction, to wit sending telexes that contained misrepresentations to the plaintiff in its resident state, was also the very basis of the plaintiff's complaint. 790F.2d 978, 983 (1st Cir. 1986). The telexes, which contained misrepresentations, formed the basis of the business transactions.

In the present case, Plaintiff's claim is in no way related to the telephone and email exchange provided by Mr. House, as no business was conducted during, or as a result of, those interactions. Plaintiff's Complaint contains allegations related to Valhalla's business conduct that occurred solely in the State of Ohio. Accordingly, the preceding case law cited by Plaintiff is not controlling in the present case, and Plaintiff's minor interactions in the Commonwealth of Massachusetts does not constitute a business transaction related to the Plaintiff's claim as is required by law.

Other case law cited by Plaintiff is also entirely amiss, as well. Plaintiff cites Tatro v. Manor Care, Inn., 416 Mass. 763, 767-773 (1994), Buchtouche Fish Market Ltd. v. City Sea Foods, Inc., 735 F. Supp. 441, 442 (D. Mass, McNaught, J. 1990), as support for his argument that the Mr. House's returning of Plaintiff's telephone calls and emails is sufficient interaction to

constitute a "business transaction" in the present case. However, the holdings in these cases do not apply to the present case, as the facts are fatally incongruent. In <u>Tatro</u>, the out-of-state defendant solicited business in the plaintiff's resident state through mass mailings; this is clearly in contrast to the facts of the present case, where neither Defendant solicited business in the Commonwealth of Massachusetts. <u>Buchtouche</u> also does not control in this case because the defendant in that case actually traveled to Massachusetts to conduct business with the plaintiff. Mr. House made clear in his affidavit that he never traveled to Massachusetts to conduct any business. Accordingly, the case law cited by Plaintiff in his Memorandum is entirely amiss, and as such, is not controlling in the present case.

Because the Defendant cannot demonstrate that Mr. House and Valhalla engaged in interactions that resulted in a business transaction in the Commonwealth of Massachusetts that is actually *related* to the Plaintiff's claim, this Court does not have sufficient basis under G.L. c.233A § 3(a) to exercise jurisdiction over the Defendants. Accordingly, this Court must dismiss Plaintiff's Complaint.

**II.    Jurisdiction Over Defendants Does Not Comport With Federal Due Process Requirements.**

As explained more fully in Defendants' Motion to Dismiss, three distinct components must be considered when evaluating minimum contacts: relatedness, purposeful availment, and reasonableness. <u>Hasbro, Inc. v. Clue Computing, Inc.</u>, 994 F. Supp. 34, 44 (D. Mass. 1997). In the present case, it is already established that Plaintiff's claim of breach of fiduciary duty is in no way related to Mr. House's interactions with Plaintiff's family members, Valhalla's investment in Salary.com, or returning the phone calls and emails Mr. House received from Plaintiff. Accordingly, the claim underlying this litigation does not directly arise from Mr. House's attenuated interaction with the forum state.

5

It has also been previously established that neither Mr. House nor Valhalla purposefully availed itself of the law and/or residents of Massachusetts so that it had a fair warning of its susceptibility to suit in the courts of the Commonwealth. In his sworn affidavit, Mr. House identifies Valhalla as a privately held corporation organized and existing under the laws of Ohio with its principle place of business in Ohio. (House Aff. at ¶ 5). Valhalla maintains no offices outside of Ohio; does not transact any business in Massachusetts; does not contract to supply services or things in Massachusetts; and does not regularly do or solicit business or engage in any other persistent course of conduct or derive substantial revenue from goods used or services rendered in Massachusetts. Id. at 5-6. Furthermore, Plaintiff initiated all telephone contact between Mr. House and Plaintiff, and Mr. House never traveled to Massachusetts to conduct business with Plaintiff. Id. at ¶ 3. Accordingly, Mr. House had no reason to believe that he would be hailed into a Massachusetts Court over business conducted entirely in Ohio.

Federal Due Process requires that, in the total calculus of the circumstances, the exercise of jurisdiction comply with traditional notions of fair play and substantial justice. *See*, Hasbro, *supra*. Plaintiff blindly assumes that Ohio has no interest in this litigation and that Defendants will suffer "no impermissible burden…if this action proceeds in this state." (Plaintiff's Memorandum at 12-13). Plaintiff's blind assertion is wrong.

Defendant is a resident of Ohio and is a Registered Investment Advisor with the Securities and Exchange Commission based in Ohio. (House Aff. at ¶ 1). Valhalla is a privately held corporation organized and existing under the laws of Ohio with its principle place of business in Ohio. (Id. at ¶ 5). Accordingly, the state of Ohio has an interest in hearing this lawsuit, both because the party Defendants involved are an Ohio resident and an Ohio

6

corporation doing business in the state of Ohio, and, because the alleged conduct of the Defendants that is the subject of the Plaintiff's claim was transacted in the State of Ohio.

