UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| G. KENT PLUNKETT,<br>　　Plaintiff,<br><br>　　vs.<br><br>VALHALLA INVESTMENT<br>SERVICES, INC., et al.<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.: 04 CV 10765 NG |

**PLAINTIFF G. KENT PLUNKETT'S MOTION TO COMPEL
DOCUMENTS AND INTERROGATORY ANSWERS FROM DEFENDANTS
<u>VALHALLA INVESTMENT SERVICES, INC. AND ERIC T. HOUSE</u>**

Pursuant to Fed. R. Civ. P. 37[1] and L.R. 37.1, plaintiff G. Kent Plunkett ("Plaintiff" or "Plunkett") respectfully requests this Court to order defendants Valhalla Investment Services, Inc. ("Valhalla") and Eric T. House ("House") (collectively, "Defendants") to provide more complete and adequate responses to interrogatories and document requests. Specifically, Plunkett seeks an order compelling Defendants to produce all documents and tangible things in their possession, custody or control responsive to Request Nos. 14, 15, 16, 17, 19, 21, 25, and 26 of Plaintiff's First Request for Production of Documents ("Plunkett's First Requests"), which Plunkett served on Defendants on February 23, 2005, and Request Nos. 1, 4, 7, 8, 10 and 11 of Plaintiff's Second Request for Production of Documents ("Plunkett's Second Requests"), which Plunkett served on Defendants on June 30, 2005.

---

[1] Fed. R. Civ. P. 33 and 34 both allow for a party submitting discovery requests to move for an order compelling more adequate responses to interrogatories and document requests. See Fed. R. Civ. P. 33(b)(5) ("the party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory."); Fed. R. Civ. P. 34(b)("the party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part there of, or failure to permit inspection as requested.")

Plunkett also seeks an order compelling Defendants to respond more fully to Interrogatory No. 7 of Plaintiff's First Set of Interrogatories ("Plunkett's First Interrogatories"), which Plunkett served on Defendants on February 23, 2005, and Interrogatory Nos. 1 and 4 of Plaintiff's Second Set of Interrogatories ("Plunkett's Second Interrogatories"), which Plunkett served on Defendants on August 8, 2005.

All of the discovery that Plunkett seeks to compel, whether in the form of additional documents or more complete interrogatory answers, falls within three general substantive categories: (1) trading, tax and accounting records for Plunkett and Valhalla; (2) trading records and strategies related to Valhalla's other clients; and (3) complaints from other Valhalla investors. As explained below, all of this discovery is relevant to Plunkett's claims against the Defendants for breach of fiduciary duty, violations of Section 10(b) of the Exchange Act, and violations of G.L. c. 110A. For this reason, and for the reasons more fully set out below, Plunkett requests this Court to grant his motion and order the Defendants to produce additional discovery.

## BACKGROUND

### Plunkett's Allegations Against Defendants

Plunkett filed this case against Defendants in April 2004, alleging that House and Valhalla lost $930,000 of $1,000,000 that Plunkett invested with Defendants. *See generally* Complaint. Specifically, Plunkett alleges that based on House's representation that he would invest Plunkett's funds using the same strategy that he used for a hedge fund that House operated through Valhalla known as the Valhalla Venture Fund, Plunkett invested $1,000,000 with House and Valhalla. *Id.* at ¶¶ 7-15. Plunkett further alleges that House later lost more than 90% of Plunkett's investments, even though investors in the Valhalla

Venture Fund fared far better. *Id.* The reason for this, according to the Complaint, is that House illegally allocated gains and losses inconsistently among Plunkett and other Valhalla investors -- including investors in the Valhalla Venture Fund -- to shore up investment returns for certain Valhalla clients. *Id.* As a result, Plunkett was unfairly saddled with other investor's losses. *Id.*

