UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

G. KENT PLUNKETT,  )
    Plaintiff,  )
  )
  )
vs.  )     CIVIL ACTION NO.: 04 CV 10765 NG
  )
VALHALLA INVESTMENT  )
SERVICES, INC., et al.  )
    Defendants.  )
  )

## AFFIDAVIT OF SAMUEL F. DAVENPORT, ESQ.

1.    I am an associate with the law firm of Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., and one of the counsel for plaintiff G. Kent Plunkett ("Plaintiff" or "Plunkett") in this case.

2.    I submit this Affidavit in support of Plaintiff's Motion to Compel Documents and Interrogatory Answers from Defendants Valhalla Investment Services, Inc. and Eric T. House.

3.    Attached hereto as Exhibit A is a true and accurate copy of a September 13, 2005 letter that I sent to Vincent P. Antaki, counsel for Defendants Valhalla Investment Services, Inc. and Eric T. House (collectively, "Defendants").

4.    Attached hereto as Exhibit B is a true and accurate copy of a September 24, 2005 letter that I sent to Vincent P. Antaki, counsel for Defendants Valhalla Investment Services, Inc. and Eric T. House (collectively, "Defendants").

5.    Attached hereto as Exhibit C is a true and accurate copy of Defendants' Responses to Plaintiff's Requests for Production of Documents in this case.

6.      Attached hereto as Exhibit D is a true and accurate copy of Defendants' Responses to Plaintiff's Second Requests for Production of Documents in this case.

3.      Attached hereto as Exhibit E is a true and accurate copy of Defendants' Responses to Plaintiffs' Second Set of Interrogatories.

4.      Attached hereto as Exhibit E is a true and accurate copy of Defendants' Responses to Plaintiff's Interrogatories.

5.      On or about September 19, 2005, Betsy Gomperz of this firm and I spoke with Mr. Antaki pursuant to Local Rule 7.1 and 37.1 in an effort to resolve our dispute concerning Defendants' discovery responses. Although we were unable to resolve most of the outstanding discovery issues during that conference, I offered to revise two document requests -- Request Nos. 18 and 20 of Plaintiff's First Request for production of documents -- in an attempt to address Mr. Antaki's concerns that such requests were too broad. I sent the revised requests to Mr. Antaki in the September 24 letter attached to this affidavit as Exhibit B. I did not hear back from Mr. Antaki about this issue for some time, but we did finally speak about the revised requests on October 24, 2005. During that conversation, we were able to resolve all outstanding issues with respect to Request No. 20, and most of the outstanding issues with Respect No. 18. As a result of that call, the only outstanding issue with respect to the revised Request No. 18 concerns subsection (c) of that revised request, which is discussed in the attached memorandum of law.

Signed under the pains and penalties of perjury this 27th day of October, 2004.

Samuel F. Davenport, Esq.

2

## CERTIFICATE OF SERVICE

I, Samuel F. Davenport, hereby certify that on October 27, 2005, I served true and

accurate copies of the foregoing documents electronically or by U.S. mail on:

Brian Voke, Esquire
CAMPBELL, CAMPBELL,
   EDWARDS & CONROY, P.C.
One Constitution Plaza, 3rd Floor
Boston, MA  02119

Vincent P. Antaki, Esquire
REMINGER & REMINGER CO., L.P.A.
7 West 7th Street, Suite 1990
Cincinnati, OH  45202


_____
Samuel F. Davenport

LIT 1547704v1

# Exhibit A

# Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

One Financial Center
Boston, Massachusetts 02111

Samuel F. Davenport

617 542 6000
617 542 2241 *fax*

*Direct dial 617 348 1670*
**SDavenport@mintz.com**

September 13, 2005

**BY FAX AND REGULAR MAIL**

Brian Voke, Esquire
CAMPBELL, CAMPBELL,
 EDWARDS & CONROY, P.C.
One Constitution Plaza, 3rd Floor
Boston, MA  02119

**BY FAX AND REGULAR MAIL**

Vincent P. Antaki, Esquire
REMINGER & REMINGER CO., L.P.A.
7 West 7th Street, Suite 1990
Cincinnati, OH  45202

Re:    Plunkett v. Valhalla, et al.

Gentlemen:

Enclosed, please find deposition notices for Valhalla Investment Services, Inc., Eric T. House, Dot Taylor and Jeff Fritsche.

Also, please let me know when you are available this week to have a discussion, pursuant to Local Rule 7.1, about the inadequacy of Defendants' discovery responses. Specifically, I would like to discuss Defendants' refusal to produce documents in response to Request Nos. 11, and 14-26 of Plaintiff's First Request for Production of Documents and Request Nos. 1, 3-5, and 7-12 of Plaintiff's Second Request for Production of Documents, as well as Defendants' refusal to answer fully Interrogatory Nos. 4 and 7 of Plaintiff's First Set of Interrogatories and Interrogatory No. 1 of Plaintiff's Second Set of Interrogatories.

Please do not hesitate to call me with any questions.  I look forward to hearing from you.

Very truly yours,

Samuel F. Davenport

*Boston  Washington  Reston  New York  Stamford  Los Angeles  London*

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

September 13, 2005
Page 2

Enclosures

cc:    H. Joseph Hameline, Esq.
       Betsy Gomperz, Esq.
       Mr. G. Kent Plunkett

LIT 1541115v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

G. KENT PLUNKETT,                       )
    Plaintiff,                           )
                                        )
vs.                                     )      CIVIL ACTION NO.: 04 CV 10765 NG
                                        )
VALHALLA INVESTMENT                     )
SERVICES, INC., et al.                  )
    Defendants.                          )
                                        )

## NOTICE OF DEPOSITION

To:    Brian P. Voke
        Campbell, Campbell, Edwards
          & Conroy
        One Constitution Plaza
        Third Floor
        Boston, MA  02129
        (617) 241-3000

        Vincent P. Antaki
        Reminger & Reminger Co., L.P.A.
        7 West 7th Street, Suite 1990
        Cincinnati, OH  45202
        (513) 721-1311

      PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, plaintiff G. Kent Plunkett will take the deposition upon oral examination

of defendant Valhalla Investment Services, Inc. ("Valhalla"), commencing at 2:00 PM on

September 29, 2005, at the offices of Mintz, Levin, Ferris, Glovsky & Popeo, P.C., One

Financial Center, Boston, Massachusetts.   The deposition will take place before a Notary

Public or other officer authorized by law to administer oaths.  The deposition will be

stenographically recorded and may be videotaped. Counsel are welcome to attend and cross-examine.

