UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| G. KENT PLUNKETT,<br><br>    Plaintiff,<br><br>vs.<br><br>VALHALLA INVESTMENT<br>SERVICES, INC., et al.<br><br>    Defendants. | CIVIL ACTION NO.: 04 CV 10765 NG<br><br>DEFENDANTS VALHALLA<br>INVESTMENT SERVICES, INC.<br>AND ERIC T. HOUSE'S RESPONSE IN<br>OPPOSITION TO PLAINTIFF'S<br>MOTION TO COMPEL |

    Now come Defendants Valhalla Investment Services, Inc. and Eric T. House, by and through counsel, and requests this Court to deny Plaintiff's Motion to Compel. Plaintiff is seeking this Court's assistance in continuing his fishing expedition. Plaintiff's Motion to Compel is not timely and is disingenuine at best. Plaintiff's Motion is replete with factual errors and misrepresentations, and should be denied.

    First, Plaintiff argues that Defendants provided "only limited amount of documents." What Plaintiff fails to do is inform this Court that Defendants have turned over more than one thousand pages of documents. In fact, with a recent exchange, the tally is up to 1268 pages of documents.

    Second, Plaintiff argues that Defendants provided incomplete documents related to Plunkett and/or Valhalla. This is absolutely false, and Plaintiff's counsel has failed to ever provide specific information related to missing documents. Defendants provided all gain/loss reports and monthly statements that were in their possession related to Plunkett and the hedge

fund. These Defendants cannot be required to provide documents that are not in their possession.

Turning to the specific requests to which Defendants objected, a review of each one supports Defendants' contention:

**First Request for Production of Documents**

    1) Document Requests 14, 15, and 16 essentially seek all documents concerning any client of the Defendants. The requests are simply the same question masked in different language. Such a request is overly broad by its very nature.

    2) Document Request 17 was objected to by Defendants, but documents in the Defendants' possession were provided over the objection. Hence, there are no additional documents responsive to this request.

    3) Document Request 19 was objected to by Defendants, but documents in the Defendants' possession were provided over the objection. Hence, there are no additional documents responsive to this request.

    4) Document Requests 21 and 25 are nothing more than a rehashing of Document Requests 15 and 16. Again, Plaintiff is seeking every document concerning any client of the Defendants. Such a request is overly broad by its very nature.

    5) Document Request 26 seeks audit reports for the years 2000 through 2003. There would be no basis for requesting audit reports since such reports would not contain any information related to the claims being made by Plaintiff.

**Second Request for Production of Documents**

    1) Document Request 1 involves all documents ever issued by Defendants related to marketing. This request also seeks information related to a non-party Valhalla

2

    Investment Advisory, Inc. Plaintiff's claims are based on the allocation of gains and losses among or between his own account and the account of the hedge fund. Documents related to marketing have nothing to do with such claims.

2)    Document Request 7 involves an attempt to determine how much Defendants, as well as a non-party, received in revenues or generated by the services provided to all clients. Such information is immaterial to the claims being made by Plaintiff for improper allocation of gains and losses. There is no claim being made for churning, nor can such a claim be made since revenues were not generated based on each trade.

3)    Document Request 8 seeks all tax returns for Valhalla Investment Advisory, Inc. and the Valhalla Venture Fund. As far as the hedge fund is concerned, all tax returns have been provided prior to when Plaintiff filed his motion to compel. As for Valhalla Investment Advisory, Inc., this entity is not a party to this litigation. Such a request violates the due process rights of that non-party.

4)    Document Request 10 seeks all trading records by Defendants for every client. The request also seeks documents from a non-party. This is no different than prior requests where Plaintiff attempts to continue on his fishing expedition in a vain attempt justify his claims. The documents provided to date, namely the monthly statements and gain/loss reports for the hedge fund clearly show that no improper allocation of gains and/or losses was ever made by Defendants.

5)    Document Request 11 once again seeks documents related to every client of Defendants, as well as documents relating to a non-party.

Plaintiff attempts to argue that the documents are all related and will assist in his attempts to establish his claims. This is far from true. Plaintiff is seeking many thousands of additional documents that will establish nothing more than can be established by what he has already been provided. Specifically, a comparison of the gain/loss reports for Plunkett and for the hedge fund reveals no improper allocation of gains and losses.

