UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| G. KENT PLUNKETT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: 04 CV 10765 NG |
| | ) | |
| VALHALLA INVESTMENT | ) | |
| SERVICES, INC., et al. | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF G. KENT PLUNKETT'S**
**<u>MOTION TO CONVENE A CASE MANAGEMENT CONFERENCE</u>**

Pursuant to Fed. R. Civ. P. 16 and Local Rules 16.1 and 16.3, plaintiff G. Kent Plunkett ("Plaintiff" or "Plunkett") respectfully requests this Court to hold a case management conference for the purposes of preparing an appropriate discovery plan and narrowing the issues in this case.

As explained below, although the discovery deadline in this case is November 30, 2005, defendants Valhalla Investment Services, Inc. ("Valhalla") and Eric T. House (House) (collectively, "Defendants") have refused to produce documents and information that are necessary for Plunkett to prove his claims. Plunkett has filed a Motion to Compel such information, but no decision has issued on that motion, leaving Plunkett with no choice but to seek such information from third parties, as well as from Defendants. Therefore, until Defendants are ordered to produce such information, and/or until Plunkett obtains such information from third parties, Plunkett cannot as a practical matter proceed with depositions of Defendants' witnesses -- which Defendants' counsel recently rescheduled -- or have his experts conduct a meaningful review of the incomplete documents and information that Defendants have produced.

For these reasons, and further because two attorneys entered their appearance as co-counsel for Plunkett this week, Plunkett respectfully suggests that the most efficient way to address all of the many outstanding issues in this case -- including extending the November 30 fact discovery deadline and fashioning a discovery plan related to additional third-party and deposition discovery -- is to convene a case management conference before this Court. As further grounds for this motion, Plunkett states as follows:

**Background**

*Plunkett's Allegations*

1.    Plunkett filed this case against Defendants in April 2004, alleging that House and Valhalla lost $930,000 of $1,000,000 that Plunkett invested with Defendants. *See generally* Complaint. Specifically, Plunkett's Complaint alleges that based on House's representation that he would invest Plunkett's funds using the same strategy that he used for his other clients and particularly for a hedge fund that House operated through Valhalla known as the Valhalla Venture Fund, Plunkett invested $1,000,000 with House and Valhalla. *Id.* at ¶¶ 7-15. Plunkett further alleges that House later lost more than 90% of Plunkett's investments, even though investors in the Valhalla Venture Fund and House's other customers fared far better. *Id*. The reason for this, according to the Complaint, is that House illegally allocated gains and losses inconsistently among Plunkett and other Valhalla investors -- including investors in the Valhalla Venture Fund -- to shore up investment returns for certain Valhalla clients. *Id.* As a result, other investor's losses were illegally shifted to Plunkett. *Id*.

*Plunkett's Discovery Requests and His Motion to Compel*

2.    To prove his claims that Defendants improperly handled Plunkett's account by illegally allocating losses among their investors, Plunkett requested documents and interrogatory

answers on a number of relevant subjects, including records related to the Defendants' trading activities and strategies, profits and losses sustained by Plunkett and other Valhalla investors, and profits and losses sustained by the Valhalla Venture Fund. Plunkett also served a *subpoena duces tecum* on Bear Stearns Security Corp. ("Bear Stearns"), through which Valhalla conducted its stock trading, requesting similar trading records for accounts traded by Valhalla and House.

3.  In response to Plunkett's discovery requests, Defendants made two important admissions. First, they admitted that "the strategy employed on behalf of Plaintiff was the same strategy employed on behalf of the hedge fund." Defendants' Response to Plunkett's First Interrogatories No. 7. Second, Defendants admitted that "the strategy employed on behalf of Plaintiff was the same strategy employed on behalf of approximately 75% of clients." *Id.* at Interrogatory No. 4.

4.  Despite these admissions, Defendants have refused to produce a great deal of information and documents that Plunkett needs to prove his claims. Such documents include: (1) *Order Tickets* for every stock trade that the Defendants completed on behalf of Plunkett, the Valhalla Venture Fund and the 75% of clients for whom Defendants employed the same trading strategy as they employed for Plunkett; (2) *Blotter Records* for all such trades; and (3) *Confirms* for all such trades. Plunkett needs these documents to confirm whether or not Defendants traded Plunkett's funds using the same strategy that Defendants used in trading for the Valhalla Venture Fund and the 75% of Valhalla clients identified above, and whether such trades were done on an "as of" or "average pricing" basis.

5.  Based on Defendants' refusal to produce such information and documents, Plunkett filed a Motion to Compel, which this Court has not yet ruled upon.

6. Bear Stearns has likewise refused to produce trading records related to Plunkett or Valhalla clients, claiming that Plunkett's *subpoena duces tecum* requires Bear Stearns to produce documents which are equally accessible to Plunkett through Defendants, and which contain confidential financial information.

