United States District Court
District of Massachusetts

```
                                      )
G. KENT PLUNKETT,                     )
                                      )
        Plaintiff,                    )
                                      )   Civil Action No.
        v.                            )   04-10765-NMG
                                      )
VALHALLA INVESTMENT SERVICES,         )
INC. and ERIC T. HOUSE,               )
                                      )
        Defendants.                   )
                                      )
```

MEMORANDUM & ORDER

GORTON, J.

In the present dispute, plaintiff G. Kent Plunkett ("Plunkett") brings an action against Valhalla Investment Services, Inc. ("Valhalla") and Eric T. House ("House") alleging breach of fiduciary duty, violation of Section 10B of the Exchange Act and violation of M.G.L. c. 110A. The defendants move to dismiss for lack of personal jurisdiction and improper venue which Plunkett opposes. Having considered the memoranda in support of and opposition to this pending motion, the Court now resolves it as follows.

I.   **Factual Background**

Plunkett is a resident of the Commonwealth of Massachusetts. Valhalla is an Ohio corporation with a principal place of business in Cincinnati, Ohio. Valhalla is in the business of

employing representatives to make investments on behalf of the company's clients. House is a registered securities representative for Valhalla and is a resident of Ohio.

The complaint alleges that House managed a certain hedge fund at Valhalla. He and Plunkett entered into an agreement whereby Plunkett would invest money with Valhalla to be managed by House utilizing an investment strategy employed by the hedge fund. Plunkett asserts that House breached their agreement by allocating gains and losses inconsistently among Valhalla's investors (with more losses being allocated to Plunkett), causing Plunkett to lose 90% of his investment.

Plunkett filed his complaint on April 15, 2004 alleging three counts. Count One asserts a breach of fiduciary duty based upon the allegation that defendants engaged in the illegal practice of "cherry-picking" by allocating gains and losses inconsistently among Valhalla investors. Plunkett contends that the defendants imposed upon him trading losses to shore up Valhalla investment returns and results in the company's hedge fund. Count Two alleges a violation of Section 10B of the Exchange Act based upon those same factual allegations. Count Three alleges a violation of the Massachusetts Securities law based upon the allegation that defendants made representations to Plunkett concerning their investment strategy and then purposefully acted in a manner which was contrary to those

representations. Plunkett seeks damages, attorney fees, costs and interest.

In the instant case, subject matter jurisdiction is premised upon 28 U.S.C. § 1331 (federal question jurisdiction) and § 1337 (supplemental jurisdiction) as well as diversity of citizenship while venue is premised upon 28 U.S.C. § 1391(a)-(c). The issue before the Court relates to personal jurisdiction and venue.

## II. Legal Analysis

Waiver of certain defenses is addressed at Fed. R. Civ. P. 12(h)(1) which states:

> A defense of lack of jurisdiction over the person, improper, venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

In essence, the rule provides that four of the so-called 12(b) defenses will be waived if neither raised in a responsive pleading or the answer itself. Failure to raise in the initial response results in permanent waiver of the defense, leading Rule 12(h) to be dubbed the "raise or waive" rule. The importance of the rule is to eliminate unnecessary delays in the early stages of a lawsuit by requiring that all Rule 12 defenses be advanced before consideration of the merits of the case. Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment and Allied

Indus. Front, 967 F.2d 688, 691 (1st Cir. 1992).

Notwithstanding the imperative of Fed. R. Civ. P. 12(h)(1), even a defending party who seasonably asserts Rule 12 defenses in his answer may forfeit those defenses by his subsequent actions. Failure to press such defenses after raising them may result in abandonment. See Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 62 (2d Cir. 1999)(holding that, although defendant asserted personal jurisdiction defense in its answer, it forfeited the defense by failing to press it during four years of litigation); In re Complaint of Rationis Enters., Inc. of Pan., 210 F. Supp. 2d 421, 429 (S.D.N.Y. 2002)(holding that participation in litigation for more than one year forfeits right to litigate issue of personal jurisdiction). See also Peterson v. Highland Music, Inc., 140 F.3d 1313, 1318 (9th Cir. 1998)("Rule 12(h)(1) specifies the minimum steps that a party must take in order to preserve a defense."); Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1296-97 (7th Cir. 1993)(finding waiver of personal jurisdiction defense by defendant's conduct, though acknowledging that "the waiver provided for by Rule 12(h) did not occur").

Here, Valhalla and House marginally claimed lack of personal jurisdiction and improper venue in their answer which was filed on July 2, 2004.[1] The defendants then waited until August 25,

---

[1] Defendants' claims were equivocal at best: "Defendants deny for want of knowledge the allegations contained in Paragraph 5 of Plaintiff's Complaint" (which alleged subject matter

2005 before asserting the defense. In the extended interim, defendants 1) participated in a scheduling conference and engaged in a colloquy with the Court with respect to the nature of the case, 2) conducted discovery, 3) consented to Alternative Dispute Resolution, 4) entered into a stipulation and protective order with the plaintiff and 5) moved the Court to allow its Ohio counsel to appear pro hac vice. For all intents and purposes, defendants have abandoned their defense of lack of personal jurisdiction and improper venue.

In Hamilton, the Second Circuit Court of Appeals held that it was not solely the length of time but also the conduct of the defending party throughout the litigation that determined whether that party had forfeited its Rule 12 defenses. 197 F.3d at 61. Among the kinds of conduct the Hamilton Court found relevant in its analysis were participation in discovery and pretrial proceedings and the filing of motions. In the context of the case at bar, defendants have engaged in all of those exercises thus far in this case and have even consented to participation in this Court's Alternative Dispute Resolution program. Defendants cannot now, at this late date, reassert their Rule 12 defenses effectively abandoned by intervening conduct. See Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168 (1939)(holding

---

jurisdiction) and "Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint" (which alleged venue in this Court).

that a defense of lack of personal jurisdiction or improper venue "may be lost by failure to assert it seasonably").

Notwithstanding the forfeiture found by this Court, the result would have been the same upon consideration of the merits of defendants' claims. In order to obtain specific personal jurisdiction in this case, the plaintiff must demonstrate 1) the Massachusetts long-arm statute (for purposes of this motion, M.G.L. c. 223A, § 3(a)) grants jurisdiction over each defendant and 2) the exercise of jurisdiction comports with Constitutional Due Process. Foster-Miller v. Babcock & Wilcox Canada, 46 F.3d 138, 144 (1st Cir. 1995). The plaintiff has demonstrated both.

The First Circuit Court of Appeals has held previously that Massachusetts courts had jurisdiction over defendants under M.G.L. c. 223A, § 3 in factual situations substantially similar to the one presented by this case. See Hahn v. Vermont Law School, 698 F.2d 48 (1st Cir. 1983)(holding that defendant law school was subject to suit in Massachusetts even though it had never maintained any campus, office, bank account, mailing address or telephone listing in Massachusetts and the plaintiff had initiated contact with the law school without prior solicitation). Moreover, the assertion of personal jurisdiction over defendants comports with federal due process requirements because they have minimum contacts with Massachusetts such that the exercise of jurisdiction is in accord with fair play and

substantial justice. See Int'l Shoe v. Washington, 326 U.S. 310, 316 (1945).

With respect to the question of venue, defendants' substantive arguments also lack merit. A substantial portion of the events giving rise to the claim occurred in Massachusetts and, therefore, venue is appropriate. See 28 U.S.C. § 1391(a)(2).

### ORDER

In accordance with the foregoing, Defendants' Motion to Dismiss (Docket No. 15) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 3, 2006