UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2004-10765-hardly


G. KENT PLUNKETT,
Plaintiff

V.

VALHALLA INVESTMENT SERVICES, INC.

and

ERIC T. HOUSE,
Defendants

**ORDER ON**

**PLAINTIFF G. KENT PLUNKETT'S MOTION
TO COMPEL DOCUMENTS AND INTERROGATORY
ANSWERS FROM DEFENDANTS VALHALLA
INVESTMENT SERVICES, INC. AND ERIC T. HOUSE
(Docket # 26)**


ALEXANDER, M.J.

This case is currently before this Court on plaintiff G. Kent Plunkett's

motion to compel defendants Valhalla Investment Services, Inc., and Eric T.

House (collectively, "Valhalla") to provide more complete answers to Mr.

Plunkett's first and second requests for the production of documents and first and

second sets of interrogatories. More specifically, Mr. Plunkett seeks documents

responsive to request numbers 14, 15, 16, 17, 18, 19, 21, 25, and 26 from his first request for the production of documents and to request numbers 1, 4, 7, 8, 10 and 11 from his second request for the production of documents.  He also seeks more complete answers to interrogatory 7 from his first set of interrogatories and interrogatories 1 and 4 from his second set of interrogatories.  For the reasons set forth more fully below, the Court ALLOWS IN PART and DENIES IN PART Mr. Plunkett's motion.

This case involves claims by Mr. Plunkett that Valhalla mishandled money that Mr. Plunkett invested with Valhalla.  Mr. Plunkett alleges that he invested money with Valhalla on the basis of representations by Valhalla that it would employ the same, successful, investment approach and strategy in managing Mr. Plunkett's funds that Valhalla had employed with respect to Valhalla's hedge fund, the Valhalla Venture Fund ("the hedge fund").  According to Mr. Plunkett, however, Valhalla failed to live up to its promise, losing more than 90% of Mr. Plunkett's investment.  Other investors, apparently, fared better, and Mr. Plunkett asserts that Valhalla "illegally allocated gains and losses inconsistently among Plunkett and other Valhalla investors . . . to shore up investment returns for certain Valhalla clients."  Plaintiff G. Kent Plunkett's Motion to Compel Documents and Interrogatory Answers from Defendants Valhalla Investment Services, Inc. and

Eric T. House at 3. Mr. Plunkett's discovery requests therefore seek, to a large extent, information related to Valhalla's investment strategies and to Valhalla's other clients' investments.

Valhalla denies Mr. Plunkett's allegations and has resisted providing certain information sought by Mr. Plunkett. As the objecting party, Valhalla bears the burden of demonstrating why it should not be compelled to produce the requested discovery. E.g., Ferrara & DiMercuni Inc. v. St. Paul Mercury Ins. Co., 173 F.R.D. 7, 13-14 (D. Mass. 1997). Valhalla's opposition to Mr. Plunkett's motion, which contains virtually no legal support for its position, hardly meets this burden. On the other hand, Mr. Plunkett's motion is equally lacking in legal authority, other than that discussing the scope and obligations of discovery in general.

In response to one of Mr. Plunkett's first interrogatories, Valhalla stated that the strategy it employed on behalf of Mr. Plunkett was the same strategy that it employed with respect to the hedge fund. Valhalla also stated that the strategy was also employed on behalf of approximately 75% of Valhalla's other clients. Mr. Plunkett asserts, and the Court agrees, that he is therefore entitled to information concerning the investment strategy employed by Valhalla on behalf of both Mr. Plunkett and Valhalla's other clients. Mr. Plunkett's first document requests 14, 15, 16, 17, 19, 21 and 25; second document requests 4, 10, 11; and

3

first interrogatory 7 seek such information.  To the extent the information sought in these requests and this interrogatory has not yet been produced,[1] it must be, with one caveat.  As Valhalla notes, Mr. Plunkett's requests do not include any time limitation.  Nothing in Mr. Plunkett's motion suggests a reason why Mr. Plunkett might need documents relative to any time period other than the period during which he had money invested with Valhalla.  Therefore, Valhalla need only produce documents from that time period.[2]

Mr. Plunkett also seeks document, in his first document request number 18, concerning any complaints, claims, or demands against Valhalla by any of Valhalla's clients, past or present, that Valhalla violated state or federal securities laws.[3]  Valhalla objects on the basis that the request is overly broad and encompasses "any complaint by any client . . . even if the complaint was nothing

---

[1]Valhalla asserts that it has already produced all documents in its possession responsive to first requests 17 and 19.

[2]Nothing in either parties' papers indicates what that time period is, however, and the Court must therefore rely on the parties to reach an agreement as to the relevant period.

Additionally, the Court does not agree with Mr. Plunkett, on the basis of the record currently before it, that Mr. Plunkett need know the identity of Valhalla's other clients.  If Valhalla is concerned about protecting its clients' confidentiality, it should redact any identifying information from the information to be produced.

[3]The request also sought documents concerning claims that Valhalla had breached its fiduciary duty or had misallocated clients' gains or losses.  Valhalla has already stated that it has no documents responsive to those portions of the request.

more than a client sending an e-mail stating that he/she was unhappy with certain results." Defendants Valhalla Investment Services, Inc. and Eric T. House's Response in Opposition to Plaintiff's Motion to Compel at 5. The request is clearly not that broad. Mr. Plunkett seeks only documents concerning claims that Valhalla violated state or federal securities laws. Such a request would not encompass the type of documents suggested by Valhalla, e.g., a communication from a client that states nothing more than that the client is unhappy. The documents requested by Mr. Plunkett must therefore be produced.

Valhalla has also failed to provide any sound objection to Mr. Plunkett's first request 26 and second requests 7 and 8 other than that second requests 7 and 8 seek, *inter alia*, information from a non-party, Valhalla Investment Advisory. Valhalla need not produce documents on behalf of Valhalla Investment Advisory, but otherwise must produce the requested documents.[4]

Finally, the Court does not agree with Mr. Plunkett, on the current record, that the remaining requests and interrogatories seek relevant information. Mr. Plunkett has put forth no asseverations that convince this Court that he needs to know the identity of Valhalla's other clients, as requested in second interrogatories

---

[4]On the record before it, the Court is unable to determine what relationship Valhalla Investment Advisory has to Valhalla Investment Services, Mr. House or the hedge fund.

1 and 4, and his motion to compel such information is therefore denied.  Mr.

Plunkett's motion is also denied as to second request 1.

**Conclusion**

For these reasons, the Court ALLOWS IN PART and DENIES IN PART

Plunkett's motion to compel.

SO ORDERED.

  1/12/2006                                        JOYCE LONDON ALEXANDER
   Date                                              United States Magistrate Judge

6