UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

G. KENT PLUNKETT,           )
    Plaintiff,              )
                             )
  vs.                        )   CIVIL ACTION NO.: 04 CV 10765 NG
                             )
VALHALLA INVESTMENT         )
SERVICES, INC., et al       )
    Defendants              )
                             )

---

## EXPERT REPORT OF IVAN GELFAND

1. I have been retained by the defendant, Valhalla Investment Services, Inc. and Eric House, as an expert witness in this action.

Relevant Expertise

2. My biography is attached to this report as Exhibit A.

3. My compensation for my services in this action is $200.00 per hour.

4. I have testified in the following cases (in arbitration or deposition) during the past 5 years, as set forth in Exhibit B.

1

## Materials Reviewed

5.  I have considered the following materials in connection with my analysis of this case:

    - Plaintiff's Complaint

    - Answer of Defendants

    - Documents exchanged during discovery, including

        a. Record of Deposit/Withdrawal

        b. Initial account application and other account documents

        c. Account statements for Kent Plunkett

        d. Trade confirmations for Kent Plunkett

        e. Gain/loss reports for the Valhalla Venture Fund

        f. Gain/loss reports for Kent Plunkett

        g. Account statements for the Valhalla Venture Fund

        h. Tax returns for Valhalla Investment Advisory Services, Inc for years 2000-2003

        i. Audit statements for the Valhalla Venture Fund for years 2000-2003

        j. Spreadsheet showing a comparison of gains/losses between Plunkett and the Hedge Fund for similar trades

        k. Expert report of Plaintiff's Expert Howard G. Berg.

6. Account statements of 10 customers from various points between February, 2000 and November, 2003.

7. Spreadsheet of account activity of Valhalla Venture Fund, G. Kent Plunkett and 2 customer accounts (other customer accounts to be furnished).

Information and Opinions

8. The defendant, Eric House, is the owner and president of Valhalla Investment Advisory, Inc., a registered representative.. Mr. House is a manager whose clients are individuals. He also is the manager of a hedge fund, Valhalla Venture Fund.

9. Mr. G. Kent Plunkett, the plaintiff, an individual, opened an individual discretionary account with Valhalla Investment Advisory, Inc., and managed by Eric House. This account was opened on March 19, 2000; and trading began in the account on March 23, 2000.

10. The plaintiff has taken legal action against the defendant on the basis that he, the defendant, was "cherry picking" gains and losses to the defendant's advantage. "Cherry picking" is the procedure of the distribution of gains and losses from individual trades in a disproportionate manner, and not equal, to the various accounts (including the plaintiff's and other individuals, and the hedge fund).

11. The plaintiff, on March 17, 2000 completed a new account form as an individual. He listed his <u>investment objective</u> for this discretionary managed account as <u>speculation</u>. The definition of speculation is – to assume a business risk in hope of gain;

3

especially: to buy or sell in expectation of profiting from market fluctuations (Webster's Dictionary). In addition, the plaintiff listed his investment experience (in years) as 10 years for stocks/bonds and 1 year for options. In addition, the plaintiff listed in his signed Options Information Form and Agreement that he had extensive activity (past experience) in the stocks/bonds area (10 years experience) and extensive activity (past experience) in the options area (1 year experience). In other words, the plaintiff was not an amateur when it came to speculating in the stock and options markets. During the several year periods when the defendant was trading his account, the plaintiff received monthly statements. The plaintiff could have closed his account with the defendant at any time. Again, the plaintiff was not an amateur in the securities area. This was a speculative account and not a gambling account.

12. The years that this account was active, the stock market was in a major downturn. The plaintiff opened his account with the defendant at the height of the downturn. On average, the most conservatively managed stock account had declined in value from 20% to 30%. It was not unusual for speculative stock accounts to have declined 50% to 90%. The plaintiff's account declined 93%.

13. The defendant, as a registered representative, acted in a responsible and fiduciary capacity in managing the plaintiff's account. The defendant acted according to the instructions of the plaintiff, especially in a difficult stock market.

14. As to the plaintiff's complaint that the defendant "cherry picked" profits and losses from the plaintiff's or other manager accounts, (to the disadvantage of the plaintiff's account), a preliminary analysis of other individual accounts showed that the decline in market value was generally consistent amongst all. In other words, the overall account decline appears to correlate between the plaintiff's account, the Valhalla Venture Fund, and the other representative individual accounts. Specifically, during the period in question, the plaintiff's account declined 93%, the Valhalla

Venture Fund (hedge fund) declined 93%; and one managed individual account declines 92%; while another managed individual account declined 88%. There will be further evidence of similar results from other individual managed account documents as they are forthcoming and reviewed.

In conclusion, these are my preliminary opinions. Any additional information or documents provided can add to these opinions.

_____
Ivan Gelfand

Venture Fund (hedge fund) declined 93%; and one managed individual account declines 92%; while another managed individual account declined 88%. There will be further evidence of similar results from other individual managed account documents as they are forthcoming and reviewed.

In conclusion, these are my preliminary opinions. Any additional information or documents provided can add to these opinions.

                                                Ivan Gelfand

5