In his Memorandum, Plaintiff also overlooks the "impermissible burden imposed on Defendants" by litigating this action in the Commonwealth. Although Defendants' counsel was admitted *pro hac vice* in this action, it is still necessary for Defendants to employ local counsel in the Commonwealth of Massachusetts. Defendants, as well as defense counsel, will be required to travel to Massachusetts numerous times thereby incurring substantial costs, and placing severe strains on a small business. Accordingly, defense of this lawsuit in the Commonwealth is not only burdensome on Defendants, it is impermissibly so.

Because the Plaintiff's claim is not related to Mr. House's interaction with Massachusetts, Defendants have not purposefully availed themselves of the law of the Commonwealth, and because litigation of this suit in this Court is unreasonable when compared to interests and ease of litigation in an Ohio Court, jurisdiction over the Defendants in this case does not meet the federal requirements for Due Process. Therefore, this Court must grant Defendants' Motion to Dismiss.

**III. Ohio, and not Massachusetts, is the proper venue under 28 U.S.C. § 1391.**

28 U.S.C. § 1391(a) lists three possible methods of determining proper venue. The third method only applies when "there is no district in which the action may otherwise be brought." This third provision is inapplicable in the present case, as both of the first two provisions mandate that the Southern District of Ohio is the proper venue for this case.

Pursuant to 28 USC 1391(a)(1), a civil action founded on diversity of citizenship may be brought in the judicial district where the defendants reside, if all defendants live in the same

state. Plaintiffs do not contest that both Mr. House and Valhalla "reside" in Ohio. Accordingly, Ohio is the proper venue founded on the first provision of 28 U.S.C. § 1391(a).

Even if subsection (a)(1) was not satisfied, the second provision of 28 U.S.C. § 1391(a) also mandates that venue is proper in Ohio because Plaintiff's claims are based on alleged activity that took place in Ohio. Contrary to Plaintiff's assertion, Massachusetts does not qualify as a proper judicial district under § 1391 because Defendants do not reside in Massachusetts, and no substantial part of the events or omission that is the subject of Plaintiff's claims occurred in Massachusetts. Mr. House has testified in his sworn affidavit that he never traveled to Massachusetts to conduct business with Plaintiff and all telephone contact between Mr. House and Plaintiff was initiated by Plaintiff. (House Aff. at ¶ 3.) Valhalla maintains no offices in Massachusetts, and its principle place of business is in Ohio. (Id. at ¶5.) Furthermore, Valhalla transacted no business in Massachusetts related to Plaintiff's claim. (Id. at ¶ 6.)

Plaintiff asserts that Massachusetts is a proper forum for this case because a "substantial part of the events or omissions giving rise to claim occurred" in this state. However, as previously explained, Mr. House's interactions in the state of Massachusetts are not related to the Plaintiffs' claim. Mr. House did return phone calls and emails to Plaintiff, however, no business was transacted during these interactions, and no business resulted from these interactions. To follow this logic to its reasonable conclusion, any time a business owner returned a telephone call to respond to a possible claim, jurisdiction would thereafter lie in the jurisdiction from where the telephone call was made. Such an illogical conclusion is precisely what the laws and statutes governing venue and jurisdiction are supposed to prevent.

Additionally, requiring Defendants to litigate this claim in Massachusetts despite the fact that they transact business exclusively in Ohio is again unnecessarily burdensome, against public

policy, and does not comport with the federal Due Process requirements, as outlined above. Because 28 U.S.C. § 1391 provides no grounds for litigating Plaintiff's suit in a Massachusetts forum, and, instead provides that this case should be properly litigated in the Southern District of Ohio, this Court must dismiss the Plaintiff's claims on the ground of improper venue.

Respectfully Submitted,

_____
Brian Voke, Esq. (BBO #544327)
CAMPBELL, CAMPBELL, EDWARDS & CONROY, P.C.
One Constitution Plaza, 3rd Floor
Boston, MA 02119
617/241-3042
617/241-5115 – Facsimile

Vincent P. Antaki, Esq. (Pro Hac Vice)
REMINGER & REMINGER CO., L.P.A.
West 7th Street, Suite 1990
Cincinnati, Ohio 45202
513/721-1311
513/721-2553 – Facsimile

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via Ordinary United States Mail Service this 21st day of September 2005 upon:

H. Joseph Hameline, Esq.
Mintz Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
**Attorney for Plaintiff**

_____
Brian Voke, Esq.
Vincent P. Antaki, Esq.