### Plunkett's Discovery Requests

To prove his claims that Defendants both improperly traded away Plunkett's investment and illegally allocated losses among their investors, Plunkett requested documents and interrogatory answers on a number of relevant subjects, including the Defendants' trading activities and strategies, profits and losses sustained by Plunkett and other Valhalla investors, profits and losses sustained by the Valhalla Venture Fund, and complaints asserted against Defendants by other Valhalla investors. In response to Plunkett's discovery requests, the Defendants produced only limited amount of documents and information, including incomplete profit and loss information for Plunkett and the Valhalla Venture Fund, and trading records for the fund (but not for Plunkett). Defendants also made two important admissions. First, they admitted that "the strategy employed on behalf of Plaintiff was the same strategy employed on behalf of the hedge fund." Plunkett's First Interrogatories No. 7. Second, Defendants admitted that "the strategy employed on behalf of Plaintiff was the same strategy employed on behalf of approximately 75% of clients." *Id.* at 4.

Despite these admissions, Defendants nonetheless refused to provide discovery concerning three broad categories of information, namely: (1) trading, tax and accounting records for Plunkett and Valhalla; (2) trading records and strategies employed by Defendants

3

for Valhalla's other clients; and (3) complaints from Valhalla investors. According to Defendants, Plunkett's discovery requests were either "overly broad and burdensome" or "not calculated to lead to the discovery of admissible evidence," or sought confidential information.

### The Parties' Local Rule 37.1 Conference(s)

In a September 13, 2005 letter to counsel for Defendants, a copy of which is attached to the Affidavit of Samuel F. Davenport, Esq. ("Davenport Affid.") as Exhibit A, Plunkett's counsel requested a conference to discuss Defendants' discovery responses. Thereafter, on September 19, 2005, counsel for both parties conferred pursuant to Local Rule 7.1 and 37.1 in an effort to resolve their discovery dispute without involving this Court. Although the parties were unable to resolve any issues during this conference, Plunkett's counsel later wrote to Defendants' counsel in a follow-up attempt "to try to narrow [two] requests in a manner that, in [Defendants'] view, would be less onerous to comply with." *See* September 24, 2005 Letter from Samuel F. Davenport to Vincent P. Antaki, attached to the Davenport Affid. as Exhibit B. As a result of this letter, counsel were able to resolve some -- but not nearly all -- of the outstanding discovery issues between the parties. Left with no other alternative, Plunkett filed this motion.

### ARGUMENT

**I.    Legal Standard.**

Fed. R. Civ. P. 26(b)(1) authorizes discovery regarding "any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . ." "[T]he broad mandates of Fed. R. Civ. P. 26 demand that the scope of discovery be liberally construed so as to provide both parties with information essential to proper litigation on all the facts." *M.*

4

*Berenson Co. v. Faneuil Hall Marketplace, Inc.*, 103 F.R.D. 635, 637 (D. Mass. 1984). "The basic philosophy of the present federal procedure is that prior to trial every party to a civil action is entitled to the disclosure of all relevant information in the possession of any person, unless the information is privileged." *Id.* (quoting *Donovan v. Prestamos Puerto Rico, Inc.*, 91 F.R.D. 222, 223 (D.P.R. 1981)). "Thus, '[d]iscovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action.'" *Gagne v. Reddy*, 104 F.R.D. 454, 455 (D. Mass. 1984) (quoting *Miller v. Doctor's General Hospital*, 76 F.R.D. 136, 138 (W.D. Okla. 1977)).

**II.    There is No Basis For Defendants' Refusal to Produce Documents Concerning Trading, Tax and Accounting Records for Valhalla, the Valhalla Venture Fund, and Plunkett.**

As explained above, Defendants have objected to producing trading, tax or accounting records for Valhalla, or documents related to Defendants trading strategy for Plunkett and the Valhalla Venture Fund, claiming that such documents fall outside the scope of Rule 26(b)(1). Plunkett initially requested these documents in his First Set of Document Request Nos. 14, 15, 16, 17, 19, 21, 25, 26. These requests, and Defendants' responses to these requests, are set out below:

> 14.    All documents concerning any plans, approach or strategy for the investment or management of other monies or funds invested or managed by either Defendant.
>
> **RESPONSE:**  Objection.  Not calculated to lead to the discovery of admissible evidence.
>
> 15.    All documents concerning the investment of funds managed by Defendants and the loss or gain from such investments.
>
> **RESPONSE:**  Objection.  Calls for documents that may be protected by the attorney-client privilege and/or the work-product doctrine, not calculated to lead to the discovery of admissible evidence.  Without waiving the objection

5

and subject to the Protective Order entered in this case, see attached Gain/Loss Reports for Plaintiff and for the Valhalla Venture Fund.

16. All documents concerning the allocation of losses and gains from the investments by or managed by Defendants.

**RESPONSE:** <u>Objection</u>. Not calculated to lead to the discovery of admissible evidence. Also, this request calls for documents that may be protected by the attorney-client privilege and/or the work-product doctrine, not calculated to lead to the discovery of admissible evidence. Without waiving the objection and subject to the Protective Order entered in this case, see attached Gain/Loss Reports for Plaintiff and for the Valhalla Venture Fund, as well as monthly statements for the Valhalla Venture Fund.

17. All documents which concern or describe any fund managed by Valhalla, including all related promotional materials, projections, prospectus, SEC filings and any other reporting on the fund(s) or investment(s).

**RESPONSE:** <u>Objection</u>. Not calculated to lead to the discovery of admissible evidence. Also, this, request calls for documents that may be protected by the attorney-client privilege and/or the work-product doctrine, not calculated to lead to the discovery of admissible evidence. Without waiving the objection and subject to the Protective Order entered in this case, see attached Gain/Loss Reports for Plaintiff and for the Valhalla Venture Fund, as well as monthly statements for the Valhalla Venture Fund.

19. All documents concerning the losses and/or gains of Valhalla or any fund or investments managed by Valhalla.

**RESPONSE:** <u>Objection</u>. Not calculated to lead to the discovery of admissible evidence; without waiving the objection and subject to the Protective Order entered in this case, see attached Gain/Loss Reports for the Valhalla Venture Fund, as well as monthly statements for the Valhalla Venture Fund.

21. All documents concerning the trading or investing results obtained by Defendant(s).

**RESPONSE:** <u>Objection</u>. Not calculated to lead to the discovery of admissible evidence and overly broad and burdensome as worded.

25. All documents concerning the trading or investing plans or approaches to be taken by Defendants.

**RESPONSE:** <u>Objection</u>. Not calculated to lead to the discovery of admissible evidence and overly broad and burdensome as worded.

>    26.    All audit reports for Valhalla for the years 2000 through 2003.
>
>    **RESPONSE:**    <u>Objection</u>.    Not calculated to lead to the discovery of admissible evidence.

*See* Defendants' Responses to Plaintiff's Requests for Production of Documents, attached to the Davenport Affid. as Exhibit C.  Plunkett later sought additional information on these same topics in his Second Request for Production of Documents, specifically in Request Nos. 1, 7, 8, 10, and 11.  These requests, and Defendants' responses to these requests, are set out below:

>    1.    All documents concerning the formation and solicitation of investors for the Valhalla Venture Fund, or other clients of Defendants or Valhalla Investment Advisory, Inc., including all Private Placement Memoranda and related documents.
>
>    **RESPONSE:**    <u>Objection</u>.    Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.
>
>    7.    All documents which concern revenues generated by Valhalla Investment Advisory, Inc., Valhalla Investment Services, Inc., and/or Eric T. House from investment or financial management services.
>
>    **RESPONSE:**    <u>Objection</u>.    Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.
>
>    8.    All tax returns of Defendants, Valhalla Investment Advisory, Inc. and. Valhalla Venture Fund.
>
>    **RESPONSE:**    <u>Objection</u>.    Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.
>
>    10.    All documents which reflect or concern trading records for trades by or on behalf of Defendants, Valhalla Investment Advisory, Inc., Valhalla Venture Fund, including trading slips, order entry information including order entry slips with time stamps and realized gain/loss reports.
>
>    **RESPONSE:**    <u>Objection</u>.    Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.
>
>    11.    All documents concerning reporting to clients or customers of Valhalla Investment Advisory, Inc. and/or Defendants, including Valhalla Venture Fund.