Valhalla shall designate one or more of its officers, directors, managing agents, or other persons to testify on its behalf on the topics identified on the Schedule A attached hereto. This deposition will continue from day to day until completed.

Respectfully submitted,

G. KENT PLUNKETT

By his attorneys,

H. Joseph Hameline, BBO #218710
Samuel F. Davenport, BBO #636958
MINTZ, LEVIN, COHN, FERRIS,
   GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel. (617) 542-6000

Dated: September 13, 2005

LIT 1541085v1

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on:

2

## SCHEDULE A

### Definitions and Instructions

1.      "Document" or "documents," as used herein, shall be defined to the broadest extent permitted by Rule 34(a) and includes wherever applicable, without limitation, any the original, all non-identical copies, and all drafts of writings, typewritings, microfilms, electronic mail, facsimiles, documents maintained on any computer hard-drive or software from which copies can be retrieved, drawings, graphs, charts, photographs, phone records, computer inputs and printouts, and other data compilations of any description whatsoever, including, without limiting the generality of the foregoing, minutes, memoranda, records, reports, diaries, journals, notes, witness statements, analyses, studies, appraisals, surveys, circulars, bulletins, books of account, tables, computer models or programs, recordings, presentations, summaries, telexes, correspondence, telegrams, letters, messages (including reports, notes, minutes and memoranda of telephone conversations and meetings and conferences), calendar and diary entries, periodicals, seminar materials, ledgers, bank statements, financial statements, checks and canceled checks, check stubs, applications, proposals, contracts, agreements, working papers, invoices, orders, receipts, certificates of condition, guidelines, manuals, regulations, by-laws, books, pamphlets, advertisements, scripts, transcripts, and any other designated documents specifically referred to in the following numbered requests.

2.      "Complaint," as used herein, refers to the Complaint that plaintiff filed in this case on or about April 14, 2004.

3.    "Answer," as used herein, refers to the Answer of Defendants and Jury Demand that defendants filed on or about July 1, 2004.

4.    The terms "Plunkett" and "Plaintiff," as used herein, means G. Kent Plunkett and includes his affiliates, partners, employees, agents, accountants, assigns, attorneys, other representatives, and/or any other person or entity acting for him or on his behalf, or under his direct or indirect control.

5.    The term "Valhalla" as used herein, means Defendant Valhalla Investment Services, Inc., and includes its current and former divisions, parent corporations, subsidiaries, affiliates, partners, predecessor or successor corporations, officers, directors, employees, agents, accountants, assigns, attorneys, other representatives, and/or any other person or entity acting for it or on its behalf, or under its direct or indirect control.

6.    The term "House," as used herein, means Defendant Eric T. House and includes his agents, attorneys, assigns, other representatives, and/or any other person or entity acting for him or on his behalf, or under his direct or indirect control.

7.    The term "Defendants" means Valhalla and House, whether alone or in combination, and any of their agents or representatives, or any other persons acting on their behalf, including but not limited to, attorneys.

8.    The term "the relevant time period" means the period of time between January 1, 2000 until the present.

9.    The terms "Concern" and "concerning," as used herein, mean referring to, describing, evidencing, or constituting.

10.    The term "relating to," as used herein, means embodying, containing, comprising, indicating, concerning, referring, identifying, describing, discussing, involving, evidencing or otherwise pertaining to.

11.    The terms "contact" and "communications," as used herein, mean the transmittal of any form of information (including, without limitation, in the form of facts, ideas, inquiries, or otherwise) by any means (including oral or written), from one person or entity to another.  A "communication between A and B" includes both communication from A to B and communication from B to A.  Contact and/or communications include, but are not limited to, correspondence between individual persons or business entities using computer electronic mail, facsimile and any other computer assisted means of correspondence whether or not hard copies of such contact and/or communication were maintained.

## Topics

1.    All communications between Defendants and Plaintiff.

2.    All communications between Defendants and any third party concerning Plaintiff.

3.    Plaintiff's investment of monies with Defendants.

4.    Defendants' management and/or investment of Plaintiff's funds.

5.    Defendants' management and/or investment of the Valhalla Venture Fund.

6.    Defendants' management and/or investment of funds from other customers during the relevant time period.

7.      Any agreement between Plaintiff and Defendants, including but not limited to any agreement concerning the management and/or investment of Plaintiff's funds.

8.      All communications between Defendants and TradeStation Securities Corporation, STC Securities Corporation, or Bear, Stearns Securities Corp. or any related Bear Stearns entity (together "Bear Stearns") concerning Plaintiff.

9.      Any relationship and/or agreement between Defendants and TradeStation Securities Corporation, STC Securities Corporation, or Bear Stearns.

10.     Any plan, approach or strategy for the investment or management of Plaintiff's funds.

11.     Any plan, approach or strategy for the investment or management of other funds managed by Defendants.

12.     The investment of funds managed by Defendants during the relevant time period and the loss or gain from such investments.

13.     The allocation of losses and gains from the investments managed by Defendants during the relevant time period.

14.     Any complaints by investors of Defendants.

15.     The losses and/or gains of investments managed by Defendants during the relevant time period.

16.     Any complaint or notices of complaints against Defendants from the Securities and Exchange Commission.

17.     The trading or investing results obtained by Defendants during the relevant time period.

18.    The transfer of Defendants' agreement with TradeStation Securities Corporation.

19.    Audit reports for Valhalla for the years 2000 through 2003.

20.    The identity of all customers whose accounts were managed by Defendants during the relevant time period.

21.    Accounting records concerning the Valhalla Venture Fund.

22.    Accounting records concerning other accounts managed by Defendants during the relevant time period.

23.    Statements, investment reports, gain/loss and other reports for customers whose accounts were managed by Defendants.

LIT 1541102v.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| G. KENT PLUNKETT,<br>    Plaintiff, | )<br>)<br>)<br>) |
| vs. | )<br>) |
| VALHALLA INVESTMENT<br>SERVICES, INC., et al.<br>    Defendants. | )<br>)<br>)<br>)<br>) |

CIVIL ACTION NO.: 04 CV 10765 NG

## NOTICE OF DEPOSITION

To:    Brian P. Voke
       Campbell, Campbell, Edwards
         & Conroy
       One Constitution Plaza
       Third Floor
       Boston, MA  02129
       (617) 241-3000

       Vincent P. Antaki
       Reminger & Reminger Co., L.P.A.
       7 West 7th Street, Suite 1990
       Cincinnati, OH  45202
       (513) 721-1311

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, plaintiff G. Kent Plunkett will take the deposition upon oral examination of

defendant Eric House, commencing at 10:00 AM on September 29, 2005, at the offices of

Mintz, Levin, Ferris, Glovsky & Popeo, P.C., One Financial Center, Boston,

Massachusetts.   The deposition will take place before a Notary Public or other officer

authorized by law to administer oaths. The deposition will be stenographically recorded

and may be videotaped. Counsel are welcome to attend and cross-examine.