Moreover, Plunkett makes a bald statement regarding how Defendants' revenues should be tied to the value of the assets under management. Such a statement is only true in part, and does not take into consideration clients that pay per trade. The statement also overlooks the fact that documents previously provided clearly set forth that no improper allocation of gains and/or losses was ever made between Plaintiff's account and the hedge fund as alleged by Plaintiff.

Plaintiff's request for trading slips is nothing more than duplicative of the information already provided. As it relates to Plunkett and the hedge fund, thousands or trading slips would be involved. If this Court allows Plaintiff to broaden this request to include all trading slips for every client, then the number would easily reach into the tens of thousands. This is clearly unduly burdensome and unduly expensive, especially given the fact that the documents produced to date do not support Plaintiff's claims.

Plaintiff next argues that he is entitled to records to related to all other clients of Defendants based on the response provided to Document Request 4 from the Second Request for Production of Documents. However, Defendants were merely responding to the language of the request. Plaintiff should not be allowed to bootstrap the Defendants into having to turn over all documents related to every client simply by asking such a broad question. Based on Plaintiff's argument, any defendant in any case can be required to turn over every document it ever

received or generated by asking broad questions such as that in Document Request 4. This Court should not allow such activity on the part of Plaintiff.

As it relates to Document Request 18 from the First Request for Production of Documents, Plaintiff has misstated the reason why Defendants objected to sub-section (c) from the revised request. Simply stated, the revised request was the same broad request from the original document that encompassed any complaint by any client of Defendants, even if the complaint was nothing more than a client sending an e-mail stating that he/she was unhappy with certain results. Plaintiff's counsel was told that the request was simply too broad as it was worded. Moreover, the request encompasses possible complaints that are separate, distinct, and unrelated to the claims being made by Plaintiff. For example, state and federal securities laws include a wide range of possible claims such as churning and suitability, among others. While Defendants deny any such claims other than those already identified to Document Request 18(a), such claims are completely unrelated to Plaintiff's claims of misallocation. Such evidence would not be permissible under any evidence rule, and in fact, should be excluded.

## CONCLUSION

While parties are generally allowed broad latitude in discovery, it is not without its boundaries; when requests encompass material that is overly burdensome or completely irrelevant, a trial court is within its discretion to deny such a request. *See, generally, Williams v. Mensey*, 785 F.2d 631 (8th Cir. 1986); *see also Pellegrino v. Janklow*, 90 Fed. Appx. 190 (8th Cir. 2004).

In short, Plaintiff has been provided with sufficient information to support Defendants' position that no improper misallocation of gains and/or losses was made. Plaintiff's requests as a whole seek every document ever received or generated by Defendants as it relates to every client

of Defendants. Most document requests do not even have a time limitation, which contemplates documents from prior to when Plaintiff first invested his money. Hence, Plaintiff's Motion to Compel should be denied.

More importantly, given Defendants' pending Motion to Dismiss, Plaintiff's Motion should be held in abeyance until this Court decides the jurisdictional motion submitted by Defendants.

Nonetheless, should this Court side with Plaintiff, then Defendants should not have to incur the expense and time required to gather and provide the documentation. Under such circumstances, this Court should require Plaintiff to send a representative to Defendants offices to inspect the multitude of documents and to pay for copies of such documents his counsel wishes to obtain.

Respectfully Submitted,

_____
Brian Voke, Esq. (BBO #544327)
CAMPBELL, CAMPBELL, EDWARDS & CONROY, P.C.
One Constitution Plaza, 3rd Floor
Boston, MA 02119
617/241-3042
617/241-5115 – Facsimile

Vincent P. Antaki, Esq. (Pro Hac Vice)
REMINGER & REMINGER CO., L.P.A.
West 7th Street, Suite 1990
Cincinnati, Ohio 45202
513/721-1311
513/721-2553 – Facsimile
**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via Ordinary United States Mail Service this 14th day of November 2005 upon:

H. Joseph Hameline, Esq.
Samuel Davenport, Esq.
Mintz Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
**Attorneys for Plaintiff**

_____
Brian Voke, Esq.
Vincent P. Antaki, Esq.