<em>Plunkett's Attempts to Depose Relevant Witnesses</em>

7. In addition to sending Defendants written discovery requests, Plunkett also notified Defendants that his counsel intended to depose House and other relevant Valhalla employees, including Dot Taylor ("Taylor"), in late September. Due to scheduling conflicts, Plunkett's counsel agreed to reschedule the depositions for House and Taylor to November 10 and, if necessary, November 11. Then, on November 4, Defendants' counsel informed Plunkett's counsel that due to another scheduling conflict, he need to reschedule the depositions of House and Taylor. Plunkett's counsel agreed to accommodate Defendants' counsel, but the parties have not yet agreed on new dates for these depositions. However, as explained above, such depositions would not be productive until the documents Plunkett has requested are produced by Defendants, and subsequent production of documents would require depositions to take place on a piecemeal basis.

8. In addition, the parties have not yet scheduled -- and Defendants have not yet taken -- Plunkett's deposition or the depositions of any witnesses aligned with Plunkett.

**The Need for a Case Management Conference**

9. As explained above, Plunkett needs, at a minimum, four basic types of documents and information in order to prove his claims: (a) *Order Tickets* for every stock trade that the Defendants completed on behalf of Plunkett, the Valhalla Venture Fund and the 75% of clients for whom Defendants employed the same trading strategy as they employed for Plunkett; (b)

4

*Blotter Records* for all such trades; and (c) *Confirms* for all such trades. Without this information, neither Plunkett not his experts can evaluate whether Defendants improperly traded Plunkett's account and misallocated trades among other Valhalla clients, and whether other parties were involved in such conduct.

10. As also explained, Defendants have failed to produce such information and documents to Plunkett. Moreover, it is necessary for Plunkett to seek such information from other sources, including Bear Stearns and other third-parties involved in Defendants' trading activity so that he is assured of having a complete and accurate set of records needed to fully and fairly present his claims.

11. Finally, as noted above, Richard Gelb and Stamenia Tzouganatos of Gelb & Gelb, LLP in Boston, Massachusetts entered their appearance as counsel for Plunkett yesterday as experts in the area of securities regulation and trades. Mr. Gelb and Ms. Tzouganatos will take on the role of co-counsel for Plunkett in this case, and they therefore will require a short period of time to familiarize themselves with Plunkett's claims and relevant documents.

12. For all of these reasons, Plunkett respectfully maintains both that it is appropriate to extend the November 30, 2005 fact discovery deadline, and that convening a case management conference pursuant to Local Rules 16.1 and 16.3 is the most efficient way to address this issue and the many other open issues in this case. Among the topics that Plunkett respectfully suggests the Court and the parties address at a case management conference are: (a) extending the November 30, 2005 fact discovery deadline to accommodate further third-party discovery and the depositions of Defendants' witnesses; (b) providing the Court with an explanation of Plunkett's claims and why Plunkett needs certain trading records and other information to prove his claims; and (c) preparing an appropriate discovery plan.

13. No party will be prejudiced by the granting of this motion.

14. Defendants' counsel is amenable to extending the fact discovery deadline.

WHEREFORE, in light of the November 30, 2005, discovery deadline and the many outstanding discovery-related issues in this case, Plunkett respectfully requests this Court to convene a case management conference pursuant to Fed. R. Civ. P. 16 and Local Rules 16.1 and L.R. 16.3.

Respectfully submitted,

G. KENT PLUNKETT

By his attorneys,

/s/ Samuel F. Davenport
H. Joseph Hameline, BBO #218710
Samuel F. Davenport, BBO #636958
MINTZ, LEVIN, COHN, FERRIS,
   GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA  02111
Dated:  November 30, 2005        Tel.  (617) 542-6000

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1

I, Samuel F. Davenport, hereby certify that on November 29, 2005, counsel for both parties conferred and attempted in good faith to resolve or narrow the issues addressed in this motion.

/s/ Samuel F. Davenport
Samuel F. Davenport

## **CERTIFICATE OF SERVICE**

      I, Samuel F. Davenport, hereby certify that on this day, I caused a true and accurate copy of the foregoing document to be served upon the following counsel, by complying with this Court's Administrative Procedures for Electronic Case Filing.

| | |
|---|---|
| Brian Voke, Esquire<br>CAMPBELL, CAMPBELL,<br>   EDWARDS & CONROY, P.C.<br>One Constitution Plaza, 3rd Floor<br>Boston, MA  02119 | Vincent P. Antaki, Esquire<br>REMINGER & REMINGER CO., L.P.A.<br>7 West 7th Street, Suite 1990<br>Cincinnati, OH  45202 |

Richard M. Gelb, Esquire
Stamenia Tzouganatos, Esquire
Gelb & Gelb LLP
20 Custom House Street
Boston, MA  02110

                                                /s/ Samuel F. Davenport_____
                                                Samuel F. Davenport

LIT 1551832v.1