> **RESPONSE:** <u>Objection</u>. Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.

*See* Defendants' Responses to Plaintiff's Second Set of Requests for Production of Documents, attached to the Davenport Affid. as Exhibit D.

In response to all of these requests, Defendants agreed to produce only "Gain/Loss Reports for Plaintiff and for the Valhalla Venture Fund, as well as monthly statements for the Valhalla Venture Fund" and limited trading records for the Valhalla Venture Fund, but nothing more. In fact, Defendants asserted blanket objections to almost every request listed above, claiming that such requests are either "not calculated to lead to the discovery of admissible evidence" or "overly broad and burdensome." As explained below, both of these objections are groundless.

First, there is no basis for Defendants' objection to producing trading, accounting and tax information concerning Valhalla and Plunkett on the ground that such information is not calculated to lead to the discovery of admissible evidence.[2] In fact, such documents will reveal fundamental information that Plunkett needs to prove his claims. For example, documents related to Plunkett's and Defendants' trading strategy and activity will show both the frequency of trading activity for Plunkett's investments and the Valhalla Venture Fund, and whether or not Defendants followed the same strategy in trading Plunkett's investments and the Valhalla Venture Fund, as they claim. These records will also show whether or not the trading practices Defendants allegedly used for Plunkett's account and the Valhalla Venture Fund's are consistent with the performance of Plunkett's investments.

Valhalla's accounting and tax records, too, contain relevant information. This is because Valhalla, like most investment advisory firms, earns income in part by collecting

---

[2] To the extent that Defendants object to Plunkett's requests for trading records concerning other Valhalla clients, please see Plunkett's argument in Section III of this memorandum, below.

fees that are based on a certain percentage of the assets that Valhalla manages. Therefore, a rise or fall in Valhalla's assets-under-management translates into a rise or fall in its revenues, which will be recorded in Valhalla's accounting statements, audits and tax returns. Considering that Valhalla has admitted that "the strategy employed on behalf of Plaintiff was the same strategy employed on behalf of approximately 75% of clients," Plunkett's First Interrogatories No. 4, and further considering that Valhalla lost more than 90% of Plunkett's investments, one would certainly expect a 90% decline in at least 75% of Valhalla's other assets-under-management. This decline, in turn, should appear on Valhalla's financial statements, audits and tax returns as a precipitous decrease in its revenues over the relevant time period. For this reason alone, there is no basis for Defendants' claim that Plunkett's request for Valhalla's accounting and tax records is not reasonably calculated to lead to the discovery of admissible evidence.

Second, there is no basis for Defendants' objection to producing trading, accounting and tax records on the ground that Plunkett's requests for such documents are "overly broad" and "unduly burdensome." Defendants do not claim -- nor could they -- that these documents are not in their possession, custody or control. Indeed, as Investment Advisors, Defendants have an obligation to maintain such records on behalf of their clients. Nor does Valhalla argue that the requested documents are so voluminous as to make them unduly expensive to produce. Absent such claims, it is less than clear as to why it would be unduly burdensome to produce, for example, trading slips for Plunkett or the Valhalla Venture Fund, or accounting and tax records for Valhalla.

In sum, the trading, accounting and tax records that Plunkett requests go to the heart of Plunkett's claims against Defendants, and are likely to show critical information about

precisely how Defendants handled investments for Plunkett and other similarly-situated investors. Accordingly, this Court should compel Defendants to produce such documents to Plunkett.