Respectfully submitted,

G. KENT PLUNKETT

By his attorneys,

H. Joseph Hameline, BBO #218710
Samuel F. Davenport, BBO #636958
MINTZ, LEVIN, COHN, FERRIS,
   GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel. (617) 542-6000

Dated: September 13, 2005

LIT 1541088v1

I hereby certify that a true copy of the above
document was served upon the attorney of
record for each party by mail hand on:

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

G. KENT PLUNKETT,  )
    Plaintiff,  )
  )
vs.  )    CIVIL ACTION NO.: 04 CV 10765 NG
  )
VALHALLA INVESTMENT  )
SERVICES, INC., et al.  )
    Defendants.  )
  )

## NOTICE OF DEPOSITION

To:    Brian P. Voke
    Campbell, Campbell, Edwards
     & Conroy
    One Constitution Plaza
    Third Floor
    Boston, MA  02129
    (617) 241-3000

    Vincent P. Antaki
    Reminger & Reminger Co., L.P.A.
    7 West 7th Street, Suite 1990
    Cincinnati, OH  45202
    (513) 721-1311

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, plaintiff G. Kent Plunkett will take the deposition upon oral examination of

Dot Taylor, commencing at 10:00 AM on September 30, 2005, at the offices of Mintz,

Levin, Ferris, Glovsky & Popeo, P.C., One Financial Center, Boston, Massachusetts.

The deposition will take place before a Notary Public or other officer authorized by law

to administer oaths.  The deposition will be stenographically recorded and may be

videotaped.  Counsel are welcome to attend and cross-examine.

Respectfully submitted,

G. KENT PLUNKETT

By his attorneys,

H. Joseph Hamerine, BBO #218710
Samuel F. Davenport, BBO #636958
MINTZ, LEVIN, COHN, FERRIS,
   GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA  02111
Tel.  (617) 542-6000

Dated:  September 13, 2005

LIT 1541135v1

I hereby certify that a true copy of the above
document was served upon the attorney of
record for each party by mail/hand on:

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

G. KENT PLUNKETT,                    )
    Plaintiff,                        )
                                           )
                                          )
    vs.                               )     CIVIL ACTION NO.: 04 CV 10765 NG
                                          )
VALHALLA INVESTMENT                  )
SERVICES, INC., et al.               )
    Defendants.                       )
                                          )

## NOTICE OF DEPOSITION

To:    Brian P. Voke
        Campbell, Campbell, Edwards
          & Conroy
        One Constitution Plaza
        Third Floor
        Boston, MA  02129
        (617) 241-3000

        Vincent P. Antaki
        Reminger & Reminger Co., L.P.A.
        7 West 7th Street, Suite 1990
        Cincinnati, OH  45202
        (513) 721-1311

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, plaintiff G. Kent Plunkett will take the deposition upon oral examination of

Jeff Fritsche, commencing at 2:00 PM on September 30, 2005, at the offices of Mintz,

Levin, Ferris, Glovsky & Popeo, P.C., One Financial Center, Boston, Massachusetts.

The deposition will take place before a Notary Public or other officer authorized by law

to administer oaths.  The deposition will be stenographically recorded and may be

videotaped.  Counsel are welcome to attend and cross-examine.

Respectfully submitted,

G. KENT PLUNKETT

By his attorneys,

H. Joseph Hameline, BBO #218710
Samuel F. Davenport, BBO #636958
MINTZ, LEVIN, COHN, FERRIS,
   GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA  02111
Tel.  (617) 542-6000

Dated:  September 13, 2005

LIT 1541136v1

I hereby certify that a true copy of the above
document was served upon the attorney of
record for each party by mail/hand, on:

2

# Exhibit B

# Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

One Financial Center
Boston, Massachusetts 02111

Samuel F. Davenport

617 542 6000
617 542 2241 *fax*

*Direct dial  617 348 1670*
**SDavenport@mintz.com**

September 24, 2005

**BY FAX AND REGULAR MAIL**

Vincent P. Antaki, Esquire
REMINGER & REMINGER CO., L.P.A.
7 West 7th Street, Suite 1990
Cincinnati, OH  45202

     Re:    <u>Plunkett v. Valhalla, et al.</u>

Dear Vince:

    As we discussed, I am writing in an attempt to narrow our disagreement over defendants' responses to request no. 18 and 20 of Plaintiff's First Request for Production of Documents.  As you may recall, request no. 18 seeks "[a]ll documents concerning any complaints by investors of Defendants," and request no. 20 seeks "[a]ll documents concerning Defendant(s) of any complaint or notices of complaints from the Securities and Exchange Commission."  You refused to produce any documents in response to either of these requests, objecting to them on the ground that they are "[n]ot calculated to lead to the discovery of admissible evidence."

    When we discussed this issue last week, you explained that you also objected to producing documents in response to request nos. 18 and 20 because doing so would require your clients to look through all of their records, including each and every communication they had received from their investors, and produce any document which arguably contained any criticism of your clients' conduct, whether from your clients' investors or the SEC.  While I disagreed with your position, I offered to try to narrow the requests in a manner that, in your view, would be less onerous to comply with.

    That being said, I suggest that we narrow request no 18 as follows:

    **18.    All documents concerning complaints, claims, demands or any legal actions against Defendants by Defendants' past or present investors involving claims that Defendants had (a) breached their fiduciary duty to such investors, (b) misallocated such investors' gains or losses among other investments, or (c) violated state or federal securities laws.**

I would also suggest that we narrow request no 20 as follows:

*Boston  Washington  Reston  New York  Stamford  Los Angeles  London*

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

September 24, 2005
Page 2

20.    All documents concerning complaints, notices of complaints, demands or any legal actions against Defendants by the Securities and Exchange Commission involving claims that Defendants had (a) breached their fiduciary duty to their investors, (b) misallocated such investors' gains or losses among other investments, or (c) violated state or federal securities laws.

I believe that the modified language in the above requests narrows the scope of the requests considerably, and alleviates your concern about forcing your clients to wade through thousands of emails and other communications from investors to look for communications which remotely criticize your clients. The revised requests are also more narrowly tailored to the claims in the Complaint, and thus respond to your concerns that the original requests sought documents and information "[n]ot calculated to lead to the discovery of admissible evidence."