**III.   There is No Basis For Defendants' Refusal to Produce Information Concerning Other Valhalla Clients, Especially In Light of Valhalla's Admission That The Trading Strategy Employed on Behalf of Plunkett Was The Same Strategy Employed on Behalf of Approximately 75% of Valhalla's <u>Clients.</u>**

In addition to refusing to produce documents related to trading, accounting and tax records, Defendants have likewise refused to produce documents or information about Valhalla's other clients. Specifically, Interrogatory Nos. 1 and 4 of Plunkett's Second Set of Interrogatories requested Defendants to provide the following information:

> 1.   Identify each client or customer of Valhalla Investment Advisory, Inc., Valhalla Investment Services, Inc. and Eric T. House during the period January 200 through December 2003.
>
> **RESPONSE:** <u>Objection.</u> Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.
>
> 4.   Identify all other clients or customers of Defendants for whom Defendants employed an investment or trading strategy similar to or consistent with that employed on behalf of Plaintiff and how such investment or trading strategy or approach differed from that employed on behalf of Plaintiff.
>
> **RESPONSE:** <u>Objection</u>. Calls for confidential information. Without waiving the objection, the strategy employed on behalf of Plaintiff was the same strategy employed on behalf of approximately 75% of clients.

*See* Defendants' Responses to Plaintiffs' Second Set of Interrogatories, attached to the Davenport Affid. as Exhibit E. In addition, Plunkett's First Interrogatories asked Defendants for information about the trading strategy that Valhalla employed on its funds:

> 7.   Describe in full and complete detail the investment or trading strategy and/or approach employed on behalf of any fund managed by Valhalla.

10

> **RESPONSE:** <u>Objection</u>. Calls for confidential information. Without waiving the objection, the strategy employed on behalf of Plaintiff was the same strategy employed on behalf of the Valhalla Venture Fund managed by Valhalla.

*See* Defendants' Responses to Plaintiff's Interrogatories, attached to the Davenport Affid. as Exhibit F.

Similarly, Plunkett's First Request No. 19 also sought documents related to Valhalla's other investors. That request, and Defendants' response to that request, is listed below:

> 1. All documents concerning the formation and solicitation of investors for the Valhalla Venture Fund, or other clients of Defendants or Valhalla Investment Advisory, Inc., including all Private Placement Memoranda and related documents.
>
> **RESPONSE:** <u>Objection</u>. Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.

*See* Davenport Affid., Exhibit C. Plunkett's Second Request Nos. 1, 4 and 11 likewise sought documents concerning other Valhalla investors. Those requests, and Defendants' responses to those requests, are listed below:

> 1. All documents concerning the formation and solicitation of investors for the Valhalla Venture Fund, or other clients of Defendants or Valhalla Investment Advisory, Inc., including all Private Placement Memoranda and related documents.
>
> **RESPONSE:** <u>Objection</u>. Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.
>
> 4. All statements, investment reports, gain/loss and other reports for customers whose accounts were managed by Valhalla Investment Advisory, Inc. and/or Eric T. House.
>
> **RESPONSE:** <u>Objection</u>. Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.
>
> 11. All documents concerning reporting to clients or customers of Valhalla Investment Advisory, Inc. and/or Defendants, including Valhalla Venture Fund.

>	**RESPONSE:**  <u>Objection</u>.  Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.

*See* Davenport Affid., Exhibit D.

Yet, other than acknowledging that "the strategy employed on behalf of Plaintiff was the same strategy employed on behalf of approximately 75% of clients," Defendants refused to identify or provide any information or documents about other Valhalla investors, claiming that Plunkett's requests either were not calculated to lead to the discovery of admissible evidence, or sought confidential information.  Again, Defendants' objections are groundless.