On a somewhat related note, after our discussion last week I reviewed the Defendants' documents once again and realized that although Defendants had produced a gain/loss report for Mr. Plunkett, they had not produced a similar gain/loss report for the venture fund. Such a report, if it exists, falls within many of Mr. Plunkett's document requests, including request nos. 2, 4, 5 and 11 of Plaintiff's Second Set of Document Request. Therefore, please verify whether or not gain/loss reports (or similar financial statements) for the venture fund exist, and whether or not Defendants intend to produce those reports.

As you know, I intend to file a motion to compel additional responses to some of Plaintiff's discovery requests, all of which I outlined in my September 13, 2005 letter, and all of which we discussed last week pursuant to Local Rules 7.1 and 37.1. Therefore, to the extent that the above revised requests are acceptable to Defendants, and to the extent that Defendants intend to produce gain/loss reports for the venture fund, please let me know so that I do not include both of those items in the motion to compel.

As always, please do not hesitate to call me with any questions. I look forward to hearing from you.

Very truly yours,

Samuel F. Davenport

cc:    H. Joseph Hameline, Esq.
       Betsy Gomperz, Esq.
       Mr. G. Kent Plunkett

LIT 1543140v1

# Exhibit C

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

G. KENT PLUNKETT,                          )
                                           )   CIVIL ACTION NO.: 04 CV 10765 NG
        Plaintiff,                     )
                                           )
vs.                                        )   DEFENDANTS VALHALLA INVESTMENT
                                           )   SERVICES, INC. AND ERIC T. HOUSE'S
VALHALLA INVESTMENT                        )   RESPONSES TO PLAINTIFF'S REQUESTS
SERVICES, INC., et al.                     )   FOR PRODUCTION OF DOCUMENTS
                                           )
        Defendants.                    )

---

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All documents concerning Plaintiff.

**RESPONSE:** Objection. Calls for documents that may be protected by the attorney-client privilege and/or the work-product doctrine. Without waiving the objection, see attached.

2.    All documents concerning communications with Plaintiff.

**RESPONSE:** See attached.

3.    All documents concerning communications about Plaintiff.

**RESPONSE:** Objection. Calls for documents that may be protected by the attorney-client privilege and/or the work-product doctrine. Without waiving the objection, see attached.

4.    All documents which reflect Plaintiff's investment of monies with Defendants.

**RESPONSE:** See attached.

5.    All documents which reflect Defendant(s) management and/or investment of Plaintiff's funds.

**RESPONSE:** See attached.

6.    All documents which concern any agreement between Plaintiff and Defendant(s).

**RESPONSE:** See attached.

7.     All documents which concern Plunkett and TradeStation Securities Corporation.

**RESPONSE:** Objection. Calls for documents that may be protected by the attorney-client privilege and/or the work-product doctrine, and overly broad and burdensome as worded. Without waiving the objection, see attached. See attached.

8.     All documents which concern Plunkett and STC Securities Corporation.

**RESPONSE:** None.

9.     All documents which concern Plunkett and Bear, Stears Securities Corp. or any related Bear Stears entity (together "Bear Stearns").

**RESPONSE:** Objection. Calls for documents that may be protected by the attorney-client privilege and/or the work-product doctrine, and overly broad and burdensome as worded. Without waiving the objection, see attached. See attached.

10.     All documents which concern Plunkett and Online Tracking.com.

**RESPONSE:** None.

11.     All documents concerning Defendant(s)' relationship and agreements with STC Securities Corporation.

**RESPONSE:** Objection. Not calculated to lead to the discovery of admissible evidence.

12.     All documents which concern any plan, approach or strategy for the investment or management of Plaintiff's funds.

**RESPONSE:** See attached.

13.     All documents which concern any plan, approach or strategy for the investment or management of funds in Valhalla Investment Services, Inc. ("Valhalla").

**RESPONSE:** None.

14.     All documents concerning any plans, approach or strategy for the investment or management of other monies or funds invested or managed by either Defendant.

**RESPONSE:** Objection. Not calculated to lead to the discovery of admissible evidence.

2

15.     All documents concerning the investment of funds managed by Defendants and the loss or gain from such investments.

**RESPONSE:** Objection. Calls for documents that may be protected by the attorney-client privilege and/or the work-product doctrine, not calculated to lead to the discovery of admissible evidence. Without waiving the objection and subject to the Protective Order entered in this case, see attached Gain/Loss Reports for Plaintiff and for the Valhalla Venture Fund.

16.     All documents concerning the allocation of losses and gains from the investments by or managed by Defendants.

**RESPONSE:** Objection. Not calculated to lead to the discovery of admissible evidence. Also, this request calls for documents that may be protected by the attorney-client privilege and/or the work-product doctrine, not calculated to lead to the discovery of admissible evidence. Without waiving the objection and subject to the Protective Order entered in this case, see attached Gain/Loss Reports for Plaintiff and for the Valhalla Venture Fund, as well as monthly statements for the Valhalla Venture Fund.

17.     All documents which concern or describe any fund managed by Valhalla, including all related promotional materials, projections, prospectus, SEC filings and any other reporting on the fund(s) or investment(s).

**RESPONSE:** Objection. Not calculated to lead to the discovery of admissible evidence. Also, this request calls for documents that may be protected by the attorney-client privilege and/or the work-product doctrine, not calculated to lead to the discovery of admissible evidence. Without waiving the objection and subject to the Protective Order entered in this case, see attached Gain/Loss Reports for Plaintiff and for the Valhalla Venture Fund, as well as monthly statements for the Valhalla Venture Fund.

18.     All documents concerning any complaints by investors of Defendants.

**RESPONSE:** Objection. Not calculated to lead to the discovery of admissible evidence.

19.     All documents concerning the losses and/or gains of Valhalla or any fund or investments managed by Valhalla.

**RESPONSE:** Objection. Not calculated to lead to the discovery of admissible evidence; without waiving the objection and subject to the Protective Order entered in this case, see attached Gain/Loss Reports for the Valhalla Venture Fund, as well as monthly statements for the Valhalla Venture Fund.

20.     All documents concerning Defendant(s) of any complaint or notices of complaints from the Securities and Exchange Commission.

**RESPONSE:** Objection. Not calculated to lead to the discovery of admissible evidence.

3

21.    All documents concerning the trading or investing results obtained by Defendant(s).

**RESPONSE:** <u>Objection</u>. Not calculated to lead to the discovery of admissible evidence and overly broad and burdensome as worded.