As an initial matter, Plunkett's requests for information and documents about related to other Valhalla clients easily hurdle Rule 26(b)(1)'s low bar.  Because Plunkett alleges that Defendants have allocated gains and losses inconsistently among Plunkett and other Valhalla investors, Plunkett is entitled to know (1) whether Defendants employed a trading strategy for other Valhalla clients that was similar to the strategy used for Plunkett and the Valhalla Venture Fund, and (2) if so, whether such other clients experienced losses similar to Plunkett's losses.  This is especially true in light of Defendants' admission that the strategy employed in managing Plunkett's account was the same as that used for 75% of Defendants clients and the Valhalla Fund.  Indeed, if Defendants employed the same strategy for Plunkett and 75% of their other clients -- including the Valhalla Venture Fund -- then Plunkett should be entitled not only to find out who such investors are, but also to look at such clients' records to see if their gains and losses mirror those of Plunkett.  Plunkett should also be entitled to information about other Valhalla investors to show whether not Defendants allocated gains and losses appropriately among their clients.  Put simply, there is no basis for Defendants' claim that information related to other Valhalla clients -- whose investments

12

Defendants managed under the same strategy as Plunkett's investment -- is not calculated to lead to the discovery of admissible evidence.

Equally baseless is Defendants' objection to producing information about the identity of Valhalla clients and the strategy that Valhalla used to manage Plunkett's and other client's investments on the ground that such information is "confidential."  On May 23, 2005, the parties entered into a Stipulation and Protective Order Regarding the Disclosure of Confidential Information (the "Protective Order"), a copy of which is attached to the Davenport Affid. as Exhibit G.  This Court approved the Protective Order on June 16, 2005.  The purpose of the Protective Order, of course, is to prevent the unwanted disclosure of "confidential" documents so that a party may produce such documents without fear that they will be used or disclosed outside of this litigation.  *See* Protective Order at 1.  Under its terms, if a party is required to produce a confidential document, that party can protect the document from additional disclosure or use of the document beyond the confines of this litigation by "stamping the cover and each page of such document 'CONFIDENTIAL.'"  *Id.* at ¶¶ 3, 6 and 8.  In light of these protections -- protections which both parties intended to cover precisely this situation -- Defendants cannot refuse to produce otherwise relevant information by hiding behind the mask of "confidentiality."

Accordingly, considering Plunkett's claims against Defendants, and considering Defendants' admission that they employed the same strategy for Plunkett and 75% of their other clients, information related to Defendants' other clients, including their identities, trading activity and the strategies that Defendants employed to manage their assets, are clearly relevant to this litigation and must be produced.  Moreover, the parties' Protective

Order puts to rest Defendants' objection to producing such information on the ground that it is "confidential."

### IV. There Is No Basis For Defendants' Objection to Producing Documents Concerning Complaints Against Defendants

In addition to refusing to produce trading records, accounting records, tax return, and information about other Valhalla investors, Defendants have also refused to produce documents concerning any complaints that Defendants' investors have asserted against Defendants in which they allege that Defendants have violated state or federal securities laws. Plunkett initially sought such documents in Request No. 18 of his first request for production of documents, which states:

> 18.   All documents concerning any complaints by investors of Defendants.
>
> **RESPONSE:** <u>Objection.</u> Not calculated to lead to the discovery of admissible evidence.

*See* Davenport Affid., Exhibit C. During the parties' Local Rule 37.1 conference, counsel for Defendants also objected to Request No. 18 on the ground that it was overly broad and burdensome, even though Defendants never asserted that objection in their responses. Nonetheless, Plunkett's counsel thereafter wrote to Defendants' counsel "to try to narrow [Request No. 18] in a manner that, in [Defendants'] view, would be less onerous to comply with." *See* Davenport Affid., Exhibit B. In that letter, Plunkett's counsel proposed revising Request No. 18 as follows:

> **18.   All documents concerning complaints, claims, demands or any legal actions against Defendants by Defendants' past or present investors involving claims that Defendants had (a) breached their fiduciary duty to such investors, (b) misallocated such investors' gains or losses among other investments, or (c) violated state or federal securities laws.**

14

*Id.* (emphasis in original). In response, Defendants' counsel represented that there were no documents responsive to subsections (a) and (b) of the revised Request No. 18.[3/] However, Defendants' counsel objected to producing documents responsive to subsection (c) of the revised request on the ground that the request was overly broad and potentially encompassed a very large group of documents.