22.    All documents concerning Defendant(s) relationship and agreements with Bear Stearns.

**RESPONSE:** <u>Objection</u>. Not calculated to lead to the discovery of admissible evidence.

23.    All documents concerning communications between Bear Stearns and Defendants.

**RESPONSE:** <u>Objection</u>. Not calculated to lead to the discovery of admissible evidence and overly broad and burdensome as worded.

24.    All documents concerning the transfer of Defendant(s)' agreement with TradeStation Securities Corporation.

**RESPONSE:** <u>Objection</u>. Not calculated to lead to the discovery of admissible evidence.

25.    All documents concerning the trading or investing plans or approaches to be taken by Defendants.

**RESPONSE:** <u>Objection</u>. Not calculated to lead to the discovery of admissible evidence and overly broad and burdensome as worded.

26.    All audit reports for Valhalla for the years 2000 through 2003.

**RESPONSE:** <u>Objection</u>. Not calculated to lead to the discovery of admissible evidence.

**As to all objections:**

_____

**Brian P. Voke**

4

Respectfully Submitted,


Brian P. Voke, Esquire
Campbell, Campbell, Edwards & Conroy, P.C.
One Constitution Plaza, 3rd Floor
Boston, MA 02119
617/241-3042
617/241-5115 – Facsimile
E-Mail: **bvoke@campbell-trial-lawyers.com**


Vincent P. Antaki, Esquire
Reminger & Reminger Co., L.P.A.
West 7th Street, Suite 1990
Cincinnati, Ohio 45202
513/721-1311
513/721-2553 – Facsimile
E-Mail: **vantaki@reminger.com**

**Attorneys for Defendants,
Valhalla Investment Services Inc. and
Eric T. House**


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via Hand Delivery this /4 day
of June 2005 upon:

H. Joseph Hameline, Esq.
Mintz Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
**Attorney for Plaintiff**


Brian P. Voke, Esq.

5

# Exhibit D

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| G. KENT PLUNKETT,  ) | CIVIL ACTION NO.: 04 CV 10765 NG |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | DEFENDANTS VALHALLA INVESTMENT |
| ) | SERVICES, INC. AND ERIC T. HOUSE'S |
| VALHALLA INVESTMENT  ) | RESPONSES TO PLAINTIFF'S SECOND SET |
| SERVICES, INC., et al.  ) | OF REQUESTS FOR PRODUCTION OF |
| ) | DOCUMENTS |
| Defendants.  ) | |

---

1.    All documents concerning the formation and solicitation of investors for the Valhalla Venture Fund, or other clients of Defendants or Valhalla Investment Advisory, Inc., including all Private Placement Memoranda and related documents.

**RESPONSE:** Objection.  Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.

2.    All accounting records concerning the Valhalla Venture Fund.

**RESPONSE:** Objection.  Not likely to lead to the discovery of admissible evidence.  Without waiving the objection, none.

3.    All trading records for customers whose accounts were managed by Defendants and/or Valhalla Investment Advisory, Inc.

**RESPONSE:** Objection.  Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.

4.    All statements, investment reports, gain/loss and other reports for customers whose accounts were managed by Valhalla Investment Advisory, Inc. and/or Eric T. House.

**RESPONSE:** Objection.  Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.

5.    All accounting records concerning accounts managed by Defendants and/or Valhalla Investment Advisory, Inc.

**RESPONSE:** Objection.  Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.

6.    All insurance policies which may provide coverage for all or part of any judgment which may be entered in this action.

**RESPONSE:** None.


7.    All documents which concern revenues generated by Valhalla Investment Advisory, Inc., Valhalla Investment Services, Inc., and/or Eric T. House from investment or financial management services.

**RESPONSE:** Objection. Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.


8.    All tax returns of Defendants, Valhalla Investment Advisory, Inc. and Valhalla Venture Fund.

**RESPONSE:** Objection. Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.


9.    All documents which contain the names and addresses of customers whose accounts were managed by Defendants and/or Valhalla Investment Advisory, Inc.

**RESPONSE:** Objection. Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.


10.    All documents which reflect or concern trading records for trades by or on behalf of Defendants, Valhalla Investment Advisory, Inc., Valhalla Venture Fund, including trading slips, order entry information including order entry slips with time stamps and realized gain/loss reports.

**RESPONSE:** Objection. Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.


11.    All documents concerning reporting to clients or customers of Valhalla Investment Advisory, Inc. and/or Defendants, including Valhalla Venture Fund.

**RESPONSE:** Objection. Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.


12.    All trading records concerning Eric T. House's personal account.

**RESPONSE:** None.

2

**As to all objections:**

_(signature)_

~~Vincent P. Antaki~~

Respectfully Submitted,

_(signature)_

~~Brian P. Voke, Esquire~~
Campbell, Campbell, Edwards & Conroy, P.C.
One Constitution Plaza, 3rd Floor
Boston, MA 02119
617/241-3042
617/241-5115 – Facsimile
E-Mail: **bvoke@campbell-trial-lawyers.com**


Vincent P. Antaki, Esquire (Admitted pro hac vice)
Reminger & Reminger Co., L.P.A.
West 7th Street, Suite 1990
Cincinnati, Ohio 45202
513/721-1311
513/721-2553 – Facsimile
E-Mail: **vantaki@reminger.com**

**Attorneys for Defendants,**
**Valhalla Investment Services Inc. and**
**Eric T. House**


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via regular U.S. mail this 8th day of August 2005 upon:

H. Joseph Hameline, Esq.
Mintz Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
**Attorney for Plaintiff**


_(signature)_

~~Vincent P. Antaki, Esq.~~

3

FEDERATED BUILDING
7 WEST 7TH STREET, SUITE 1990
CINCINNATI, OHIO 45202
(513) 721-1311
FAX: (513) 721-2553

WWW.REMINGER.COM

E-mail address:
vantaki@reminger.com

WRITER'S DIRECT DIAL:
(513) 455-4031



- CLEVELAND
  (216) 687-1311
- COLUMBUS
  (614) 228-1311
- SANDUSKY
  (419) 609-1311
- TOLEDO
  (419) 254-1311
- AKRON
  (330) 375-1311
- YOUNGSTOWN
  (330) 744-1311
- COVINGTON, KY
  (859) 643-1311

August 8, 2005

H. Joseph Hameline, Esq.
Mintz Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111

> **Re:**    <u>G. Kent Plunkett v. Valhalla Investment Services, Inc., et al.</u>
> **United States District Court, District of Massachusetts**
> **Case No.:**    **04 CV 10765 NG**

Dear Joe:

Please find enclosed the following items in relation to the above-captioned matter:

1.    *Defendants' Responses to Plaintiff's Second Set of Interrogatories*; and
2.    *Defendants' Responses to Plaintiff's Second Set of Requests for Production of Documents*

I note that your client's responses to my Interrogatories and Requests for Production of Documents are now overdue. Please let me know when I can expect to receive those responses. If I do not hear from you by Friday, August 12, 2005, I will take the matter up with the Court.