Defendants' continued objection to Request No. 18 -- specifically, their objection to producing documents "concerning complaints, claims, demands or any legal actions against Defendants by Defendants' past or present investors involving claims that Defendants had . . . (c) violated state or federal securities law -- is unfounded. Within the broad confines of Rule 26(b)(1), Plunkett is entitled to explore whether or not other Valhalla investors have alleged -- as Plunkett does here -- that Defendants have violated state or federal securities laws. Indeed, such information, if it exists, would support a claim that Defendants' alleged conduct with respect to Plunkett was part of a common scheme or plan to defraud their investors and/or shore up some investor's losses with other investors' profits (or less severe losses). Such evidence is admissible under Fed. R. Evid. P. 404(b), and therefore is clearly discoverable in this case. *See* Fed. R. Evid. P. 404(b) (noting that evidence of other crimes, wrongs or acts may be admissible to demonstrate "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident); *United States v. Gonzalez-*

---

[3/]   The letter attached as Exhibit C also contains Defendants' counsel's attempt to revise Request No. 20 of Plunkett's First Requests in an effort to resolve the parties' dispute. Revised Request No. 20 seeks:

> **20.   All documents concerning complaints, notices of complaints, demands or any legal actions against Defendants by the Securities and Exchange Commission involving claims that Defendants had (a) breached their fiduciary duty to their investors, (b) misallocated such investors' gains or losses among other investments, or (c) violated state or federal securities laws.**

*See* Exhibit C (emphasis in original). In response to the revised Request No. 20, Defendants' counsel has represented that there are no documents responsive to subsections (a) and (b) of the revised request but that counsel would provide documents or information -- whichever exists -- responsive to subsection (c).

15

*Sanchez*, 825 F.2d 572, 581-83 (1st Cir. 2004) (affirming admissibility of other fires for the purposes of showing a common scheme to defraud using arson of property). For these reasons, Plunkett requests this Court to compel Defendants to produce documents responsive to the revised Request No. 18, as set forth in the Davenport Affid., Exhibit B.

## CONCLUSION

For the foregoing reasons, Plunkett respectfully requests this Court to compel Defendants: (1) to produce documents responsive to Plunkett's First Request Nos. 14, 15, 16, 17, 19, 21, 25, and 26, and Plunkett's Second Request Nos. 1, 4, 7, 8, 10 and 11; (2) to answer more fully Plunkett's First Interrogatory No. 7, and Plunkett's Second Interrogatory Nos. 1 and 4; and (3) to produce documents responsive to Plunkett's revised Request No. 18(c).

Respectfully submitted,

G. KENT PLUNKETT

By his attorneys,

/s/ H. Joseph Hameline_____
H. Joseph Hameline, BBO #218710
Samuel F. Davenport, BBO #636958
MINTZ, LEVIN, COHN, FERRIS,
   GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA  02111
Tel.  (617) 542-6000

Dated:  October 27, 2005

## **CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1 AND 37.1**

I, H. Joseph Hameline, hereby certify that on September 19, 2005, counsel for both parties conferred and attempted in good faith to resolve or narrow the discovery issues addressed in this motion to the greatest extent possible.

/s/ H. Joseph Hameline
H. Joseph Hameline

## **CERTIFICATE OF SERVICE**

I, H. Joseph Hameline, hereby certify that on October 27, 2005, I served true and accurate copies of the foregoing documents electronically or by U.S. Mail on:

Brian Voke, Esquire
CAMPBELL, CAMPBELL,
   EDWARDS & CONROY, P.C.
One Constitution Plaza, 3rd Floor
Boston, MA  02119

Vincent P. Antaki, Esquire
REMINGER & REMINGER CO., L.P.A.
7 West 7th Street, Suite 1990
Cincinnati, OH  45202

/s/ H. Joseph Hameline
H. Joseph Hameline