I look forward to hearing from you.

Kindest regards,

**REMINGER & REMINGER, CO., L.P.A.**

*Vincent P. Antaki*

Vincent P. Antaki

VPA/sp
Enc.
cc:    Brian Voke, Esq.

HARMONIE
An affiliation of independent law firms.

# Exhibit E

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| G. KENT PLUNKETT,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>VALHALLA INVESTMENT<br>SERVICES, INC., et al.<br><br>　　　　　Defendants. | ）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>） |

CIVIL ACTION NO.: 04 CV 10765 NG

DEFENDANTS VALHALLA INVESTMENT
SERVICES, INC. AND ERIC T. HOUSE'S
RESPONSES TO PLAINTIFF'S SECOND SET
OF INTERROGATORIES

---

1.　　Identify each client or customer of Valhalla Investment Advisory, Inc., Valhalla Investment Services, Inc. and Eric T. House during the period January 2000 through December 2003.

**RESPONSE:** Objection. Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.

2.　　State the amount of monies under management by Valhalla Investment Advisory, Inc., Valhalla Investment Services, Inc. and/or Eric T. House for the Valhalla Venture Fund for each year from 2000 through 2003, inclusive.

**RESPONSE:** Objection. This request calls for values that constantly fluctuate based on market conditions. Without waiving the objection, the amount under management on January 1 of each year is as follows:

2000 – The Venture Fund did not start operating until August 2000. Initial investments totaled $750,000.
2001 – $133,394.
2002 – $76,558.
2003 – $59,192.

3.　　State the amount of monies under management by Valhalla Investment Advisory, Inc., Valhalla Investment Services, Inc. and/or Eric T. House for all other clients or customers for each year from 2000 through 2003, inclusive.

**RESPONSE:** Objection. Overly broad and burdensome, and not likely to lead to the discovery of admissible evidence.

4.　　Identify the compliance officers for Valhalla Investment Advisory, Inc. and Valhalla Investment Services, Inc.

**RESPONSE:** Valhalla Investment Services – none, since this entity was never involved in managing accounts. Valhalla Investment Advisory – compliance was performed by employees of Trade Station and then STC Securities. The primary contact at both institutions was Steve Zumtobel.

**As to all objections:**

*Vincent P. Antaki*
Vincent P. Antaki

Respectfully Submitted,

*Vincent P. Antaki*
Brian P. Voke, Esquire
Campbell, Campbell, Edwards & Conroy, P.C.
One Constitution Plaza, 3rd Floor
Boston, MA 02119
617/241-3042
617/241-5115 – Facsimile
E-Mail: **bvoke@campbell-trial-lawyers.com**

Vincent P. Antaki, Esquire (Admitted pro hac vice)
Reminger & Reminger Co., L.P.A.
West 7th Street, Suite 1990
Cincinnati, Ohio 45202
513/721-1311
513/721-2553 – Facsimile
E-Mail: **vantaki@reminger.com**

**Attorneys for Defendants,
Valhalla Investment Services Inc. and
Eric T. House**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via regular U.S. mail this 8th day of August 2005 upon:

H. Joseph Hameline, Esq.
Mintz Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
**Attorney for Plaintiff**

*Vincent P. Antaki*
Vincent P. Antaki, Esq.

I, Eric House, do hereby swear and affirm, under oath, that I have answered Plaintiff's Second Set of Interrogatories freely and voluntarily and to the best of my knowledge and belief, under penalty of perjury under the laws of the State of Ohio.

_____
**ERIC HOUSE**

_____
**DATE**

## VERIFICATION

| | | |
|---|---|---|
| **STATE OF OHIO** | ) | |
| | ) | **SS:** |
| **COUNTY OF HAMILTON** | ) | |

Before me, the undersigned, a duly licensed notary public in and for said county and state, personally appeared Eric House on this 4th day of August 2005, who is known to me to be a Defendant in the case of <u>G. Kent Plunkett v. Valhalla Investment Services, Inc., et al.</u>, filed in the United States District Court for the District of Massachusetts, having Case No. 04 CV 10765 NG, who did acknowledge and verify under oath that he freely and voluntarily made the foregoing answers to Plaintiff's Second Set of Interrogatories, and that they are true and correct to the best of his knowledge and belief.



**SUE ANN PREWITT**
Notary Public, State of Ohio
My Commission Expires
June 4, 2008

_____
NOTARY - STATE OF OHIO

_____
**DATE**

# Exhibit F

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| G. KENT PLUNKETT,<br><br>      Plaintiff,<br><br>vs.<br><br>VALHALLA INVESTMENT<br>SERVICES, INC., et al.<br><br>      Defendants. | )    CIVIL ACTION NO.: 04 CV 10765 NG<br>)<br>)<br>)<br>)    DEFENDANTS VALHALLA<br>)    INVESTMENT SERVICES, INC.<br>)    AND ERIC T. HOUSE'S<br>)    RESPONSES TO PLAINTIFF'S<br>)    INTERROGATORIES<br>) |

---

### INTERROGATORIES

1.    Identify the persons with knowledge of the claims and defenses in this action.

**RESPONSE:** Eric House; Dot Taylor; Jeff Fritsche; Plaintiff.

2.    Identify all employees of Valhalla during the period from 2000 through 2003.

**RESPONSE:** Eric House; Dot Taylor; Jeff Fritsche; Phyllis Hilton; Pamela Bown.

3.    Describe in full and complete detail the investment or trading strategy and/or approach employed on behalf of Plaintiff.

**RESPONSE:** Objection. Calls for a narrative response beyond the scope of Interrogatories. Without waiving the objection, the investment or trading strategy and/or approach was an aggressive, high-risk strategy as requested by Plaintiff with a focus on the technology sector.

4.    Identify all other clients or customers of Defendants for whom Defendants employed an investment or trading strategy similar to or consistent with that employed on behalf of Plaintiff and how such investment or trading strategy or approach differed from that employed on behalf of Plaintiff.

**RESPONSE:** Objection. Calls for confidential information. Without waiving the objection, the strategy employed on behalf of Plaintiff was the same strategy employed on behalf of approximately 75% of clients.

5.    Describe in full and complete detail the method by which Defendants allocated gains and losses among their various clients/customers including any fund.

**RESPONSE:** Objection. Calls for a narrative response beyond the scope of Interrogatories. Without waiving the objection, gains and losses were allocated according to the specific trades for each specific client.

6.      Describe in full and complete detail the reasons that Defendants ceased the relationship with Trade Station Securities Corporation and commenced or transferred its relationship to STC Securities Corporation.

**RESPONSE:** <u>Objection</u>. Calls for a narrative response beyond the scope of Interrogatories. Without waiving the objection, Trade Station was purchased by a company that did not want to deal with smaller businesses and Valhalla was forced to transfer its business to STC.

7.      Describe in full and complete detail the investment or trading strategy and/or approach employed on behalf of any fund managed by Valhalla.

**RESPONSE:** <u>Objection</u>. Calls for confidential information. Without waiving the objection, the strategy employed on behalf of Plaintiff was the same strategy employed on behalf of the hedge fund managed by Valhalla.

8.      Identify each and every fund managed by or on behalf of Valhalla.

**RESPONSE:** Valhalla Venture Fund.

**As to all objections:**

_____

**Brian P. Voke**

2

Respectfully Submitted,

_____
Brian P. Voke, Esquire
Campbell, Campbell, Edwards & Conroy, P.C.
One Constitution Plaza, 3rd Floor
Boston, MA 02119
617/241-3042
617/241-5115 – Facsimile
E-Mail: **bvoke@campbell-trial-lawyers.com**

_____
Vincent P. Antaki, Esquire
Reminger & Reminger Co., L.P.A.
West 7th Street, Suite 1990
Cincinnati, Ohio 45202
513/721-1311
513/721-2553 – Facsimile
E-Mail: **vantaki@reminger.com**

**Attorneys for Defendants,
Valhalla Investment Services Inc. and
Eric T. House**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via Hand Delivery this _14th_ day of June 2005 upon:

H. Joseph Hameline, Esq.
Mintz Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
**Attorney for Plaintiff**

_____
Brian P. Voke, Esq.

3

I, Eric House, do hereby swear and affirm, under oath, that I have answered Plaintiff's First Set of Interrogatories freely and voluntarily and to the best of my knowledge and belief, under penalty of perjury under the laws of the State of Ohio.

_E. House_

**ERIC HOUSE**

_June 2nd, 2005_

**DATE**

## VERIFICATION

| | | |
|---|---|---|
| **STATE OF OHIO** | ) | |
| | ) | SS: |
| **COUNTY OF HAMILTON** | ) | |

Before me, the undersigned, a duly licensed notary public in and for said county and state, personally appeared Eric House on this 2nd day of June 2005, who is known to me to be a Defendant in the case of G. Kent Plunkett v. Valhalla Investment Services, Inc., et al., filed in the United States District Court for the District of Massachusetts, having Case No. 04 CV 10765 NG, who did acknowledge and verify under oath that he freely and voluntarily made the foregoing answers to Plaintiff's First Set of Interrogatories, and that they are true and correct to the best of his knowledge and belief.

_Dorothy M. Taylor_

NOTARY - STATE OF OHIO

_June 2, 2005_

**DATE**

DOROTHY M. TAYLOR
Notary Public, State of Ohio
My Commission Expires February 7th, 2007

# Exhibit G

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

G. KENT PLUNKETT,                      )
              Plaintiff,       )
                     )
                     )
      vs.                      )     CIVIL ACTION NO. 04-10765-NG
                     )
VALHALLA INVESTMENT SERVICES,   )
INC. AND ERIC T. HOUSE               )
            Defendant.       )
                     )
                     )

## STIPULATION AND PROTECTIVE ORDER REGARDING
## THE DISCLOSURE OF CONFIDENTIAL INFORMATION

      WHEREAS, information, documents and things have been and may be sought,

produced or exhibited by and among the parties to the above-captioned proceeding,

which materials are claimed to relate to or contain trade secrets, proprietary information,

confidential research, development, marketing, financial, or commercial information, and

the parties have agreed that such information, documents, and things shall be handled in

accordance with the terms of this Order;

      IT IS HEREBY ORDERED THAT:

      1.     "Confidential Information," for purposes of this Order, is any document,

information, or testimony so designated by the producing party or non-party.

Confidential information shall not include any information that (a) is or becomes

available to the public, other than through the wrongful direct or indirect actions of a

party or (b) is or becomes available to a party on a non-confidential basis from a source

that the party believes, after reasonable inquiry, is not prohibited from disclosing such information under a contractual, legal, or fiduciary obligation.

2. Any party or non-party producing documents, information, or testimony in this action may designate such documents, information, or testimony as "Confidential Information." The parties, non-parties, and their respective attorneys shall make a good faith effort to designate as Confidential Information only documents, information, and testimony that contain trade secrets, proprietary information, confidential research, development, marketing, financial, or commercial information, or other information for which a protective order would be legally justified.

3. A document or other written material may be designated as Confidential Information by stamping the cover and each page of such document "CONFIDENTIAL."

4. Any information, other than that described in paragraph 3 above, produced at any time during this litigation, either voluntarily or under order, which is asserted by the producing party or non-party to contain or constitute Confidential Information, shall be so designated by the producing party or non-party as follows:

      a. If such Confidential Information is contained in deposition, hearing, or other testimony, the transcript and the information contained therein may be designated as containing or constituting Confidential Information in accordance with this Order by so notifying the other party or non-party on the record during the time of the testimony, or by notifying the other party or non-party in writing within 10 business days after the conclusion of the deponent's testimony or receipt of

such transcript, whichever is later. Such time period may be extended upon mutual consent of the parties.

5.    The restrictions upon and obligations accruing to persons who become subject to this Order shall not apply to any information produced in accordance with paragraphs 3 or 4 as to which the Court rules, after notice and a hearing, that such information is not Confidential Information.

6.    In the absence of written permission from the producing party or non-party or further order of the Court, any Confidential Information produced in accordance with the provisions of paragraphs 3 and 4 above shall not be disclosed by the non-producing party to any person other than: (i) in-house and outside counsel for parties to this litigation, including necessary paralegal, secretarial, or clerical (including copy center) personnel assisting such counsel; (ii) subject to the provisions of paragraph 7 below, experts and consultants , and their staffs, who are specially employed for the purposes of this litigation by the non-producing party and who are not employees of said party or its affiliates; (iii) subject to the provisions of paragraph 7 below, employees of the non-producing party whose cooperation or assistance is reasonably necessary to enable the attorneys for the non-producing party to prepare for the hearing in this case; (iv) deposition and hearing witnesses in this case; (v) qualified persons recording testimony involving such documents or information (e.g., court reporters) and necessary stenographic and clerical assistants thereof; (vi) the Court, including law clerks and necessary secretarial and clerical personnel assisting the Court; and (vii) any other person upon the written agreement of the party or non-party who produced or disclosed the Confidential Information, or under further order of the Court.

1492559-2                         3

7.     Confidential Information shall not be disclosed by a non-producing party to any person designated in paragraph 6 (ii) and 6 (iii) unless s/he shall have first read this Order and shall have agreed, by executing an Undertaking in the form of Appendix 1 to this Order: (i) to be bound by the terms of this Order and the terms of the Undertaking; (ii) not to reveal such Confidential Information to anyone other than another person authorized by paragraph 6; and (iii) to use such Confidential Information solely for purposes of this litigation.

8.     All Confidential Information shall be used by a non-producing party solely for purposes of this litigation. Use for purposes of this litigation shall include use in testimony or as exhibits at hearings or depositions, or in connection with motions or witness preparation, subject to the restrictions of this Order.

9.     If a party to this Order who receives any Confidential Information produced in accordance with paragraphs 3 and 4 disagree with respect to its designation as Confidential Information, in full or in part, it shall notify the producing party or non-party in writing, and they will thereupon confer as to the status of the subject information. If the recipient and producing party or non-party are unable to concur upon the status of the subject information, the party or non-party who disagrees with the designation may raise the issue with the Court. The information shall remain confidential unless and until the Court rules to the contrary. Acceptance by a party or non-party of any information as Confidential Information shall not constitute a concession that such information is entitled to such status.

10.     In the event that Confidential Information is either advertently or inadvertently disclosed to someone not authorized to receive such information under this

1492559-2                              4

Order, or if a person so authorized breaches any of his or her obligations under this Order, counsel of record for the party involved shall immediately give notice of such unauthorized disclosure or breach to counsel of record for the party or non-party who initially produced the Confidential Information, and also shall disclose the circumstances of the unauthorized disclosure or breach.

      11.    If a party in possession of Confidential Information receives a subpoena from a non-party to this litigation seeking production or other disclosure of Confidential Information, it shall immediately give written notice by certified mail, return receipt requested, to counsel for the party or non-party who produced the Confidential Information, identifying the material sought and enclosing a copy of the subpoena. As to the Plaintiff and the Defendants, the notice shall be sent to the addresses set forth below:

Plaintiff:      H. Joseph Hameline, Esq.
                  Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
                  One Financial Center
                  Boston, MA  02111

Defendants:    Brian Voke, BBO #544327
                  Campbell, Campbell, Edwards & Conroy, P.C..
                  One Constitution Plaza, 3rd Floor
                  Boston, MA  02119

                  Vincent P. Antaki, Esquire
                  REMINGER & REMINGER CO., L.P.A.
                  7 West 7th Street, Suite 1990
                  Cincinnati, OH  45202

      Where possible, at least 14 days notice before production or other disclosure shall be given. In no event shall production or disclosure be made before notice is given.

      12.    Nothing in this Order shall prevent any party or non-party from disclosing its own Confidential Information to any person as it deems appropriate, and any such

disclosure shall not be deemed a waiver of any party or non-party's rights or obligations under this Order.

13.    Nothing in this Order shall constitute: (i) an agreement by the parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by rule or order; (ii) a waiver by any person or party of any right to object to or seek a further protective order with respect to any discovery request in this or in any other action; or (iii) a waiver of any claim of protection or privilege with regard to any testimony, documents, or information. As a result, a party's inadvertent failure to designate particular discovery material as "CONFIDENTIAL" shall not operate to waive a party's right to later designate such material as confidential. In addition, a party's inadvertent production of any discovery material that a party claims in good faith should not have been produced because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine, will not be deemed to have waived the privilege.

14.    The parties may by stipulation provide for exceptions to this Order and any party may seek an order of this Court modifying this Order upon good cause shown.

15.    This Order shall survive termination of this action with respect to any Confidential Information, and the Court will retain jurisdiction to enforce it. Within 60 days of termination of this litigation, the originals and all copies of Confidential Information shall be returned to the party or non-party which produced such Confidential Information, or to their respective counsel, or such copies may be destroyed, upon which the recipient's counsel shall certify to the producing party's or non-party's counsel that such copies have been destroyed, except that counsel may retain their work product,

1492559-2                                    6

copies of filings and official transcripts and exhibits, provided said retained documents will continue to be treated as provided herein.

16.    This Protective Order is subject to Local Rule 7.2.  The parties agree to take custody of the materials filed subject to this Order, upon completion of the litigation.

Dated: _____, 2005

G. KENT PLUNKETT

By his attorney,

_____
H. Joseph Hameline, BBO #218710
MINTZ, LEVIN, COHN, FERRIS,
   GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA  02111
Tel.  (617) 542-6000
Fax  (617) 542-2241

VALHALLA INVESTMENT
SERVICES INC. and ERIC T. HOUSE

By their attorneys,

_____
Brian Voke, BBO #544327
CAMPBELL, CAMPBELL,
   EDWARDS & CONROY, P.C..
One Constitution Plaza, 3rd Floor
Boston, MA  02119
Tel.  (617) 241-3042
Fax  (617) 241-5115

Of Counsel:

_____
Vincent P. Antaki, Esquire
REMINGER & REMINGER CO., L.P.A.
7 West 7th Street, Suite 1990
Cincinnati, OH  45202
Tel.  (513) 721-1311
Fax  (513) 721-2553

So Ordered:  _S/MBoston, USDJ_

Dated:  6/16/05

1492559-2                    7

**APPENDIX 1**

I have read the Protective Order entered in the action entitled <u>G. Kent Plunkett v. Valhalla Investment Services, Inc. and Eric T. House,</u> USDC (MA) C.A. NO. 04-10765-NG. I understand the terms thereof and agree: (i) to be bound by those terms as if a signatory thereto; (ii) not to reveal Confidential Information to anyone other than another person authorized to receive Confidential Information by paragraph 6 of the Protective Order; and (iii) to use Confidential Information solely for purposes of this litigation. I further understand that violation of this Undertaking may be punishable as a contempt of the Court and may be punishable in a Court of Law.

_____
(Date)

_____
(Signature)

_____
Name (Print)

_____
_____
Business Address (Including Name of Employer, if any)

_____
Home Address

LIT 1502813v1

1492559-2                               8